**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 18-2421-JFW(Ex)**                                                    Date:  April 4, 2018

Title:         Broidy Capital Management, LLC, et al. -v- State of Qatar, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                          **None Present**
   **Courtroom Deputy**                        **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                 None                                          None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER AGAINST DEFENDANTS; (2) ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION; AND (3) ORDER GRANTING EXPEDITED DISCOVERY [filed 4/2/18; Docket No. 31]**

   On April 2, 2018, Plaintiffs Broidy Capital Management LLC ("BCM"), Elliott Broidy ("Broidy"), and Robin Rosenzweig ("Rosenzweig") (collectively, "Plaintiffs") filed an Ex Parte Application for (1) Temporary Restraining Order Against Defendants; (2) Order to Show Cause for Preliminary Injunction; and (3) Order Granting Expedited Discovery ("Application").  On April 3, 2018, Defendant State of Qatar ("Qatar") filed its Opposition.  On April 4, 2018, Plaintiffs filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

   The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public's interest.  *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008); *see also Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit's "serious questions" approach survived Winter when applied as part of the four-element Winter test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).  In other words, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the [movant] can support issuance of a preliminary

injunction, so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

Moreover, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A party faces an exceedingly high burden when seeking such relief on an ex parte basis. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures").

After reviewing Plaintiffs' Application, the Court concludes that Plaintiffs have not made a sufficient showing for the issuance of a Temporary Restraining Order or the issuance of an Order to Show Cause. As an initial matter, the Court has serious concerns as to whether it has subject matter jurisdiction over this case with respect to Qatar. In addition, although Plaintiffs contend that they have now properly served Qatar, they admit that they have not yet properly served Nicolas Muzin ("Muzin"). Thus, the issue of personal jurisdiction has not yet been fully resolved.[1]

Moreover, even assuming subject matter and personal jurisdiction exists, the Court concludes that Plaintiffs have failed to demonstrate a likelihood of success on the merits. Plaintiffs have demonstrated that as early as December 27, 2017, Rosenzweig's Gmail account was compromised when she received an email masquerading as a Gmail security alert and was misled into providing her log-in credentials in response to the email. Plaintiffs have also established that, beginning on or around January 16, 2018, Broidy's and five other BCM employees' corporate email accounts were accessed without authorization, or hacked, and that this unauthorized access continued from approximately January 16, 2018 through February 25, 2018. Following the unauthorized access of the BCM corporate email accounts, various emails and documents that purportedly belong to Plaintiffs have been disseminated to various media outlets. Plaintiffs allege that the "hackers have carefully curated different collections of materials and distributed those collections to different reporters at carefully selected moments" in order to ensure maximum, staggered coverage and maximum damage to Plaintiffs' reputations. The dissemination of these emails and documents to various media outlets has resulted in numerous news stories about Plaintiffs in February and March of 2018, including news stories published by the *Huffington Post*, the *Wall Street Journal*, the *New York Times*, the BBC, Al Jazeera, and the *Associated Press*. *See generally* April 2, 2018 Declaration of Lee Wolosky and Exhibits 1, 3-6, and 8-12.

Although these facts are not seriously disputed, Plaintiffs have failed to provide admissible evidence demonstrating that any of the defendants – Qatar, Muzin, or Muzin's company, Stonington Strategies LLC ("Stonington") (collectively, "Defendants") – are responsible for the unauthorized access of Plaintiffs' email accounts or that any of the Defendants are in possession of or are responsible for disseminating the allegedly illegally-obtained emails and documents to

---

[1] In its Opposition, Qatar argues that it must be dismissed from this action because both subject matter and personal jurisdiction are lacking. In the unlikely event the parties are unable to resolve these issues, they should be promptly raised with the Court in accordance with the Local Rules and the Court's March 27, 2018 Standing Order.

various media outlets.  Although Plaintiffs have presented evidence that the computers used to access Plaintiffs' email accounts have IP addresses registered to physical locations in London, the Netherlands, and Doha, Qatar, Plaintiffs have failed to demonstrate where the computer in Doha, Qatar, a city with a population between 1.3 and 1.5 million people, was located[2] or that the computer (or the individual doing the hacking) had any relationship with the government of Qatar.  In addition, Plaintiffs rely primarily on three vague and cryptic conversations (on February 27, 2018, March 5, 2018, and March 8, 2018) that Muzin allegedly had with Joel Mowbray ("Mowbray"), a long-time friend of Broidy, in an effort to establish Muzin's and Stonington's involvement in these events.  Although the conversations between Muzin and Mowbray establish that Muzin was aware that various members of the press were investigating and planning to publish stories regarding Plaintiffs, Plaintiffs have failed to demonstrate how Muzin obtained that information.  Although Plaintiffs argue that Muzin was privy to that information because he was involved in the unauthorized access of Plaintiffs' email accounts and the dissemination of the allegedly illegally obtained emails and documents, Plaintiffs have failed to provide any evidence to support their argument.  Based on the record before the Court, it appears just as likely that Muzin became aware of the press's interest in Plaintiffs through his own conversations with various reporters and members of the press.

      Accordingly, Plaintiffs' Application is **DENIED**.  If Plaintiffs wish to pursue their request for injunctive relief, they may do so by way of a regularly-noticed motion.  If Plaintiffs wish to pursue their request for expedited discovery, they may do so before the Magistrate Judge.

      IT IS SO ORDERED.

---

[2]  For example, the computer could have been located in a foreign embassy, a private residence, a commercial internet café, or a server hub that simply re-routes internet activity from outside the country.