COVINGTON & BURLING LLP
Mitchell A. Kamin (Bar No. 202788)
  mkamin@cov.com
Neema T. Sahni (Bar No. 274240)
  nsahni@cov.com
Mark Y. Chen (Bar No. 310450)
  mychen@cov.com
Rebecca G. Van Tassell (Bar No. 310909)
  rvantassell@cov.com
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

*Attorneys for Defendant State of Qatar*

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>    Defendants. | Civil Case No.:<br><br>2:18-CV-02421-JFW-(Ex)<br><br>[**Assigned to Hon. John F. Walter**]<br><br>**JOINT STATEMENT REGARDING LOCAL RULE 7-3 PRE-FILING CONFERENCE ON DEFENDANTS' INTENTION TO FILE MOTIONS TO TEMPORARILY STAY ALL DISCOVERY**<br><br>Complaint Filed:  March 26, 2018 |

In accordance with Section 5(b) of this Court's Standing Order, this is the joint statement of Plaintiffs Broidy Capital Management LLC and Elliott Broidy ("Plaintiffs"), Defendant State of Qatar ("Qatar"), and Defendants Nicolas Muzin and Stonington Strategies (collectively, "Stonington Defendants," and together with Qatar, "Original Defendants")[1] regarding the parties' pre-filing conference of counsel pursuant to Local Rule 7-3.

I.      Factual Background

The parties' initial Local Rule 7-3 conference took place via teleconference at 8:00 a.m. Pacific Time on April 26, 2018—prior to Plaintiffs' filing of the First Amended Complaint on May 24, 2018.  Amy L. Neuhardt and Robert J. Dwyer of Boies Schiller Flexner LLP participated on behalf of the Plaintiffs.  Mitchell A. Kamin, Jonathan Gimblett, Neema T. Sahni, and Rebecca Van Tassell of Covington & Burling LLP participated on behalf of Defendant Qatar.  Stephen J. Obermeier, Matt Gardner, and Rebecca Fiebig of Wiley Rein LLP participated on behalf of the Stonington Defendants.  The teleconference lasted approximately thirty minutes.

Following that teleconference, counsel for Qatar circulated a draft L.R. 7-3 Joint Statement that same day to all parties.  Plaintiffs then alerted Original Defendants by e-mail on April 27, 2018 that they intended to amend their Complaint.  Thereafter, the parties, by and through their respective counsel, had a further meet-and-confer teleconference on April 30, 2018 to discuss Plaintiffs' plans for amending the Complaint.  Over the next few days, the parties exchanged additional e-mails in order to negotiate a stipulated schedule for filing and responding to Plaintiffs' forthcoming amended

---

[1] In the First Amended Complaint dated May 24, 2018, Plaintiffs named the following additional defendants in this litigation:  Global Risk Advisors LLC, Kevin Chalker, David Mark Powell, Mohammed Bin Hamad Bin Khalifa Al Thani, and Ahmed Al-Rumaihi.  These new defendants are not party to the motion the Original Defendants seek to file.

1

JOINT STATEMENT REGARDING LOCAL RULE 7-3 PRE-FILING CONFERENCE ON
DEFENDANTS' INTENTION TO FILE MOTIONS TO TEMPORARILY STAY ALL DISCOVERY

complaint, for a limited stay of discovery through June 4, 2018, and for filing further motions to stay discovery thereafter. Their agreed-upon schedule was filed as a stipulation on May 4, 2018, and entered as an order by the Court on May 7, 2018. Dkts. 45, 46.

The Court's May 7, 2018 Order states that "[a]ny motions for a further stay of discovery may be filed on or after June 4, 2018, with any oppositions to be filed 7 days thereafter, and any replies filed no later than 7 days after the filing of any such opposition." On May 28, 2018, Defendant Qatar and the Stonington Defendants each notified Plaintiffs by e-mail that they would be moving for a further discovery stay on June 4 in accordance with the May 7, 2018 Order, in each case, on the same grounds as those raised by Qatar and the Stonington Defendants, respectively, at the parties' initial April 26 L.R. 7-3 conference.

## II. The Parties' Positions on Defendants' Motions to Temporarily Stay All Discovery

At the April 26 conference, Defendant Qatar informed Plaintiffs that it would be filing a motion to temporarily stay all discovery in this matter—including discovery directed to the Stonington Defendants and third parties—pending a decision on Qatar's then-forthcoming Motion to Dismiss.[2]

---

[2] The parties conferred on that motion as well at the April 26 conference, as well as on the Stonington Defendants' separate motion to dismiss. Specifically, Qatar explained it would move to dismiss the Complaint on the grounds that (1) subject matter jurisdiction and personal jurisdiction is lacking as to Qatar because Qatar is immune from suit under the Federal Sovereign Immunities Act, and (2) the Complaint does not plausibly allege that the government of Qatar perpetrated the purported hack underlying each of Plaintiffs' substantive causes of action. The Stonington Defendants stated they would also be moving to dismiss on subject matter and personal jurisdictional grounds, for improper venue, and because the Complaint lacks specific allegations that the Stonington Defendants accessed Plaintiffs' computers, unlawfully obtained any e-mails, and/or disseminated hacked or forged e-mails to third parties.

Qatar explained its position that courts, including in this District, are in accord that when a foreign sovereign raises a threshold jurisdictional challenge on sovereign immunity grounds, discovery may be properly stayed.  Limited jurisdictional discovery may be permitted where absolutely necessary, but that is not the case here as the jurisdictional defects Qatar intends to raise are clear from the face of the Complaint.

Qatar further explained its position that discovery should be stayed not only as to it, but also as to the other Defendants and third parties.  Any such discovery necessarily implicates Qatar's interests and its consular immunities under the Vienna Convention, thus requiring Qatar to involve itself in discovery to protect those interests and immunities.

The Stonington Defendants informed Plaintiffs they would be filing a similar motion to stay, in particular because the personal and subject matter jurisdiction issues as to such Defendants are substantial.  In light of the jurisdictional issues—which the Court has already identified as significant—the Stonington Defendants do not see any reason why discovery responses by them or any third party should be due while those issues remain unresolved.

Plaintiffs disagreed with Defendants' position that the Vienna Convention protects from disclosure documents belonging to lobbyists and other non-party U.S. nationals and that a complete stay of discovery is therefore warranted here.  Plaintiffs further stated they would oppose any motions seeking a temporary stay.  They believe that this Court's standing order instructs the parties to begin conducting discovery before the Rule 26(f) conference, and the Court directed the parties in this case to follow that order even after it

---

Both Qatar and the Stonington Defendants anticipate moving to dismiss the First Amended Complaint ("FAC") in accordance with the schedule set forth in the Court's May 7, 2018 Order, in each case, on grounds similar to those discussed by the parties at the April 26 conference.  In accordance with Local Rule 7-3, Original Defendants will separately confer with Plaintiffs on those likely motions in accordance with the timetable set forth in that rule.

had been made aware of Defendants' jurisdictional challenges.  In addition, Plaintiffs stated they are entitled to jurisdictional discovery.  Plaintiffs further explained that discovery is necessary to their motion for injunctive relief, which the Court invited them to file, and the sooner they can enjoin any further dissemination and publication of news stories based on the stolen e-mails, the better.

      Following the parties' April 26 conference and their agreement on a limited discovery stay through June 4, Plaintiffs filed their FAC on May 24, 2018.  After reviewing the FAC, Qatar and the Stonington Defendants separately alerted Plaintiffs that, as contemplated by the Court's May 7, 2018 Order, they would be seeking a further stay of all discovery on June 4 on the same grounds as those discussed at the initial conference, thereby confirming their respective intentions to also move to dismiss the FAC.  Plaintiffs have not changed their positions on Original Defendants' requests for a further stay.

| Dated:  May 31, 2018 | COVINGTON & BURLING LLP |
|---|---|
| | By:  */s/ Mitchell A. Kamin* |
| | Mitchell A. Kamin |
| | Email:  mkamin@cov.com |
| | 1999 Avenue of the Stars, Suite 3500 |
| | Los Angeles, CA 90067-4643 |
| | Telephone: + 1 424-332-4800 |
| | Facsimile: + 1 424-332-4749 |
| | |
| | *Attorneys for Defendant State of Qatar* |
| Dated:  May 31, 2018 | BOIES SCHILLER FLEXNER LLP |
| | By:  */s/ Lee S. Wolosky* |
| | Lee S. Wolosky |

Email:  lwolosky@bsfllp.com
Robert J. Dwyer
Email:  rdwyer@bsfllp.com
575 Lexington Ave., 7th Floor
New York, NY 10022
Telephone: +1 212-446-2300
Facsimile: + 1 212-446-2350

*Attorneys for Plaintiffs*

Dated:  May 31, 2018              WILEY REIN LLP

By:   */s/ Matthew J. Gardner*
Matthew J. Gardner
Email:  mgardner@wileyrein.com
1776 K Street NW
Washington, DC  20006
Telephone: +1 202-719-7049

*Attorneys for Defendants Nicolas D. Muzin and Stonington Strategies LLC*

JOINT STATEMENT REGARDING LOCAL RULE 7-3 PRE-FILING CONFERENCE ON
DEFENDANTS' INTENTION TO FILE MOTIONS TO TEMPORARILY STAY ALL DISCOVERY

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

DATED: May 31, 2018                COVINGTON & BURLING LLP

                                            /s/ *Mitchell A. Kamin*
                                            Mitchell A. Kamin