ALLAN E. ANDERSON (SBN 133672)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email:   Allan.Anderson@arentfox.com

CRAIG ENGLE
**ARENT FOX LLP**
1717 K Street NW
Washington, D.C. 20006
Telephone: (202) 857-6000
Email:   Craig.Engle@arentfox.com

Attorneys for Joseph Allaham

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC, ELLIOTT BROIDY, and ROBIN ROSENZWEIG,<br><br>                    Plaintiffs,<br><br>        v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICHOLAS D. MUZIN, and DOES 1-10,<br><br>                    Defendants. | CASE NO. 2:18-CV-02421-JFW-E<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM JOSEPH ALLAHAM**<br><br>Date: July 13, 2018<br>Time: 9:30 a.m.<br>Courtroom: 750<br><br>**Judge:         John F. Walter**<br>**Magistrate:   Charles F. Eick** |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO QUASH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs BROIDY CAPITAL MANAGEMENT LLC, ELLIOTT BROIDY, and ROBIN ROSENZWEIG's (together, "Plaintiffs") subpoena for the production of documents from Joseph Allaham (the "Subpoena") amounts to an improper shotgun approach during discovery. It seeks irrelevant documents from Joseph Allaham (the "Moving Party"), who is not a party to this action, at an extremely early stage in this litigation and is therefore unduly burdensome and oppressive. Mr. Allaham has no choice but to protect his rights through this Motion.

Essentially, Plaintiffs seek copies of all communications and documents related to such communications dated May 1, 2017 to the present (including undated responsive documents) regarding:

1. Plaintiffs with the State of Qatar or with its officials, agents, or any persons acting on its behalf, including but not limited to Nicholas D. Muzin;

2. Payments to Mr. Allaham related to his representation of the State of Qatar;

3. Mr. Allaham's retention by the State of Qatar; and

4. One or more of the plaintiffs with agents of the State of Qatar, including (whether registered or unregistered), including individuals or entities associated with, or employed by various enumerated corporate entities.

However, these categories are improper as they seek irrelevant information and are oppressive and unduly burdensome. Therefore, together with the fact that Plaintiffs' subpoena for the production of documents is entirely premature, the Motion should be granted and the Subpoena should be quashed in its entirety.

## II. FACTUAL/PROCEDURAL BACKGROUND

On March 26, 2018, Plaintiffs filed the instant action against Defendants. On

April 27, 2018, Plaintiffs stated their intention to file an Amended Complaint, to which Defendants consented. Plaintiffs filed their Amended Complaint on May 24, 2018.

On May 2, 2018, Plaintiffs served the Subpoena on Mr. Allaham, who is not a party to this action.

## III. ARGUMENT

### A. The Court Has the Power to Quash the Subpoena

Under Federal Rule of Civil Procedure 45, when a subpoena requires the production of documents, this Court, upon a motion made by a party, may quash or modify the subpoena if it "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A). When determining whether the subpoenaed party has been unduly burdened, "the Court should weigh the burden of the subpoenaed party against the requested information's relevance [and the] need of the serving party for the information." *Bryant v. Romero*, 2017 WL 495634, *2 (E.D. Cal. Feb. 6, 2017).

Here, all document requests should be quashed in their entirety because they are premature, unduly burdensome, and seek entirely irrelevant information. Further, the "limited" discovery that has been permitted in this case prior to the Rule 26(f) conference, which is currently scheduled for August 6, 2018, should be interpreted to encompass only that information which is relevant and necessary to Plaintiffs' case.

### B. The Subpoena Amounts to a Premature and Improper Effort to Serve Discovery on a Third Party

Plaintiffs' subpoena for the production of documents is a premature and improper attempt to gain access to information from Mr. Allaham. First, even though Plaintiffs are well-aware that Defendants in this matter intend to file a motion to stay all discovery on Monday, June 4, 2018, Plaintiffs are unwilling to consent to adjourning the time allotted for Mr. Allaham to respond to the subpoena. Further, as Plaintiffs are aware and as Defendants will reiterate in their stay

motions, there are substantial jurisdictional issues that have yet to be resolved, including sovereign immunity with respect to Defendants and personal jurisdiction over Defendants. Since Plaintiffs allege a connection between Mr. Allaham and Defendants, the logical implication is that Mr. Allaham will be impacted by any resolution regarding these jurisdictional issues. Moreover, Plaintiffs have already agreed to stay discovery with respect to Defendants but not with respect to Mr. Allaham. Plaintiffs' refusal to stay discovery with respect to Mr. Allaham amounts to an improper attempt to burden a third party pending the resolution of numerous essential issues. Plaintiffs' attempt to serve discovery on a third party prior to the resolution of Defendants' motion to stay and of these jurisdictional issues is improper.

Second, as the parties have not yet held a Rule 26(f) conference, burdening a third party to produce documents at this time is premature.

Finally, since Plaintiffs' subpoena concerns direct communications between Plaintiffs and the Defendants in this matter, it is unclear as to why Plaintiffs choose to burden Mr. Allaham with multiple requests for communications and related documents when Plaintiffs could seek the same discovery from the primary sources. *See, e.g.*, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (granting nonparty's motion to quash subpoena, and stating specifically that since "plaintiffs have not shown they have attempted to obtain these documents from defendant, the Court finds that, at this time, requiring nonparty KSA to produce these documents is an undue burden on nonparty KSA"); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (finding that "the district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty Allsteel with this ancillary proceeding").

All of the above indicates that by issuing a subpoena for the production of documents from Mr. Allaham at this early stage in the litigation, Plaintiffs are engaging in a blatant and improper attempt to end-run restrictions on seeking

discovery from Defendants and are unduly burdening Mr. Allaham.

### C. The Subpoena Is Unduly Burdensome Because it Seeks Irrelevant Information

This Court has specifically emphasized that "[a]lthough irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." *SCP Pool Corp.,* 232 F.R.D. at 637. Further, courts in this circuit have held that discovery restrictions may be broader when, as is the case here, a nonparty is the target of discovery. *See Dart Industries Co., Inc. v. Westwood Chemical Co. Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (affirming the District Court for the Central District of California's decision to quash subpoena). This Court has also stated that subpoenas requesting documents must be specific and tailored to gaining access to relevant information. *See In re Blunden*, 896 F.Supp. 996, 1000 (C.D. Cal. 1995) (denying motion to quash but acknowledging that "[a]s originally worded, the [movants'] contention that the subpoena is not specific is correct"). Here, all four of Plaintiffs' requests for documents are neither specific enough, nor do they seek relevant information. As a result, these requests should be quashed in their entirety.

## IV. CONCLUSION

Based on the foregoing, the Moving Party respectfully requests the Court grant this Motion as the subpoena is premature, improper, and unduly burdensome on the Moving Party.

Dated: June 1, 2018            **ARENT FOX LLP**

By:/s/ *Allan E. Anderson*
ALLAN E. ANDERSON
CRAIG ENGLE
Attorneys for JOSEPH ALLAHAM