# EXHIBIT 1

1   **BOIES SCHILLER FLEXNER LLP**
    Travis LeBlanc, SBN 251097
2     tleblanc@bsfllp.com
    435 Tasso Street, Suite 205
3   Palo Alto, California 94301
    Phone: (650) 445-6400 /Fax: (650) 329-8507
4
    David K. Willingham, SBN 198874
5     dwillingham@bsfllp.com
    725 S. Figueroa Street, 31st Floor
6   Los Angeles, California 90017
    Phone: (213) 629-9040 /Fax: (213) 629-9022
7
    Lee S. Wolosky (*pro hac vice*)
8     lwolosky@bsfllp.com
    Robert J. Dwyer (*pro hac vice*)
9     rdwyer@bsfllp.com
    575 Lexington Ave., 7th Floor
10  New York, NY 10022
    Phone: (212) 446-2300 /Fax: (212) 446-2350
11
    Amy L. Neuhardt (*pro hac vice*)
12    aneuhardt@bsfllp.com
    1401 New York Avenue, NW
13  Washington, DC 20005
    Phone: (202) 237-2727 /Fax: (202) 237-6131
14
    *Counsel for Plaintiffs*
15

16              **UNITED STATES DISTRICT COURT**
        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
17

18  BROIDY CAPITAL MANAGEMENT          Case No.  2:18-CV-02421-JFW-E
    LLC, ELLIOTT BROIDY, and ROBIN
19  ROSENZWEIG,                        The Honorable John F. Walter

20  Plaintiffs,                        The Honorable Charles F. Eick

21  v.                                 **PLAINTIFFS' FIRST SET OF
                                       REQUESTS FOR PRODUCTION
22  STATE OF QATAR, STONINGTON         OF DOCUMENTS TO
    STRATEGIES LLC, NICOLAS D.         DEFENDANTS NICOLAS D.
23  MUZIN, and DOES 1-10,              MUZIN STONINGTON
                                       STRATEGIES LLC**
24  Defendants.                        _____

25  _____

26          Pursuant to Federal Rules of Civil Procedure 26 and 34 and Paragraph 4(b) of

27  the Court's Standing Order dated March 27, 2018, directing that the parties engage

28  in discovery prior to the Rule 26(f) conference, Plaintiffs hereby request that

1  Defendants Nicolas D. Muzin ("Muzin") and Stonington Strategies LLC
2  ("Stonington" and together with Muzin, "You") produce for inspection and copying
3  all documents responsive to the following individual requests (collectively, "the
4  Requests").  All documents responsive to the Requests shall be produced at the
5  offices of Boies Schiller Flexner LLP, 1401 New York Ave., NW, Washington, DC
6  20005 within thirty (30) days of service of the Requests.

7  **DEFINITIONS**

8      In addition to the definitions set forth in the Federal Rules of Civil Procedure,
9  the following definitions apply to each of the Requests, and are deemed to be
10  incorporated in each of said Requests:

11      1.    The terms "Communication" and "Communications" are defined to
12  include any document, written communication delivered by the United States Postal
13  Service, Federal Express, United Parcel Service, or any other delivery or courier,
14  email, phone call, SMS or text message (including WhatsApp, Signal, or similar
15  encrypted message service), Facebook message, Facebook post, tweet on Twitter,
16  direct message on Twitter, chat or message on any social media platform, and any
17  other means used to convey information from one person to any other person or
18  persons in any form.

19      2.    "Complaint" means the Complaint filed on March 26, 2018, in this
20  action.

21      3.    "Concerning" means relating to, referring to, describing, evidencing or
22  constituting.

23      4.    "Document" is defined to be synonymous in meaning and equal in
24  scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(1)(A).  A
25  draft or non-identical copy is a separate Document within the meaning of this term.

26      5.    "Stonington Strategies LLC" or "Stonington" means the Defendant
27  Stonington Strategies LLC, any of its predecessors or successors in interest, and any

28

-2-

BOIES  SCHILLER  FLEXNER  LLP

1  persons, entities, directors, officers, employees, agents, or subcontractors (including
2  but not limited to Vitello Consulting, Aryeh Shudofsky, Alexander Shively, and
3  Karl Notturno).

4       6.     The "State of Qatar" means the sovereign country so titled and all
5  political, administrative, or legal subdivisions thereof, including but not limited to
6  all agencies or instrumentalities thereof, the Embassy of the State of Qatar in the
7  United States; all elected and appointed officials, employees, agents, consultants,
8  and attorneys thereof; and any other person acting for or on behalf of any of them.

9       7.     "Person" is defined as any natural person or any business, legal, or
10  governmental entity or association.

11       8.     "Published Articles" shall mean any and all articles or stories in the
12  media discussing or referencing any one or more of Plaintiffs Elliott Broidy, Robin
13  Rosenzweig, and Broidy Capital Management LLC that purport to be based on
14  materials obtained from Plaintiffs' electronic files or documents, including but not
15  limited to any such articles or stories that appeared in the *Wall Street Journal*,
16  *Huffington Post*, *Washington Post*, *New York Times*, *McClatchy D.C.*, *Al Jazeera*,
17  *Bloomberg*, *The Associated Press*, CNN, and *Newsweek*.

## INSTRUCTIONS

19       The following instructions apply to each of the Requests and are deemed to be
20  incorporated in each of them:

21       1.     In producing documents, You are requested to produce the original of
22  each document requested together with all non-identical copies and drafts of that
23  document.  If the original of any document cannot be located, a copy shall be
24  provided in lieu thereof, and shall be legible and bound or stapled in the same
25  manner as the original.  In any circumstance in which an agreement is reached to
26  allow the production of copies of documents rather than originals, You shall retain

27
28

-3-

BOIES SCHILLER FLEXNER LLP

1 | all of the original documents for inspection or copying throughout the pendency of
2 | this case, any appeal(s), and any related proceedings.

3 |      2.     Any alteration of a responsive document, including any marginal notes,
4 | handwritten notes, underlining, date stamps, received stamps, endorsed or filed
5 | stamps, drafts, revisions, modifications and other versions of a document is a
6 | responsive document in its own right and must be produced.

7 |      3.     The terms defined above and used in each of the Requests should be
8 | construed broadly to the fullest extent of their meaning in a good-faith effort to
9 | comply with the Federal Rules of Civil Procedure.

10 |      4.     The term "including" shall be construed as "including, but not limited
11 | to."

12 |      5.     The use of the singular form of any word includes the plural, and vice-
13 | versa.

14 |      6.     Where it is necessary to bring within the scope of these Requests
15 | information that might otherwise be construed to be outside their scope, the use of a
16 | verb in any tense shall be recognized as the use of that verb in all other tenses.

17 |      7.     Unless words or terms have been given a specific definition herein,
18 | each word or term used herein shall be given its usual and customary dictionary
19 | definition.

20 |      8.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each
21 | document shall be produced either (a) as it was kept in the usual course of business;
22 | or (b) segregated as responsive to a specific request enumerated in these Requests,
23 | with such specific request identified.

24 |      9.     All hard copy documents shall be produced in a manner that reflects the
25 | file folder, envelope, or other container in which the documents are kept or
26 | maintained and electronically associates those documents together as a document
27 | family.

28 |

BOIES SCHILLER FLEXNER LLP

-4-

10. Documents attached to each other should not be separated.

11. If identical copies of a document are in the possession, custody or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

12. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

13. The fact that a document is in the possession of Plaintiffs, or can be produced by another Person, does not relieve You of the obligation to produce all of Your copies of the same document, even if Your copies are identical in all respects to a document held by another Person.

14. If You make a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

15. Other than redactions of privileged information, documents are to be produced in full and may not be redacted in any manner. If any requested document cannot be produced in full, produce it to the extent possible, and provide the following information with regard to each such document and each portion of such document withheld:

    (a)    the type of document;

    (b)    the general subject matter of the document and each portion withheld;

    (c)    the date of the document;

    (d)    the author(s) of the document and their title(s);

    (e)    the recipient(s) of the document and their title(s); and

    (f)    the basis for withholding each portion of the document that is withheld from production.

-5-

16. If You withhold production of any document or portion of any document responsive to the Requests based upon any privilege, such documents should be included on a privilege log in a form to be agreed upon by the parties that includes the following information:

    (a)    the type of document;

    (b)    the general subject matter of the document and each portion withheld;

    (c)    the date of the document;

    (d)    the author(s) of the document and their title(s);

    (e)    the recipient(s) of the document and their title(s); and

    (f)    the basis for withholding each portion of the document that is withheld from production.

17. The relevant time period for these Requests refer is from May 1, 2017 to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

18. Production will be conducted pursuant to an agreement of the parties or order of the Court governing the format of the production and the media on which production will be made, or in the absence of such agreement or order will be provided in a form to be specified by Plaintiffs.

19. These Requests are continuing and require supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

## DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1

Any and all documents concerning or constituting Communications relating to the bill introduced in the United States Congress known as H.R. 2712 introduced May 25, 2017.

-6-

BOIES SCHILLER FLEXNER LLP

1   **REQUEST FOR PRODUCTION NO. 2**

2       Any and all documents concerning or constituting Communications with any

3   person regarding Your retention by Defendant the State of Qatar.

4   **REQUEST FOR PRODUCTION NO. 3**

5       Any and all documents concerning or constituting Communications regarding

6   Plaintiffs with Defendant the State of Qatar or with its officials, agents, or any

7   persons acting on its behalf.

8   **REQUEST FOR PRODUCTION NO. 4**

9       Any and all documents concerning or constituting Communications with

10  Defendant the State of Qatar or with its officials, agents, or any persons acting on its

11  behalf related to efforts made by You or anyone else on behalf of the State of Qatar

12  with respect to any of the subjects discussed in the Complaint.

13  **REQUEST FOR PRODUCTION NO. 5**

14      Any and all documents concerning or constituting Communications relating

15  to Plaintiffs or Defendant the State of Qatar with:

16          (a) Current or former federal or state governmental officials of the United

17              States, including but not limited to Special Assistant to the President

18              Victoria Coates and former Arkansas Governor Mike Huckabee;

19          (b) Media or press representatives;

20          (c) Morton A. Klein, Rabbi Shmully Hecht, Alan Dershowitz, Malcolm

21  Hoenlein, and Rabbi Shmuley Boteach.

22  **REQUEST FOR PRODUCTION NO. 6**

23      Any and all documents concerning, or constituting Communications with,

24  Ooredoo Q.S.C.

25

26

27

28

B O I E S   S C H I L L E R   F L E X N E R   L L P

**REQUEST FOR PRODUCTION NO. 7**

Any and all documents concerning or constituting Communications related to payments to You relating to Your representation of Defendant the State of Qatar, including the increase in late 2017 of Your monthly fees from $50,000 to $300,000.

**REQUEST FOR PRODUCTION NO. 8**

Any and all documents concerning or constituting efforts to hack or otherwise access without authorization the electronic computers, facilities, accounts, or other electronic information or Communications of Plaintiffs.

**REQUEST FOR PRODUCTION NO. 9**

Any and all documents concerning or constituting Published Articles, whether dated before or after publication.

**REQUEST FOR PRODUCTION NO. 10**

Any and all documents concerning or constituting Communications relating to one or more of Plaintiffs with agents of Defendant the State of Qatar (whether registered or unregistered), including but not limited to individuals or entities associated with, or employed by, Avenue Strategies Global LLC, Ashcroft Law Group, Levick Strategic Communications, Information Management Services Inc., Conover & Gould Strategic Communications, Gallagher Group, McDermott, Will & Emery, Nelson Mullins Riley & Scarborough LLP, Portland PR, Mercury Public Affairs, Bluefront Strategies, Hawksbill Group, Vitello Consulting, Iron Bridge Strategies, Tigercomm LLC, Husch Blackwell Strategies, SGR Government Relations & Lobbying, and Venable LLP.

**REQUEST FOR PRODUCTION NO. 11**

Any and all documents concerning or constituting Communications relating to one or more of Plaintiffs with Corey Lewandowski.

BOIES SCHILLER FLEXNER LLP

1  **REQUEST FOR PRODUCTION NO. 12**

2      Any and all documents concerning or constituting Communications with

3  reporters or media organizations concerning Plaintiffs.

4  **REQUEST FOR PRODUCTION NO. 13**

5      Any and all bank or other financial records reflecting payments to You with

6  respect to Your work or the work of others on behalf of Defendant the State of

7  Qatar, or reflecting payments to others relating to their work on behalf of Defendant

8  the State of Qatar.

9  **REQUEST FOR PRODUCTION NO. 14**

10     Any and all documents concerning or constituting Communications between

11  You and M. Joseph Allaham.

12  **REQUEST FOR PRODUCTION NO. 15**

13     Any and all documents concerning or constituting non-privileged

14  Communications between You and any other person regarding the facts underlying

15  the Complaint.

16

17  DATED:  April 20, 2018          BOIES SCHILLER FLEXNER LLP
                                    AMY NEUHARDT
18

19

20                        By _____

21                           AMY NEUHARDT
                             Attorneys for Plaintiffs
22

23

24

25

26

27

28

BOIES SCHILLER FLEXNER LLP

# EXHIBIT 2



AMY NEUHARDT
Tel.:  (202) 274-1137
E-mail:  aneuhardt@bsfllp.com

April 24, 2018

**BY HAND & FEDEX**

Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

> Re:    **Document Subpoena to Google in the Matter**
> ***Broidy Capital Management et al. v. State of Qatar et al.,***
> **Case No. 18-cv-02421-JFW (C.D. Cal.)**

Sir or Madam:

Enclosed on behalf of plaintiffs Broidy Capital Management LLC, Elliott Broidy, and Robin Rosenzweig ("Plaintiffs") is a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure for the production of documents in the above-referenced action. Google is required to respond to the subpoena no later than fourteen (14) days from the service of this subpoena.

This subpoena seeks metadata and identifying information associated with the following email addresses: "noreply.secureservicealerts@gmail.com"; "donotreply.bbcnews@gmail.com"; "noreply.servicealerts@gmail.com"; "mymail.securealerts@gmail.com"; "noreply.user.secure.services@gmail.com"; "nickmuzin@gmail.com"; "joeyallaham1@gmail.com"; "jdmowbra@gmail.com"; "ericanicolehilliard@gmail.com"; "ebbroidy@gmail.com"; "ebbtide52@gmail.com"; "rbroidy5@gmail.com".

This subpoena also seeks metadata and identifying information associated with the following Google Voice phone number at the designated date and times: (202) 455-8888 on December 27, 2017 at 19:43 to 20:31 UTC.

Most of the email addresses were referenced in our April 19, 2018 letter informing you of the need to preserve documents related to the email addresses. These addresses and the phone number have been associated with wrongful conduct alleged in the referenced litigation or have been targeted by that wrongful conduct.



This subpoena does not seek communications protected by the Stored Communications Act, 18 U.S. Code § 2701, *et seq.* (the "SCA"), but unprotected metadata and identifying information. *See In re Zynga Privacy Litigation*, 750 F.3d 1098, 1104 (9th Cir. 2014) (noting that the "name," "address," and "subscriber number or identity" of a customer are not "contents of communications" protected by the SCA). Plaintiffs do not seek the "contents" of any communication, or "any information concerning the substance, purport, or meaning of that communication." *Id.*

The requests in the subpoena are tailored to categories of documents and information recognized by courts to be discoverable and not protected by the SCA.  For example, the subpoena requests: (1) names and aliases associated with the email account, *see Chevron Corp. v. Donziger*, No. 12-mc-80237 CRB (NC), 2013 WL 4536808, at *10 (N.D. Cal. Aug. 22, 2013); (2) addresses and telephone numbers, *see Obodai v. Indeed, Inc.*, No. 13-80027-MISC EMC (KAW), 2013 WL 1191267, at *4 (N.D. Cal. Mar. 21, 2013); and (3) IP addresses, IP logs, and other usage information, *see Donziger*, 2013 WL 4536808, at *10; *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors*., No. C 12-80242 EJD (PSG), 2013 WL 256771, at *3 (N.D. Cal. Jan. 23, 2013). The subpoena does not seek potentially sensitive information, such as user biographical or medical information.  *See Svenson v. Google Inc*., 65 F. Supp. 3d 717, 729 (N.D. Cal. 2014).

If you have any questions regarding this subpoena, or to obtain instructions on delivering your response electronically, please contact my colleague Josh Friedman at (202) 274-1167 or jfriedman@bsfllp.com.

Sincerely,

 /s/ Amy Neuhardt
Amy Neuhardt
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, D.C. 20005

cc:    VIA FEDEX
       Google Inc.
       C/O Custodian of Records
       1600 Amphitheatre Parkway
       Mountain View, CA 94043

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Central District of California

| | | |
|---|---|---|
| BROIDY CAPITAL MANAGEMENT LLC, ELLIOTT BROIDY, and ROBIN ROSENZWEIG | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:18-cv-02421-JFW (Ex) |
| STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, and DOES 1-10 | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Google, Inc.

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached

| Place: Boies Schiller Flexner LLP<br> 435 Tasso Street, Suite 205<br> Palo Alto, California 94301 | Date and Time:<br><br>05/08/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/24/2018

CLERK OF COURT

                                        OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  /s/ Amy Neuhardt
                                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Broidy Capital Management LLC, Elliott Broidy, and Robin Rosenzweig _____ , who issues or requests this subpoena, are:

Amy Neuhardt; 1401 New York Ave, NW, Washington DC 20005; aneuhardt@bsfllp.com; (202) 274-1137

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:18-cv-02421-JFW (Ex)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC, ELLIOTT BROIDY, and ROBIN ROSENZWEIG, | Case No.  2:18-CV-02421-JFW-E |
| Plaintiffs, | The Honorable John F. Walter |
| | The Honorable Charles F. Eick |
| v. | **PLAINTIFFS' SUBPOENA FOR DOCUMENTS TO GOOGLE** |
| STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, and DOES 1-10, | _____ |
| Defendants. | |

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the documents and things designated herein for inspection at the offices of Boies Schiller Flexner LLP, 435 Tasso Street, Suite 205, Palo Alto, California 94301, within 14 days of service, as provided under the Federal Rules of Civil Procedure.  This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1.     The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*e.g.*, "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

2.      If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

3.      The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

4.      The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(1)(A). The terms "document" and "documents" are defined to include all writings of every kind and all electronically stored information ("ESI"), including but not limited to videos, photographs, sound recordings, images, charts, maps, records, memoranda, correspondence, handwritten or typewritten notes, calendars, diaries, telephone messages, data or data compilations, emails, attachments to emails, instant messages, PowerPoint presentations, spreadsheets, all other writings in hard copy or in electronic form, and all other material stored on computers, computer discs, CDs, DVDs, Blackberry or smartphone devices, tablets, personal digital assistants, USB "thumb" drives, electronic calendars, and telephone systems.

5.      A draft of a non-identical copy is considered a separate document.

6.      The terms "electronically stored information" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).   "ESI" includes data on all servers, including IP addresses, MAC addresses, active data, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

7.      The terms "you" and "your" shall mean and refer to Google, any parent, predecessor, subsidiary, affiliate, successor, member and/or affiliated entities, past or present, of

2

Google and any person or entity, past or present, acting on behalf of Google, including but not limited to, each of its respective present and former officers, executives, partners, directors, employees, attorneys, agents, and/or representatives.

8.      The term "including" shall be construed as "including, but not limited to."

9.      When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address.

10.     Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees; each other person, directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

11.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

12.     Pursuant to Rule 45(e)(1)(a) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was

found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

13.     If you file a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

14.     The time period to which these Requests refer is from May 1, 2017 to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

15.     The term "Email Addresses" means: "noreply.secureservicealerts@gmail.com"; "donotreply.bbcnews@gmail.com"; "noreply.servicealerts@gmail.com"; "mymail.securealerts@gmail.com"; "noreply.user.secure.services@gmail.com"; "nickmuzin@gmail.com"; "joeyallaham1@gmail.com"; "jdmowbra@gmail.com"; "ericanicolehilliard@gmail.com"; "ebbroidy@gmail.com"; "ebbtide52@gmail.com"; "rbroidy5@gmail.com".

16.     The term "Phone Number" means the following at the indicated date and times: (202) 455-8888 on December 27, 2017 at 19:43 to 20:31 UTC.

17.     The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**

Documents sufficient to identify the person or persons who registered the Email Address or Phone Number, including pseudonyms, aliases, subscriber numbers or any other identifying designations of the same person or persons.

**Document Request No. 2**

Documents sufficient to identify the user or users of the Email Address or Phone Number, including pseudonyms, aliases, subscriber numbers or any other identifying designations of the same person or persons, if different from Document Request No. 1.

**Document Request No. 3**

Documents sufficient to identify the physical address, mailing address, associated telephone numbers, or associated email addresses of person or persons identified in Document Requests No.1 and No. 2.

**Document Request No. 4**

Documents sufficient to identify the Internet Protocol addresses used to access the Email Addresses or Phone Number on the date and time of registration and during subsequent usage dates and times.

**Document Request No. 5**

Telephone connection records, forwarding numbers, and billing information for the Phone Number.

**Document Request No. 6**

Computer usage logs, Internet Protocol logs, web server logs, or Documents reflecting other means of recording information concerning the use of or access to the Email Addresses or

Phone Number, including records of session times and durations; length of service and types of services utilized; and device identifiers, including serial numbers, user-agent strings, browser versions, and system versions.

Dated:  April 24, 2018
New York, New York

/s/ Amy Neuhardt
Amy Neuhardt
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email: aneuhardt@bsfllp.com

*Counsel for Plaintiffs*

## <u>Text of Federal Rule of Civil Procedure 45(d) and (e)</u>

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1)    *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2)    *Command to Produce Materials or Permit Inspection.*

(A)    *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)    *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)    At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)    These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)    *Quashing or Modifying a Subpoena.*

(A)    *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)    fails to allow a reasonable time to comply;

(ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)    subjects a person to undue burden.

(B)    *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i)    disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)    disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C)    *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)    shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)    ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

(1)    *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A)    *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B)    *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C)    *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D)    *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that

showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)     *Claiming Privilege or Protection.*

(A)     *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)      expressly make the claim; and

(ii)      describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)     *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC, ELLIOTT BROIDY, and ROBIN ROSENZWEIG, | Case No.  2:18-CV-02421-JFW-E |
| | The Honorable John F. Walter |
| Plaintiffs, | The Honorable Charles F. Eick |
| v. | **PLAINTIFFS' SUBPOENA FOR DOCUMENTS TO JOSEPH ALLAHAM** |
| STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, and DOES 1-10, | _____ |
| Defendants. | |

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the documents and things designated herein for inspection at the offices of Boies Schiller Flexner LLP, 575 Lexington Ave, 7th Floor, New York, NY 10022, within thirty (30) days of service, as provided under the Federal Rules of Civil Procedure.  This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1.      The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*e.g.*, "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

1

2.     The present tense shall be construed to include the past tense and vice-versa. Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

3.     The terms "communication" and "communications" are defined to include any document, snail mail, email, phone call, SMS or text message (including WhatsApp, Signal, or similar encrypted messaging service), Facebook message, Facebook post, tweet on Twitter, direct message on Twitter, chat or message on any social media platform, and any other means used to convey information from one person to any other person or persons in any form. The term "snail mail" is defined as written communication delivered by the United States Postal Service, Federal Express, United Parcel Service, or any other delivery or courier.

4.     The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(1)(A). The terms "document" and "documents" are defined to include all writings of every kind and all electronically stored information ("ESI"), including but not limited to videos, photographs, sound recordings, images, charts, maps, records, memoranda, correspondence, handwritten or typewritten notes, calendars, diaries, telephone messages, data or data compilations, emails, attachments to emails, instant messages, PowerPoint presentations, spreadsheets, all other writings in hard copy or in electronic form, and all other material stored on computers, computer discs, CDs, DVDs, Blackberry or smartphone devices, tablets, personal digital assistants, USB "thumb" drives, electronic calendars, and telephone systems.

5.     A draft of a non-identical copy is considered a separate document.

6.      The terms "you" and "your" include the person(s) to whom these Requests are addressed, and all of that person's agents, representatives, and attorneys.

7.      The "State of Qatar" means the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including but not limited to all agencies or instrumentalities thereof, the Embassy of the State of Qatar in the United States; all elected and appointed officials, employees, agents, consultants, and attorneys thereof; and any other person acting for or on behalf of any of them.

8.      The term "including" shall be construed as "including, but not limited to."

9.      In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.  In any circumstance in which an agreement is reached to allow the production of copies of documents rather than originals, you shall retain all of the original documents for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

10.     Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

11.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they

shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

     12.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

     13.    All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

     14.    Documents attached to each other should not be separated.

     15.    If you file a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

     16.    The time period to which these Requests refer is from May 1, 2017 to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

     17.    These Requests are continuing and require supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e).

     18.    The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

**Document Request No. 1**

All documents concerning or constituting communications regarding Plaintiffs with the State of Qatar or with its officials, agents, or any persons acting on its behalf, including but not limited to Nicolas D. Muzin.

**Document Request No. 2**

All documents concerning or constituting communications related to payments to You relating to Your representation of the State of Qatar.

**Document Request No. 3**

All documents concerning or constituting communications regarding Your retention by the State of Qatar.

**Document Request No. 4**

All documents concerning or constituting communications relating to one or more of the Plaintiffs with agents of the State of Qatar (whether registered or unregistered), including individuals or entities associated with, or employed by, Avenue Strategies Global LLC, Ashcroft Law Group, Levick Strategic Communications, Information Management Services Inc., Conover & Gould Strategic Communications, Gallagher Group, Global Risk Advisors, McDermott, Will & Emery, Nelson Mullins Riley & Scarborough LLP, Portland PR, Mercury Public Affairs, Bluefront Strategies, Hawksbill Group, Vitello Consulting, Iron Bridge Strategies, Tigercomm LLC, Husch Blackwell Strategies, SGR Government Relations & Lobbying, and Venable LLP.

Dated:  April 23, 2018
        New York, New York

                                        /s/ Amy Neuhardt
                                        Amy Neuhardt
                                        BOIES SCHILLER FLEXNER LLP
                                        1401 New York Ave., NW
                                        Washington, DC 20005
                                        Telephone: (202) 237-2727
                                        Fax: (202) 237-6131
                                        Email: ameuhardt@bsfllp.com

                                        *Counsel for Plaintiffs*

## Text of Federal Rule of Civil Procedure 45(d) and (e)

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1)     *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2)     *Command to Produce Materials or Permit Inspection.*

(A)     *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)     *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)     At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)     These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)     *Quashing or Modifying a Subpoena.*

(A)     *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)     fails to allow a reasonable time to comply;

(ii)     requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii)     requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

       (iv)     subjects a person to undue burden.

       (B)     *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       (i)     disclosing a trade secret or other confidential research, development, or commercial information; or

       (ii)     disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

       (C)     *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

       (i)     shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

       (ii)     ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

       (1)     *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

       (A)     *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

       (B)     *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

       (C)     *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

       (D)     *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that

showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)     *Claiming Privilege or Protection.*

(A)     *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)     expressly make the claim; and

(ii)     describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)     *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | |
|---|---|
| Broidy Capital Management LLC et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    18-cv-02421-JFW-E |
| State of Qatar et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                 Joseph Allaham

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Boies Schiller Flexner LLP<br>575 Lexington Ave 7 Fl<br>New York, NY 10027 | Date and Time:<br><br>05/31/2018 9:00 am |
|---|---|
| The deposition will be recorded by this method:    Sound-and-visual stenography | |

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/07/2018

       *CLERK OF COURT*

                             OR

                                                      /s/ Amy Neuhardt

           *Signature of Clerk or Deputy Clerk*                                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Broidy Capital Management LLC, Elliott Broidy, and Robin Rosenzweig    , who issues or requests this subpoena, are:

Amy Neuhardt, 1401 New York Ave, NW, Washington DC 20005; aneuhardt@bsfllp.com; (202) 274-1137

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   18-cv-02421-JFW-E

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 4

| | |
|---|---|
| **From:** | Sahni, Neema T <nsahni@cov.com> |
| **Sent:** | Thursday, April 26, 2018 8:20 PM |
| **To:** | aneuhardt@bsfllp.com; rdwyer@BSFLLP.com; lwolosky@BSFLLP.com |
| **Cc:** | Kamin, Mitchell A; Obermeier, Stephen; Gardner, Matthew; Van Tassell, Rebecca G; Gimblett, Jonathan |
| **Subject:** | Broidy v. Qatar - Draft Joint Statement |
| **Attachments:** | BCM v. Qatar et al. - Joint Statement Re L.R. 7-3 Conference.DOCX; BCM v. Qatar et al. - Joint Stip on Expedited Briefing for Motion to Stay.DOCX; BCM v. Qatar et al. - [Proposed] Order on Expedited Briefing for Motion to Stay.DOCX |

Counsel:

Thank you for speaking with us earlier regarding Defendants' anticipated motions in the above-referenced matter.  Pursuant to Judge Walter's standing order, we need to submit by Monday a joint statement reporting on our Local Rule 7-3 pre-filing conference.  Attached please find a draft statement which we would propose to file on behalf of the parties in order to comply with this requirement.  Please let us know if you have any edits.

You will see that the draft statement also includes the schedule we proposed for expedited briefing on Defendants' expected motions to stay.  On the call, you stated you needed to confer on your end regarding the dates we proposed, so once we have an agreed-upon schedule, we can adjust the draft accordingly.  We have also prepared and attach here a draft joint stipulation and proposed order on expedited briefing, which we would also propose to file on Monday.

Please let us know if you have any comments on the attached.  Again, our deadline for filing the joint statement is Monday, April 30.

Thank you,
Neema


**Neema Sahni**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4757 | nsahni@cov.com
www.cov.com

**COVINGTON**

C&B DRAFT 4.26.18

1
2
3
4
5
6
7

COVINGTON & BURLING LLP
Mitchell A. Kamin (Bar No. 202788)
  mkamin@cov.com
Neema T. Sahni (Bar No. 274240)
  nsahni@cov.com
Mark Y. Chen (Bar No. 310450)
  mychen@cov.com
Rebecca G. Van Tassell (Bar No. 310909)
  rvantassell@cov.com
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

8

*Attorneys for Defendant State of Qatar*

9

[*Additional counsel listed on signature page*]

10

11

# UNITED STATES DISTRICT COURT

12

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

### WESTERN DIVISION

14
15
16

BROADY CAPITAL MANAGEMENT
LLC, ELLIOTT BROIDY, and ROBIN
ROSENZWEIG

17

        Plaintiffs,

18

        v.

19
20
21

STATE OF QATAR, STONINGTON
STRATEGIES LLC, NICOLAS D.
MUZIN, and DOES 1-10,

22

        Defendants.

23
24
25
26
27
28

Civil Case No.:

2:18-CV-02421-JFW-(Ex)

[**Assigned to Hon. John F. Walter**]

**JOINT STATEMENT REGARDING
LOCAL RULE 7-3 PRE-FILING
CONFERENCE ON DEFENDANTS'
INTENTION TO FILE MOTIONS
TO TEMPORARILY STAY
DISCOVERY AND TO DISMISS
THE COMPLAINT**

Complaint Filed:  March 26, 2018

C&B DRAFT 4.26.18

In accordance with Section 5(b) of this Court's Standing Order, this is the joint statement of Plaintiffs Broidy Capital Management LLC, Elliott Broidy and Robin Rosenzweig ("Plaintiffs"), Defendant State of Qatar ("Qatar"), and Defendants Nicolas Muzin and Stonington Strategies (collectively, "Muzin and Stonington") regarding the parties' pre-filing conference of counsel pursuant to Local Rule 7-3.

The conference took place via teleconference at 8:00 a.m. Pacific Time on April 26, 2018. Amy L. Neuhardt and Robert J. Dwyer of Boies Schiller Flexner LLP participated on behalf of the Plaintiffs. Mitchell A. Kamin, Jonathan Gimblett, Neema T. Sahni, and Rebecca Van Tassell of Covington & Burling LLP participated on behalf of Defendant Qatar. Stephen J. Obermeier, Matt Gardner, and Rebecca Fiebig participated on behalf of Defendants Muzin and Stonington. The teleconference lasted approximately thirty minutes. [The parties exchanged further e-mail correspondence on April 26 and 27 to reach agreement on a proposed briefing schedule for one of Defendants' contemplated motions.]

## A.  Defendants' Motions to Dismiss

### 1.  Qatar's Motion to Dismiss

Defendant Qatar informed Plaintiffs that it intends to file a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, Qatar intends to move to dismiss on the grounds that subject matter jurisdiction and personal jurisdiction is lacking as to Qatar because Qatar is immune from suit under the Federal Sovereign Immunities Act ("FSIA"), and the noncommercial torts exception to such immunity—or any other valid FSIA exception—does not apply here. By Plaintiffs' own allegations, the alleged hacking activity underlying each of their substantive tort claims occurred, at least in part, outside of the United States and thus cannot satisfy the requirements of the noncommercial torts exception. Moreover, Defendants explained, Plaintiffs' civil conspiracy claim cannot be relied upon to establish

subject matter jurisdiction over Qatar because that is not a substantive, independent tort claim, and even if it were, as alleged here, it does not support application of the noncommercial tort exception.  Finally, the noncommercial torts exception does not apply for the additional reason that the alleged misconduct, even if true, would fall within the discretionary function carve-out to that exception.  Qatar further explained that, because subject matter jurisdiction is lacking, personal jurisdiction is also lacking as to Qatar.

Defendant Qatar also explained the basis for its Rule 12(b)(6) motion, stating that the Complaint does not plausibly allege that the government of Qatar perpetrated the purported hack underlying each of Plaintiffs' substantive causes of action.  Plaintiffs' public disclosure cause of action fails for the additional reason that any publicly disclosed e-mails were newsworthy.  Finally, the civil conspiracy cause of action cannot stand on its own under California law and thus must be dismissed absent any substantive basis on which to impose liability on Qatar.

Plaintiffs stated that they do not agree that jurisdiction is lacking, or that the Complaint is otherwise defective as to Qatar.  Plaintiffs intend to oppose Qatar's forthcoming motion to dismiss.

        2.    <u>Muzin and Stonington's Motion to Dismiss</u>

Defendants Muzin and Stonington informed Plaintiffs that it intends to file a motion to dismiss as well, on the following potential grounds: (1) personal jurisdiction is lacking as to Muzin and Stonington, as those Defendants are not residents of California and Plaintiffs have not pled that their alleged activities were performed in or directed at the state of California; (2) subject matter jurisdiction is lacking as to those Defendants based on their derivative sovereign immunity and foreign agent immunity; (3) venue is not proper because a substantial part of the acts and omissions alleged in the Complaint occurred outside of this District; (4) if Qatar is dismissed from the action, Qatar would be

a required party pursuant to Federal Rule of Civil Procedure 19 because the court cannot accord complete relief among the remaining parties; (5) the Complaint is defective under Rule 12(b)(6) because it contains no specific allegations that Defendants Muzin or Stonington accessed Plaintiffs' computers, unlawfully obtained any e-mails, and/or disseminated hacked or forged e-mails to third parties.

Plaintiffs again expressed their disagreement with these arguments and informed counsel for Defendants Muzin and Stonington that they would be opposing Defendants' forthcoming motion.

**B.      Defendants' Motions to Temporarily Stay Discovery**

Defendant Qatar informed Plaintiffs that it would also be expeditiously filing a motion to temporarily stay all discovery in this matter—including discovery directed to Defendants Muzin and Stonington and third parties—pending a decision on its Motion to Dismiss.  Qatar explained its position that courts, including in this District, are in accord that when a foreign sovereign raises a threshold jurisdictional challenge on sovereign immunity grounds, discovery may be properly stayed.  Limited jurisdictional discovery may be permitted where absolutely necessary, but that is not the case here as the jurisdictional defects Qatar intends to raise are clear from the face of the Complaint.

Qatar further explained its position that discovery should be stayed not only as to it, but also as to the other Defendants and third parties.  Any such discovery necessarily implicates Qatar's interests and its consular immunities under the Vienna Convention, thus requiring Qatar to involve itself in discovery to protect its interests.

Defendants Muzin and Stonington informed Plaintiffs they would be filing a similar motion to stay, in particular because the personal and subject matter jurisdiction issues as to such Defendants are substantial.  In light of the jurisdictional issues—which the Court has already identified as significant—Muzin and Stonington do not see any

reason why discovery responses by them or any third party should be due while those issues remain unresolved.

Plaintiffs disagreed with Defendants' position that a complete stay of discovery is warranted here, and they intend to oppose any motions seeking a temporary stay. They believe that this Court's standing order instructs the parties to begin conducting discovery before the Rule 26(f) conference, and the Court directed the parties in this case to follow that order even after it had been made aware of Defendants' jurisdictional challenges. In addition, Plaintiffs stated they are entitled to jurisdictional discovery, particularly as to third parties and Defendants Muzin and Stonington. Plaintiffs further explained that discovery is necessary to their preliminary injunction motion, which the Court invited them to file, and the sooner they can enjoin any further dissemination and publication of news stories based on the leaked e-mails, the better.

### C.    Expedited Briefing Schedule for Motions to Stay

Plaintiffs stated that they would not stipulate to stay discovery pending the outcome of Defendants' motions to dismiss. Defendant Qatar asked Plaintiffs whether they would be willing to stipulate to an expedited briefing schedule on Defendants' respective stay motions, and Plaintiffs agreed to this request. Defendant Qatar also represented that it would endeavor to file its Motion to Dismiss prior to the current due date of June 8, 2018, which will shorten the duration of any temporary stay.

In the interest of expeditiously briefing the Defendants' Motions to Temporarily Stay Discovery, and presenting the issues therein to this Court promptly, the parties agreed, subject to the Court's approval, to the following briefing schedule on such motions:

- Defendants Qatar and Defendants Muzin and Stonington will file their respective Motions to Temporarily Stay All Discovery by no later than **May 4, 2018**;

- Plaintiffs will file their Opposition to such motions by no later than **May 11, 2018**;
- Defendants Qatar and Defendants Muzin and Stonington will file their respective reply briefs by no later than **May 15, 2018**;
- To the extent the Court decides it is necessary to hold a hearing on Defendants' stay motions, that hearing will be held on **May 21, 2018**, or such other date as may be convenient to the Court.

In accordance with the parties' agreement as to this issue, the parties are filing concurrently herewith a Joint Stipulation on Expedited Briefing for Defendants' Motions to Temporarily Stay of All Discovery, proposing the schedule set forth above for the Court's consideration and approval.

5

Dated:  April 30, 2018

COVINGTON & BURLING LLP

By:   /s/ Mitchell A. Kamin
Mitchell A. Kamin
Email:  mkamin@cov.com
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

*Attorneys for Defendant State of Qatar*

Dated:  April 30, 2018

BOIES SCHILLER FLEXNER LLP

By:   /s/ DRAFT
Lee S. Wolosky
Email:  lwolosky@bsfllp.com
Robert J. Dwyer
Email:  rdwyer@bsfllip.com
575 Lexington Ave., 7th Floor
New York, NY 10022
Telephone: +1 212-446-2300
Facsimile: + 1 212-446-2350

*Attorneys for Plaintiffs*

Dated:  April 30, 2018

WILEY REIN LLP

By:   /s/ Matthew J. Gardner
Matthew J. Gardner
Email:  mgardner@wileyrein.com
1776 K Street NW
Washington, DC  20006
Telephone: +1 202-719-7049

*Attorneys for Defendants Nicolas D. Muzin
and Stonington Strategies LLC*

6

# SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.


DATED:  April 30, 2018                    COVINGTON & BURLING  LLP

                                           */s/  Mitchell A. Kamin*
                                          Mitchell A. Kamin

# EXHIBIT 5

**Gardner, Matthew**

| | |
|---|---|
| **From:** | Lee Wolosky <lwolosky@BSFLLP.com> |
| **Sent:** | Friday, May 18, 2018 4:58 PM |
| **To:** | Obermeier, Stephen; Sahni, Neema T; Kamin, Mitchell A; Gardner, Matthew; Van Tassell, Rebecca G; Gimblett, Jonathan |
| **Cc:** | Robert Dwyer; Amy Neuhardt; Andrew Chesley; Samuel Kleiner |
| **Subject:** | Broidy et v. Qatar et al |
| **Attachments:** | 2018.05.18 DRAFT Order Granting Scheduling Stipulation 2 (clean).docx; 2018.05.18 DRAFT Order Granting Scheduling Stipulation 2 (redlined).docx; 2018.05.18 DRAFT Scheduling Stipulation 2 (clean).docx; 2018.05.18 DRAFT Scheduling Stipulation 2 (redlined).docx |

Counsel,

We are writing to seek your consent to a further adjustment to the case schedule, as reflected in the attached draft stipulation and proposed order (in both clean and redline format, marked to show changes from the first stipulation and order).  We are requesting approximately six additional weeks (adjusted to account for the July 4th holiday) to file our amended complaint. The additional time to file our amended complaint will enable us to avoid the necessity of further amendments as responses to third party subpoenas continue to be received.  As you will appreciate, the third party subpoenas we have served and continue to serve, particularly on electronic communications providers, are important for purposes of determining, among other things, the identity of the defendants we may wish to add or dismiss in the amended complaint.  The current limited stay of discovery on certain parties would continue under our proposal and all other deadlines would be correspondingly adjusted.  We believe it is ultimately in the best interest of all parties and in the interest of judicial efficiency to take additional time to file the amended complaint.

Sincerely,

Lee


**Amb. Lee S. Wolosky**
Partner

BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
(t) +1 212 754 4205 (direct)
(m) +1 212 446 2300 (main)
lwolosky@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# EXHIBIT 6

# POLITICO



# POLITICO



GOP fundraiser Elliott Broidy alleges that former U.S.- and U.K.-trained spies helped orchestrate cyberattacks on American citizens. | Alex J. Berliner/ABImages via AP

## GOP fundraiser: Ex-American spy helped Qatar hack emails

The allegation is part of a unique lawsuit attempting to hold a foreign government accountable in a U.S. court for digital espionage operations.

By **JOSH MEYER** | 05/24/2018 06:06 PM EDT | Updated 05/24/2018 08:09 PM EDT

A top fundraiser for President Donald Trump has accused the Persian Gulf state of Qatar of conspiring with former American and British spies to hack and publicize his emails as part of a clandestine state-sponsored influence operation on U.S. soil.

In a new court filing, Elliott Broidy — who has faced scrutiny over his efforts to convince Trump and the U.S. government to adopt an aggressive stance against Qatar — alleges that

former U.S.- and U.K.-trained intelligence operatives helped orchestrate cyberattacks on American citizens in an attempt to discredit their public standing.

Thursday's court filing was prompted by new information about how Qatar used a private intelligence firm, Global Risk Advisors, to "coordinate and implement the hack," and to recruit "cyber mercenaries" in various countries to execute the technical aspects of it, a lawyer for Broidy and his Broidy Capital Management firm told POLITICO.

"The amended complaint filed today reflects our more advanced knowledge of the conspiracy against Mr. Broidy and seeks to hold responsible persons and entities accountable," said lawyer Lee Wolosky of the firm Boies Schiller Flexner, LLP. That includes "former U.S. and U.K. government personnel," he said.

Wolosky, a former ambassador and senior counterterrorism official in the Clinton and Bush administrations, said it is a crime for anyone to hack into the emails of a U.S. citizen. But it is tantamount to "an act of war," he said, "when such an attack is orchestrated by a foreign government."

"In this lawsuit, we are asking that Qatar be held accountable for its support of terrorism in any form — offline or online," Wolosky said. "When foreign sovereigns are alleged to have committed crimes, sovereign immunity principles should not shield them from accountability in our courts."

## The most reliable politics newsletter.

☑ up for POLITICO Playbook and get the latest news, every morning — in your inbox.

| Your email... |
| --- |

By signing up you agree to receive email newsletters or alerts from POLITICO. You can unsubscribe at any time.

The amended complaint is part of a lawsuit Broidy has been pressing against the Qatari government since March in a California federal court. The suit accuses Qatar of hacking Broidy's emails and funneling them to reporters through Republican operative Nick Muzin in order to neutralize Broidy's effectiveness as an anti-Qatar influence on the Trump White House.

Several outlets — including the Associated Press, the Wall Street Journal and the Hollywood Reporter — have published articles based on Broidy's stolen emails. Broidy recently subpoenaed the AP for information about the source of the hacked emails.

Case 2:18-cv-02421-JFW-E   Document 57-2   Filed 06/04/18   Page 54 of 55   Page ID #:712

Broidy's suit is one of the first attempts to hold a foreign government accountable in an American court for digital espionage operations.

Qatar has strenuously denied Broidy's allegations, describing them in a statement issued Thursday by its embassy in Washington as being "completely fabricated and without merit."

In Broidy's latest filing, the Republican fundraiser expands his original lawsuit to also name Mohammad bin Hamad Khalifa al Thani, the brother of Qatar's current head of state, and Ahmed al-Rumaihi, a U.S.-based Qatari operative who managed a $100 billion investment fund on behalf of the country's government.

The fund has become embroiled in special counsel Robert Mueller's Russian election meddling investigation as it expands to look at whether other countries sought to buy influence. Broidy has also drawn the interest of investigators because of his relationship with Trump, though a source close to Broidy denied Thursday that he is a person of interest in Mueller's probe.

The lawsuit is part of a larger battle between Qatar and Saudi Arabia and the United Arab Emirates that escalated dramatically last June, when the two Gulf nations imposed a blockade on Qatar to isolate it from land and sea commerce. Trump publicly backed the blockade, accusing Qatar of supporting terrorism and crediting Broidy with influencing his policy. Qatar was also hit with international sanctions.

---



**THE POLITICO MAG PROFILE**
### George Conway's Tweets Raise West Wing Eyebrows
By **ANNIE KARNI**

---

In response, the Qatari government — through al Thani and al-Rumaihi, the two Qatari's named in Thursday's filing — moved aggressively to improve its standing with the White House, according to the amended suit. The filing includes allegations about how Qatar tried to influence U.S. policy by using unregistered lobbyists, and by trying to buy a significant part of a conservative media website, Newsmax, favored by Trump and run by his friend Christopher Ruddy.

But the new filing also fills out the alleged details of the hacking campaign against Broidy. It claims that Qatar used Global Risk Advisors, LLC and its principals, Kevin Chalker and David Mark Powell, to coordinate the attack against him.

The document says Chalker is a former CIA cyber operative who runs GRA's New York operations, and that Powell is a former British intelligence operative who opened the firm's Qatar office in October 2017 — just weeks before the hacking campaign began.

Chalker, Powell and GRA, it alleges, "made it clear within that community that they had been retained to conduct or coordinate offensive cyber operations on behalf of Defendant State of Qatar."

GRA did not respond to an email seeking comment on Thursday. Chalker and Powell could not be contacted for comment.

A spokesman for Al-Rumaihi also said the allegations were "completely meritless," and said he was no longer working for, or on behalf of, the Qatari government at the time in question.

About Us

Advertising

Breaking News Alerts

Careers

Credit Card Payments

Digital Edition

FAQ

Feedback

Headlines

Photos

POWERJobs

Press

Print Subscriptions

RSS

Site Map