**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
   dwillingham@bsfllp.com
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Amy L. Neuhardt (*pro hac vice*)
   aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 20005-2102
Phone:  (202) 237-2727
Fax:  (202) 237-6131

Lee S. Wolosky (*pro hac vice*)
   lwolosky@bsfllp.com
Robert J. Dwyer (*pro hac vice*)
   rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone:  (212) 446-2300
Fax:  (212) 446-2350

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>                    Plaintiffs,<br><br>        v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>                    Defendants. | Case No.  2:18-cv-02421-JFW (Ex)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF QATAR'S EX PARTE APPLICATION FOR EXPEDITED HEARING ON ITS MOTION TO STAY DISCOVERY**<br><br>[Declaration of Lee S. Wolosky filed concurrently herewith]<br><br>**The Honorable John F. Walter**<br><br>Amended Complaint:  May 24, 2018 |

Case No. 18-cv-02421-JFW

MEMO OF P'S AND A'S ISO PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF QATAR'S EX PARTE
APPLICATION FOR EXPEDITED HEARING ON ITS MOTION TO STAY DISCOVERY

**ARGUMENT**

Defendant State of Qatar ("Qatar") seeks extraordinary relief for its own acknowledged "neglect[]," Ex Parte App. at 3, ECF No. 58, in negotiating the May 7, 2018 Order on Stipulation to Schedule for Filing Amended Complaint and Motion to Dismiss and Order Staying Discovery, ECF No. 46 ("Stipulation and Order"). All of the facts leading to Qatar's current supposed crisis were known to the parties at the time of that Stipulation and Order. Qatar's current application – made 28 days after agreeing to a schedule for the Motion to Stay – asserts that it will suffer harm (harm that Qatar notably does not represent to be irreparable) from the schedule it carefully negotiated with Plaintiffs. The application falls far short of the standard for ex parte relief and should be denied.

"Ex parte applications are solely for extraordinary relief," Standing Order ¶ 6, ECF No. 17, and "are "rarely justified," *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) (rejecting plaintiff's ex parte application for an order shortening the time to hear its motion to compel the return of papers). "[E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this Court" and "throw the system out of whack." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). As a result, this Court has warned that "[l]awyers must understand that filing an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Mission Power*, 883 F. Supp. at 492.

In order to justify ex parte relief, a movant must show (1) "that the moving party is without fault in creating the crisis that requires ex parte relief,

Case No. 18-cv-02421-JFW

MEMO OF P'S AND A'S ISO PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF QATAR'S EX PARTE APPLICATION FOR EXPEDITED HEARING ON ITS MOTION TO STAY DISCOVERY

1   or that the crisis occurred as a result of excusable neglect;" and (2) "that the

2   moving party's cause will be irreparably prejudiced if the underlying motion

3   is heard according to regularly noticed motion procedures." *Id.*; *see also*

4   *Santos v. TWC Admin. LLC.*, No. CV 13-04799 MMM (CWx), 2014 WL

5   12703021, at *1 (C.D. Cal. Sept. 15, 2014) (same).  Qatar cannot make either

6   showing.

I.

8   "When considering whether the party seeking *ex parte* relief is

9   without fault, the court examines the 'creation of the crisis.'"  *Santos*, 2014

10  WL 12703021, at *4 (quoting *Mission Power*, 883 F. Supp. at 493).  Here,

11  Qatar created its own purported crisis.  Qatar acknowledges that it "always

12  intended to promptly move to stay discovery and to ensure expedited briefing

13  and prompt consideration of the same."  *See* Ex Parte App. at 3.  Yet when

14  Qatar negotiated the Stipulation and Order permitting such a motion, it was

15  fully aware of the return date of July 2 on existing discovery requests, the

16  negotiated date for moving to lift the partial stay of discovery, and the

17  requirements of Local Rule 6-1 with respect to such a motion – and failed to

18  even propose an accelerated hearing.

19  It is well settled that "[e]x parte applications are not intended to save

20  the day for parties who have failed to present requests when they should

21  have."  *Mission Power*, 883 F. Supp. at 493 (citation omitted).  Qatar had

22  ample opportunity to make a case for accelerated hearing on its pending

23  motion during the careful negotiations between counsel for Plaintiffs and

24  Defendants leading to the Stipulation and Order.  Between April 26, 2018 and

25  May 4, 2018, the parties exchanged approximately thirty-two emails and

26  participated in two telephonic conference calls regarding the agreement that

Case No. 18-cv-02421-JFW

MEMO OF P'S AND A'S ISO PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF QATAR'S EX PARTE APPLICATION FOR EXPEDITED HEARING ON ITS MOTION TO STAY DISCOVERY

BOIES SCHILLER FLEXNER LLP

led to the Stipulation and Order, and at least twelve of those emails specifically addressed the exact language of the stipulation itself. Declaration of Lee S. Wolosky ("Wolosky Decl.") ¶¶ 2-4.

Qatar not only failed to raise any issue regarding the hearing date for its anticipated motion to stay during the negotiations with Plaintiffs' counsel concerning the Stipulation and Order, but it also never raised the issue during the one-month period following the filing and entry of that order. *See id.* ¶¶ 2-7.

Qatar's failure to show that it is without fault in the creation of the current "crisis" (or that the "crisis" is a result of excusable neglect) is reason alone to deny Qatar's ex parte application.

II.

This Court should also deny the requested relief because Qatar has failed to show that it "will be irreparably prejudiced if its motion is heard on the regular motion calendar." *Id.* Qatar has not identified any previously stayed discovery that now would be returnable between the requested hearing date of June 25, 2018 and the regularly noticed hearing date of July 2, 2018. Significantly, Plaintiffs have not served any discovery requests on Qatar, and all of the discovery requests due on July 2 were served on U.S. persons. Qatar has not cited any precedent for the proposition that any U.S. persons having to respond to discovery that is allegedly protected under the Vienna Convention constitutes irreparable harm warranting ex parte relief (and, as a threshold matter, Qatar cites no authority whatsoever for the novel proposition that documents in the possession of U.S. persons can be afforded diplomatic or consular protection in the first place).[1] *See generally* Ex Parte App. Any

---

[1] Compounding matters concerning the opaque relationship between

Case No. 18-cv-02421-JFW

MEMO OF P'S AND A'S ISO PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF QATAR'S EX PARTE APPLICATION FOR EXPEDITED HEARING ON ITS MOTION TO STAY DISCOVERY

BOIES SCHILLER FLEXNER LLP

1  document production by the Stonington Defendants due on July 2, 2018 may,

2  in any event, be made after any hearing held on that day.  Therefore, Qatar has

3  not fulfilled either of the two requirements that it must satisfy in order to

4  justify the extraordinary remedy of ex parte relief.

5  ///

6  ///

7  ///

8  ///

9  ///

10 ///

11

12

Defendant Qatar and Defendants Stonington Strategies LLC and Nicolas D.
Muzin ("Stonington Defendants"), Defendant Stonington filed a Supplemental
Statement under the Foreign Agents Registration Act ("FARA") on May 22,
2018 in which Defendant Muzin represented that certain of the Stonington
Defendants' activities that concern "Elliott Broidy, Joel Mowbray, UAE and
Qatar" were "not conducted on behalf of the client, Qatar, or as part of the
FARA engagement, but are included for avoidance of doubt."  Stonington
Supplemental Statement Pursuant to the Foreign Agents Registration Act of
1938, as amended; May 22, 2018, https://www.fara.gov/docs/6458-
Supplemental-Statement-20180522-1.pdf.  Moreover, the August 24, 2017
Agreement between Defendant Stonington and the Embassy of Qatar filed
with the Department of Justice as part of Stonington's FARA reporting
requirement provides that Stonington is "not authorized . . . to act as a[n] . . .
agent on behalf of the Embassy or the State of Qatar" and that "[t]his
Agreement is not intended to establish [a] . . . principal-agent relationship."
Exhibit A to Registration Statement Pursuant to the Foreign Agents
Registration Act of 1938, as amended; September 3, 2017 ("Agreement for
Consulting Services," August 24, 2017), https://www.fara.gov/docs/6458-
Exhibit-AB-20170903-1.pdf.  The Agreement also makes clear that "all
documents, information or communications (whether verbal or recorded)
exchanged between [the Stonington Defendants] and the Embassy" are not
inviolable but may be disclosed "as required by law."  *Id.*

MEMO OF P'S AND A'S ISO PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF QATAR'S EX
PARTE APPLICATION FOR EXPEDITED HEARING ON ITS MOTION TO STAY DISCOVERY

BOIES   SCHILLER   FLEXNER   LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BOIES SCHILLER FLEXNER LLP

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant State of Qatar's ex parte application for expedited hearing on its motion to stay discovery.[2]

Respectfully submitted,

Dated:  June 5, 2018

**BOIES SCHILLER FLEXNER LLP**

By:  /s/ Lee S. Wolosky

LEE S. WOLOSKY
*Counsel for Plaintiffs*

---

[2] On June 5, 2018, the Stonington Defendants filed a Notice of Joinder in Defendant State of Qatar's Ex Parte Application for Expedited Hearing On Its Motion to Stay, ECF No. 64, which relied on "the reasons given in Qatar's application and accompanying memorandum of points and authorities."  For the reasons stated herein, Plaintiffs also oppose the Notice of Joinder filed by the Stonington Defendants.