# EXHIBIT D



AMY NEUHARDT
Tel.: (202) 274-1137
E-mail: aneuhardt@bsfllp.com

June 8, 2018

**BY EMAIL**

Matthew Nolan
Arent Fox LLP
1717 K Street NW
Washington, DC 20006

    Re:    **Subpoena to Joseph Allaham in the Matter** *Broidy Capital Management et al. v. State of Qatar et al.*, **Case No. 18-cv-02421-JFW (C.D. Cal.)**

Dear Mr. Nolan:

    This confirms and amplifies Mr. Dwyer's communication on this subject to Ms. Temitope of your firm earlier this morning.

    I write concerning reports in the news yesterday that your client, Joseph Allaham, is acknowledging a business relationship with the State of Qatar, and that he will be filing papers disclosing that relationship pursuant to the Foreign Agents Registration Act. We do not know the terms of Mr. Allaham's agreement with the State of Qatar or any of its agents, but are concerned that the terms of that agreement may require Mr. Allaham to return or destroy confidential information upon request of the State of Qatar or others.

    Any such contractual requirement is superseded by your client's obligation under federal law to preserve any documents responsive to the subpoena for documents served on him in this case. The State of Qatar, Nicholas Muzin and Stonington Strategies LLC have all taken the position that documents exchanged between contractors with the State of Qatar and the sovereign are subject to consular protections under the Vienna Convention. We do not know your client's position on that argument, but are concerned that, because of serious weaknesses in that argument – in particular as it applies to documents in possession of Mr. Allaham at his home or office – the State of Qatar and Mr. Allaham may transfer all copies of such documents to the Embassy and/or Qatar.

    Pursuant to Judge Forrest's order, your client is required to produce all responsive documents sought by Plaintiffs' subpoena duces tecum. We seek immediate specific



confirmation from you that your client has not moved and will not move documents responsive to the subpoena to the Embassy of the State of Qatar, where they may become beyond the reach of the United States courts.  Because we understand from Ms. Yusef that Mr. Allaham has transferred some or all of his electronically stored information and/or other responsive materials to Arent Fox, we further seek confirmation from you that your firm has not transferred and will not transfer any such materials in the possession of Arent Fox to the Embassy of the State of Qatar.

If you or Mr. Allaham believe that Mr. Allaham is not required to preserve materials subject to the subpoena in their current locations and to refrain from transferring such documents to the custody of the State of Qatar, we have a fundamental disagreement and need to seek the Court's intervention immediately – i.e., prior to the return of any documents to the State of Qatar.

Accordingly, I ask that you immediately confirm that Mr. Allaham has not and will not transfer to the State of Qatar any documents in his possession, custody or control during the pendency of this litigation.  Absent prompt confirmation of this matter, Plaintiffs intend to seek relief from the Court.

Please feel free to contact me or Lee Wolosky if you would like to discuss this further.

Sincerely,

/s/ Amy Neuhardt
Amy Neuhardt
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, D.C. 20005

Cc:   Temitope Yusef, Esq.
      Stephen Obermeier, Esq.
      Mitchell Kamin, Esq.
      Neema Sahni, Esq.
      Brendan McGuire, Esq.
      Rebecca Van Tassell, Esq.
      Matthew Gardner, Esq.