# EXHIBIT E

| | |
|---|---|
| **From:** | Robert Dwyer |
| **To:** | "Engle, Craig" |
| **Cc:** | "Yusuf, Temitope K." |
| **Subject:** | RE: Broidy v. Qatar request by Defendant |
| **Date:** | Friday, June 08, 2018 9:10:51 PM |

Craig-

As I'm sure you can appreciate from my e-mail to which you replied, Plaintiffs agree that neither you nor your client should provide Mr. Allaham's documents to counsel for the State of Qatar (or anyone else) for pre-review before production to Plaintiffs.

However, I think you misapprehend your client's situation: he is under a court order, issued by the only court with jurisdiction over the subpoena served on him, to produce all documents responsive to the subpoena served on him. Thus, your client has the unambiguous obligation to produce - not to await further developments. Your clients (and, by implication, your law firm) are not impartial stakeholders awaiting a court to tell you what to do. Your client and your firm litigated and lost all issues relating to the subpoena. Consequently, to use your words, you should have had an objection to Qatar seeking clarification (since there is nothing to clarify) and you should have had an opinion on the issue (since your client litigated and lost the issue).

In that regard, please let me know when you will be able to provide an update as to when you expect to commence and complete production of the responsive documents.

-Bob Dwyer


Sent with Good (www.good.com)


-----Original Message-----
**From:** Engle, Craig [Craig.Engle@arentfox.com]
**Sent:** Friday, June 08, 2018 08:16 PM Eastern Standard Time
**To:** Robert Dwyer
**Cc:** Yusuf, Temitope K.
**Subject:** Broidy v. Qatar request by Defendant

Robert I just spoke with Covington who asked if I would give them an opportunity to review joeys discovery documents prior to sending them to you so they would have a chance to object to some production on privilege, and possibly have some documents withheld.

I declined to do that absent a court saying we are required to do so. I also said I have no objection to qatar seeking such judicial clarification, but have no opinion on the underlying issue.

Please telephone me at (202) 2131311 if you would like to discuss.

Sent from my iPhone

On Jun 8, 2018, at 3:01 PM, Robert Dwyer <rdwyer@BSFLLP.com<mailto:rdwyer@BSFLLP.com>> wrote:

Neema-

This is in response to your e-mail of 4:02 p.m. (Eastern time) this afternoon.

First, to amplify your characterization of our discussions with Mr. Allaham's counsel concerning his compliance with Judge Forrest's Order of June 6, we agreed with his counsel this morning to reasonable accommodations in light of the fact that his wife may have gone into labor and is currently in the hospital in NYC, which prevented him today from participating in the review and production of the subpoenaed documents. If and to the extent his availability changes, we expect him to comply with Judge Forrest's Order of June 6 as issued. If not, we agreed:

(a) The deadline for Mr. Allaham to fully comply with that Order is extended from 2:00 p.m. on Saturday, June 9 to no later than 2:00 p.m. on Friday, June 15.

(b) Counsel for Plaintiffs and counsel for Mr. Allaham will confer about earlier deadlines for the production of documents based on his counsel's ability to produce documents based on the ESI that his counsel has, along with considerations related to the expected duration of Mrs. Allaham's hospital stay.
We also requested that Mr. Allaham's counsel make his production on a rolling basis, especially since they already have the relevant ESI, and we expect that they will do so.

Second, we reject categorically your position that your client (the State of Qatar) should have an opportunity to review Mr. Allaham's documents in advance of their production to Plaintiffs or to seek a delay in the production of those documents that was ordered by Judge Forrest.

(a) When I asked your partner Mitchell Kamin yesterday about the subject, he stated that he did not know if Mr. Allaham was covered by any confidentiality agreement between the State of Qatar and Mr. Muzin and Stonington. See also (d) below.

(b) Until yesterday, the State of Qatar never asserted that Mr. Allaham was its agent or that it had any right to prevent or monitor his production of documents or information pursuant to lawful process. Indeed, the State of Qatar agreed to explicitly carve him out of any discovery stay that ended on June 4, fully anticipating he would make document productions before that date.

(c) As Judge Forrest ruled at the June 6 hearing (at which your firm was present and argued for the State of Qatar without raising any Vienna Convention or confidentiality points), "All defenses have been waived."

(d) In his written statement yesterday to The Rachel Maddow Show on MSNBC, Mr. Allaham stated that he had "no written contract" with the State of Qatar. Mr. Allaham also stated, "I don't know if I ever was a so-called legal agent of Qatar, but I do know that as of Friday I am nothing with them…. I want the public record to be clear that I am no longer affiliated with them."

(e) Mr. Allaham has never registered under FARA as an agent or sub-agent of the State of Qatar.

(f) Although the State of Qatar appears to assert that Nicolas Muzin and/or Stonington Strategies retained Mr. Allaham as a sub-agent, no such relationship was disclosed in the FARA filings of Mr. Muzin or Stonington, and Mr. Muzin tweeted on the morning of June 6 that "Stonington Strategies is no longer representing the State of Qatar."

(g) Mr. Allaham also issued a statement to Politico yesterday that makes it clear that his interests and the interests of the State of Qatar are divergent: "Qatar enjoys portraying themselves as the purveyor of peace in the region, but this could not be further from the truth."

(h) Absent any basis for asserting privilege, the State of Qatar lacks any right to conduct a pre-production review of Mr. Allaham's responsive documents or to seek to have him withhold any such documents from production.

(i) Given the history summarized on the June 6 hearing transcript, the request for review in your e-mail is manifestly another improper attempt at delaying legitimate discovery by Plaintiffs (which in this case has been ordered by the court).

Finally, we wish to be notified in advance and be afforded the opportunity to be heard with respect to any application made by counsel for the State of Qatar to any court with respect to the production of documents by Mr. Allaham. In that regard:

(a) The Central District of California lacks jurisdiction over compliance with a Rule 45 subpoena for which compliance is required in the Southern District of New York.

(b) All questions regarding document production by Mr. Allaham pursuant to Plaintiffs' subpoena were resolved by Judge Forrest in the Southern District of New York on June 6. Your contemplated attempt to ask a sister court (the Central District of California) to overturn that decision is unwarranted.

(c) Your calculated plan to file an ex parte application in the Central District of California on a Friday evening, thereby requiring a response from Plaintiffs on Saturday, is inexcusable for three reasons:

a. As recently addressed in this action by Judge Walter, ex parte applications are reserved for extraordinary situations, and the meritless claim of the State of Qatar in a court that lacks jurisdiction hardly qualifies.

b. The subpoena to Mr. Allaham has been outstanding for many weeks, without your seeking any such relief.

c. As a personal matter, there is little reason to impose on Plaintiffs' counsel the need to address and brief these matters over a weekend when there were ample opportunities to do so over the course of many weeks, including most recently before Judge Forrest on June 6.

-Bob Dwyer

Robert J. Dwyer
Partner


BOIES SCHILLER FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
(t) +1 212 303 3524
(m)+1 917 626 4077
rdwyer@bsfllp.com<mailto:rdwyer@bsfllp.com>
www.bsfllp.com<http://www.bsfllp.com/>

From: Sahni, Neema T [mailto:nsahni@cov.com]
Sent: Friday, June 8, 2018 4:02 PM
To: Lee Wolosky; Amy Neuhardt; Robert Dwyer; Obermeier, Stephen; Gardner, Matthew; temitope.yusuf@arentfox.com<mailto:temitope.yusuf@arentfox.com>; craig.engle@arentfox.com<mailto:craig.engle@arentfox.com>; allan.anderson@arentfox.com<mailto:allan.anderson@arentfox.com>
Cc: Kamin, Mitchell A; Van Tassell, Rebecca G; Chen, Mark Y
Subject: RE: Broidy v. Qatar - Letter Brief and Ex Parte

Counsel,

As noticed below, Defendant Qatar intended to seek an extension of the deadline for Mr. Allaham to produce documents responsive to the subpoena served by Plaintiffs through June 15 in order to ensure that no materials are produced in violation of the Vienna Conventions or any confidentiality agreement. We learned this morning that Mr. Allaham and Plaintiffs have now agreed to extend the deadline through June 15, subject to potentially conferring about earlier deadlines for a portion of the production.

We write to request that Qatar be given an opportunity to review Mr. Allaham's documents within this agreed-upon production timeframe, prior to their production, so that it may identify documents that are (1) inviolable and protected from disclosure pursuant to the protections afforded to Qatar under the Vienna Conventions, and/or (2) subject to confidentiality agreements and thus must be produced subject to an appropriate confidentiality designation. We further request your agreement that Qatar may direct that materials that are inviolable under the Vienna Conventions be withheld from production to Plaintiffs, provided that they are identified on a privilege log and that all parties retain the right to challenge any claim of privilege or immunity from production.

Please let us know your position on this proposal as soon as possible, by confirming, (i) in the case of Mr. Allaham, that you will give Qatar the opportunity to conduct such a review and withhold documents as directed, and (ii) in the case of Plaintiffs, that you have no objection to this arrangement.

Given the urgency of this issue, we intend to seek immediate relief from the courts as noticed below in the event that we cannot reach an agreement as to the above. As such, please let us know your position by no later than 5 p.m. Pacific Time today.

Thank you,
Neema

Neema Sahni

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4757 | nsahni@cov.com<mailto:nsahni@cov.com>
www.cov.com<http://www.cov.com>

<image001.jpg>

From: Van Tassell, Rebecca G
Sent: Thursday, June 07, 2018 8:59 AM
To: lwolosky@BSFLLP.com<mailto:lwolosky@BSFLLP.com>; Amy Neuhardt <aneuhardt@bsfllp.com<mailto:aneuhardt@bsfllp.com>>; Robert Dwyer <rdwyer@BSFLLP.com<mailto:rdwyer@BSFLLP.com>>; Obermeier, Stephen <SObermeier@wileyrein.com<mailto:SObermeier@wileyrein.com>>; Gardner, Matthew <MGardner@wileyrein.com<mailto:MGardner@wileyrein.com>>; temitope.yusuf@arentfox.com<mailto:temitope.yusuf@arentfox.com>; craig.engle@arentfox.com<mailto:craig.engle@arentfox.com>; allan.anderson@arentfox.com<mailto:allan.anderson@arentfox.com>
Cc: Kamin, Mitchell A <MKamin@cov.com<mailto:MKamin@cov.com>>; Sahni, Neema T <nsahni@cov.com<mailto:nsahni@cov.com>>
Subject: Broidy v. Qatar - Letter Brief and Ex Parte

Counsel,

On behalf of Defendant State of Qatar, we write to inform you that we intend to file tomorrow a letter brief with Judge Forrest in the Southern District of New York, requesting that the Court extend the deadline for Mr. Allaham to produce documents responsive to the subpoena served by Plaintiffs through June 15, in order to allow Qatar the opportunity to identify any documents in Mr. Allaham's possession that (1) may be inviolable and protected from disclosure pursuant to the protections afforded to Qatar under the Vienna Conventions, or (2) may be subject to confidentiality agreements, requiring they be produced subject to an appropriate confidentiality designation. In the alternative, if our request for an extension of the deadline is denied, we will be moving for a protective order, requiring that any and all discovery related to Mr. Allaham on the Court-ordered date be produced subject to a "Highly Confidential - Attorneys' Eyes Only" designation until the parties can negotiate an appropriate protective order for approval by the Court and work out a process for designating the discovery in question.

Per Judge Forrest's procedures, we request the opportunity to meet and confer with counsel on this request. Please let us know your availability for a call today.

Please be advised that we also intend to apply ex parte tomorrow for the same relief in the Central District of California. Please let us know whether you intend to oppose this application, so that we may alert the Court of the parties' position in accordance with L.R. 7-19.1. Per Judge Walter's standing order, any opposition must be filed within 24 hours after the filing of an ex parte application.

Best,


Rebecca Van Tassell

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4768 | rvantassell@cov.com<mailto:rvantassell@cov.com>
www.cov.com<http://www.cov.com>

<image001.jpg>
This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

_____
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]