**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **CV 18-2421-JFW(Ex)**                                    Date:  July 3, 2018

Title:       Broidy Capital Management, LLC, et al. -v- State of Qatar, et al.

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                              **None Present**
    **Courtroom Deputy**                         **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
          None                                                        None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER CONTINUING DEFENDANT STATE OF**
                                     **QATAR'S MOTION TO STAY DISCOVERY PENDING**
                                     **RESOLUTION OF DEFENDANT STATE OF QATAR'S**
                                     **MOTION TO DISMISS [filed 6/6/18; Docket No. 80]**

      On June 6, 2018, Defendant State of Qatar ("Qatar") filed a Motion to Stay Discovery Pending Resolution of Defendant State of Qatar's Motion to Dismiss ("Motion to Stay").  On June 11, 2018, Plaintiffs Broidy Capital Management LLC and Elliott Broidy (collectively, "Plaintiffs") filed their Opposition.  On June 15, 2018, Qatar filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for July 9, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

      For some inexplicable reason, Qatar chose to file a Motion to Stay before filing its dispositive Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure ("Motion to Dismiss"), which is currently set for hearing on July 30, 2018.  *See* Docket No. 112.  The Motion to Stay is based on Qatar's argument that Qatar is immune from suit under the Foreign Sovereign Immunities Act ("FSIA") and Qatar claims that its Motion to Dismiss is a "dispositive Motion, that, if granted, would entirely end the case as to Qatar."  Motion to Stay, 7:22-23.  As a result, the Court will be required to decide the merits of the potentially dispositive FSIA immunity issue in connection with the Motion to Stay without the benefit of full briefing that will accompany the Motion to Dismiss.  Given the judicial vacancies in the Central District, the Court simply does not have the time or resources to engage in such an endeavor.  The FSIA issues have been known to Qatar's counsel since the inception of this action and the identical FSIA issues were raised in Qatar's April 3, 2018 Opposition to Plaintiffs' Ex Parte Application for (1) Temporary Restraining Order Against Defendants; (2) Order to Show Cause for Preliminary Injunction; and (3) Order Granting Expedited Discovery ("Application").  *See* Docket No. 32.  Accordingly, there is

absolutely no reason why these issues could not have been raised and decided shortly after the Court denied Plaintiffs' Application on April 4, 2018.  *See* Docket No. 37.

For all of the foregoing reasons, Qatar's Motion to Stay is **CONTINUED** from July 9, 2018, at 1:30 p.m., to July 30, 2018, at 1:30 p.m.

IT IS SO ORDERED.

Initials of Deputy Clerk _sr_