**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
　dwillingham@bsfllp.com
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Lee S. Wolosky (*pro hac vice*)
　lwolosky@bsfllp.com
Robert J. Dwyer (*pro hac vice*)
　rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone: (212) 446-2300
Fax: (212) 446-2350

Amy L. Neuhardt (*pro hac vice*)
　aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 20005-2102
Phone: (202) 237-2727
Fax: (202) 237-6131

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>　　　　Defendants. | Case No. 18-cv-02421-JFW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF QATAR'S REQUEST FOR JUDICIAL NOTICE**<br><br>**Opposition to Defendant State of Qatar's Motion to Dismiss; Declaration of Josh N. Friedman; Declaration of Lee S. Wolosky; and [Proposed] Order filed concurrently herewith**<br><br>**The Honorable John F. Walter**<br><br>Hearing Date: July 30, 2018<br>Time: 1:30 p.m.<br>Ctrm.: 7A |

**OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201 and for the reasons stated herein, Plaintiffs request that this Court deny Defendant State of Qatar's ("SOQ") Request for Judicial Notice, filed concurrently with SOQ's Notice of Motion and Motion to Dismiss Plaintiffs' First Amended Complaint. In the alternative, Plaintiffs request that this Court take judicial notice of the information contained in the following described documents and statements in deciding SOQ's motion to dismiss:

1. Attached as **Exhibit 1** is a true and correct copy of remarks issued by President Donald J. Trump on June 9, 2017 during a Joint Press Conference with President Iohannis of Romania, and published on the White House's official website. The exhibit includes President Donald J. Trump's statement that:

> The nation of Qatar, unfortunately, has historically been a funder of terrorism at a very high level, and in the wake of that conference, nations came together and spoke to me about confronting Qatar over its behavior. So we had a decision to make: Do we take the easy road, or do we finally take a hard but necessary action? We have to stop the funding of terrorism. I decided, along with Secretary of State Rex Tillerson, our great generals and military people, the time had come to call on Qatar to end its funding — they have to end that funding — and its extremist ideology in terms of funding.

2. Attached as **Exhibit 2** is a true and correct copy of remarks issued by Acting Under Secretary of the Treasury Adam Szubin on October 20, 2016, and published on the U.S. Department of the Treasury's website. The exhibit includes Acting Under Secretary Szubin's statement that SOQ "still lacks the necessary political will and capacity to effectively enforce their CFT laws against all terrorist financing threats regardless of organization or affiliation."

3. Attached as **Exhibit 3** is a true and correct copy of a transcript from a 2017 U.S. Congressional Hearing before the Subcommittee on the Middle East and North Africa of the Committee on Foreign Affairs in the House of Representatives. During this hearing, Chairwoman Ileana Ros-Lehiten (R-FL) stated that: "Qatar

has been known to be a permissive environment for terror financing, reportedly funding U.S. designated foreign terrorist organizations, such as Hamas, as well as several extremist groups operating in Syria." At that same hearing, Congressman Ted Deutch (D-FL) stated:

> Qatar has served as a financial and political lifeline for Hamas' devastating rule in Gaza since the terror group took over more than a decade ago. Qatar has sent hundreds of millions of dollars into the Gaza strip, provides safe haven in Doha for Hamas leader, Khaled Meshaal, and helped legitimize Hamas rule in 2012 when the Emir became the first international leader to visit Hamas-led territory. Qatar has also supported other dangerous groups in the region, including sending advanced weaponry and financing to extremist elements in Syria and Libya, and Al Jazeera has given voice to clerics calling for suicide attacks against Americans and Israelis.

## ARGUMENT

This Court should deny SOQ's request. First, SOQ filed its request without conferring with Plaintiffs or even mentioning its intention to file the request to Plaintiffs,[1] in direct contravention of the Local Rule 7-3 and this Court's Standing Order. (*See* ECF No. 17.) "Local Rule 7-3 requires counsel contemplating filing a motion to meet and confer with opposing counsel first, and thoroughly discuss the substance of the motion and any potential resolution. Failure to comply with the meet and confer requirement before filing is alone sufficient to warrant denial of a motion." *Fuel Industries, Inc. v. Fuel LLC*, No. 2:14-cv-09794-ODW-SH, 2015 WL 4241395, at *2 (C.D. Cal. July 13, 2015) (finding defendants purposefully concealed their intent to bring the motion and "fail[ed] to follow the most basic procedural rules"); *see also Cucci v. Edwards*, 510 F. Supp. 2d 479, 486 (C.D. Cal. 2007) (noting that the Court may deny a motion to remand based only on the basis

---

[1] The parties met and conferred on June 20, 2018 at 11:30 a.m. concerning SOQ's motion to dismiss. (*See* ECF 109.) SOQ did not address this Request for Judicial Notice at that time or at any other time.

that plaintiff failed to contact defendants prior to filing the motion).  Based on SOQ's failure to properly follow the Court's procedural rules, this Court should deny SOQ's request.

Second, this Court should also deny SOQ's request because taking judicial notice of the requested facts would serve no legitimate purpose, and therefore need not be considered "in deciding [SOQ]'s motion to dismiss."  (*See* Request for Judicial Notice 1, ECF No. 113.)  SOQ requests judicial notice of five exhibits providing information regarding SOQ's diplomatic relationship with the United States (*see* ECF No. 113-1), purportedly to support its argument that SOQ "is a key strategic partner of the United States in the Middle East" (Br. 3, ECF No. 112-1). However, representations concerning SOQ's relationship with the United States are not relevant to the legal analysis required under the FSIA, which concerns SOQ's conduct as well as statutory rules governing the parameters of state immunity. SOQ's contentions that diplomatic considerations require the dismissal of this action should be addressed in a statement of interest from the U.S. Department of State, as Plaintiffs have now proposed in their opposition to SOQ's Motion to Dismiss, filed concurrently herewith.

Finally, this Court should deny SOQ's request because the "facts" SOQ attempts to derive from the documents attached to its request—including that SOQ is a "key strategic partner of the United States" and that SOQ and the United States "have a longstanding relationship as allies" (Br. 3)—are "subject to reasonable dispute."  *See* Fed. R. Evid. 201(b).  For the sake of completeness, should this Court grant SOQ's request for judicial notice and decide that it will consider SOQ's "facts" in connection with the motion to dismiss, this Court should also take judicial notice of the information contained in **Exhibits 1, 2, and 3**, in support of Plaintiffs' opposition to SOQ's motion to dismiss.  *Cf. Beech Aircraft v. Rainey*, 488 U.S. 153, (1988) ("In its aspect relevant to this litigation,

the rule of completeness was stated succinctly by Wigmore: 'The opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance.'" (citation omitted)).

As SOQ itself states, "[i]t is appropriate to take judicial notice of . . . information [that] was made publicly available by government entities . . . , [where] neither party disputes the authenticity of the web sites [or documents,] or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *see also* Fed. R. Evid. 201 (a court may take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

**Exhibits 1, 2, and 3**, as described above, are all part of the public record, and have been made available by reliable sources on U.S. Government websites. *See, e.g.*, *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008) (taking judicial notice of drug labels from FDA's website). As a result, the information is equally subject to judicial notice as is the information submitted by SOQ in its request.

Respectfully submitted,

Dated: July 9, 2018          **BOIES SCHILLER FLEXNER LLP**

By: /s/ Lee S. Wolosky

LEE S. WOLOSKY
*Counsel for Plaintiffs*