**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
  dwillingham@bsfllp.com
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Lee S. Wolosky (pro hac vice)
  lwolosky@bsfllp.com
Robert J. Dwyer (pro hac vice)
  rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone: (212) 446-2300
Fax: (212) 446-2350

Amy L. Neuhardt (*pro hac vice*)
  aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 20005-2102
Phone: (202) 237-2727
Fax: (202) 237-6131

*Counsel for Plaintiffs*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Case No. 18-cv-02421-JFW<br><br>**DECLARATION OF JOSHUA N. FRIEDMAN IN SUPPORT OF OPPOSITION TO DEFENDANT STATE OF QATAR'S MOTION TO DISMISS**<br><br>[Memorandum of Points and Authorities, Opposition to Request for Judicial Notice, Declaration of Lee S. Wolosky, and Proposed Order filed concurrently herewith]<br><br>**The Honorable John F. Walter**<br><br>**Hearing Date:** July 30, 2018<br>**Time:** 1:30pm<br>**Courtroom:** 7A |

Case No. 18-cv-02421-JFW
DECLARATION OF JOSHUA N. FRIEDMAN

# DECLARATION OF JOSHUA N. FRIEDMAN

I, Joshua N. Friedman, hereby declare as follows:

1. I am Counsel in the law firm of Boies Schiller Flexner LLP. I represent Plaintiffs in this action.

2. Plaintiffs have engaged in third-party discovery aimed at, among other things, obtaining admissible forensic evidence relating to the attack against Plaintiffs and the exfiltration of emails, documents, and data belonging to them. This forensic evidence relating to the attack and the attackers will be used to prove attribution at trial.

3. On March 2, 2018, Plaintiffs retained Ankura Consulting to forensically investigate possible unauthorized access to Broidy Capital Management ("BCM") data systems. I have co-supervised and co-directed Ankura's investigative work since the retention of my law firm by Plaintiffs.

4. Initial investigative activity included searching for spear phishing emails, acquiring available system logs, and securing forensically sound copies of affected systems.

5. On March 5, 2018 Ankura provided BCM's IT support provider, Argyle Corporation (Argyle), with a copy of the Forensics Tool Kit (FTK) disk imager to secure evidence from BCM's email server identified as host name "EX1." Ankura directed Argyle employees through the process of using FTK to produce a forensic copy of EX1 and the imaging process was completed on March 8, 2018. Once complete Argyle shipped the FTK produced image of EX1 directly to Ankura. Ankura received a hard-drive containing the FTK image of EX1 on March 14, 2018 and logged it into evidence.

- 1 -

Case No. 18-cv-02421-JFW
DECLARATION OF JOSHUA N. FRIEDMAN

6. Ankura analyzed this evidence and, among other steps, obtained available logs including Internet Information System ("IIS") logs that recorded data related to external connections to the BCM server. The data includes Internet Protocol ("IP") addresses that maliciously and without authorization connected to the BCM network. Ankura further relied on both publicly available and proprietary methods to determine ownership of the Internet Protocol ("IP") addresses observed in the attack.

7. The following conclusions were reached as a result of the foregoing forensic investigation.

**The Attack Was Large Scale and Sophisticated**

8. Plaintiffs have determined that the attackers accessed Plaintiffs' server located in California and executed commands on that server to extract data from Plaintiffs' server.

9. Plaintiffs have determined that the attackers extracted data between January 16 to February 25 and accessed Plaintiffs' server hundreds of thousands of times during that period.

10. Plaintiffs have determined that the attackers used stolen credentials (username and password) to access Plaintiffs' server in California.

11. Plaintiffs have seen evidence suggesting that that the attackers were working as part of a group that has at least 24 members.

12. Plaintiffs have been able to ascertain ownership information associated with most of the malicious IP addresses used in the attack and in the exfiltration of Plaintiffs' emails, documents, and data.

13. Almost all of the IP addresses that Plaintiffs have identified as having been used in the attack are associated with Virtual Private Network

- 2 -

Case No. 18-cv-02421-JFW
DECLARATION OF JOSHUA N. FRIEDMAN

("VPN") providers. Among other features, VPN technology allows internet users to shield their true location and identity from the servers they connect to.

14. The attackers' use of VPN services limits the ability of Plaintiffs to easily identify the true location of the attackers.

15. The attackers used VPN servers located in the United States, including IP addresses associated with servers in California, Utah, Texas, Georgia, Florida, Illinois, New Jersey, and New York.

16. In addition, the attackers have used services offered by U.S. companies as tools in the attack, including services offered by Bitly, Cloudinary, Dropbox, Google, and TinyURL.

17. At points, the attackers did not only use these U.S. services, but also used, accessed, and transmitted files stored on those companies' servers to carry out the attacks.

**The Direct Vermont Attack**

18. Plaintiffs have identified numerous Internet Service Providers ("ISPs") used in the attacks against Plaintiffs.

19. Plaintiffs have identified two IP addresses used in the attack that are associated with Vermont Telephone Company ("VTel"), an ISP in Vermont.

20. In response to a subpoena issued to VTel, VTel provided evidence that established that the Vermont IP addresses related to the attack were registered to small companies located in Killington, VT and in Wallingford, VT, which are located approximately 22 miles from each other.

21. These two IP addresses are: 66.220.241.16 (Killington, VT) and 66.220.235.177 (Wallingford, VT).

Case No. 18-cv-02421-JFW
DECLARATION OF JOSHUA N. FRIEDMAN

22. Forensic analysis of Plaintiffs' IIS logs demonstrates that users from these Vermont IP addresses directly accessed Plaintiffs' servers 178 times from February 12, 2018 to February 25, 2018.

23. The access from these IP addresses to Plaintiffs' servers appears to have been direct, meaning that there is no evidence it was associated with VPNs or similar anonymization tools.

24. With the exception of the IP addresses in Vermont and one in Qatar, all of the IP addresses that accessed Plaintiffs' servers from January 16, 2018 to February 25, 2018 were associated with VPNs or similar anonymization tools.

*The Dissemination of Stolen Documents to the Media*

25. After extraction of the stolen documents in electronic format, the documents were disseminated in the United States to U.S. media outlets as PDFs. PDFs disseminated to U.S. media organizations bear time stamps suggesting they were created in the Central and Eastern time zones of the United States.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 9, 2018    By: /s/ Joshua N. Friedman

Joshua N. Friedman
*Counsel for Plaintiffs*