1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LECLAIRRYAN LLP**
Brian C. Vanderhoof, CBN 248511
  Brian.Vanderhoof@leclairryan.com
725 S. Figueroa Street, Ste. 350
Los Angeles, CA  90017
Phone: (213) 337-3247 / Fax: (213) 624-3755

**WILEY REIN LLP**
Stephen J. Obermeier (*pro hac vice*)
  sobermeier@wileyrein.com
Phone: (202) 719-7465 / Fax: (202) 719-7049

Matthew J. Gardner, CBN 257556
  mgardner@wileyrein.com
Phone: (202) 719-4108 / Fax: (202) 719-7049

Rebecca J. Fiebig (*pro hac vice*)
  rfiebig@wileyrein.com
Phone: (202) 719-3206 / Fax: (202) 719-7049

1776 K Street NW
Washington, DC 20006

*Attorneys for Defendants*
*Stonington Strategies LLC and Nicolas D. Muzin*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>                    Plaintiffs,<br><br>          v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>                    Defendants. | Case No. 2:18-CV-02421-JFW-E<br><br>The Honorable John F. Walter<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STONINGTON DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION TO CONTINUE HEARING**<br><br>**Hearing Date: August 13, 2018**<br>**Proposed Hearing Date:**<br>**August 27, 2018** |

1    The application of Plaintiffs Broidy Capital Management LLC and Elliott Broidy
2    (together, "Plaintiffs") to continue the hearing on the motion to dismiss filed by
3    Defendants Nicolas D. Muzin and Stonington Strategies LLC (together, "Stonington
4    Defendants") should be denied.  As in most situations where litigators have personal
5    conflicts with court dates, there are many possible solutions here that would both
6    accommodate the scheduling conflict and protect the interests of the various parties.
7    Plaintiffs' application, however, insists on only one solution: moving the hearing date
8    without any accommodation to the Stonington Defendants' legitimate interests in
9    resolving the matter quickly, especially while Plaintiffs engage in unilateral discovery.

10    As discussed below, the Stonington Defendants have made multiple good faith
11    efforts to cooperate with Plaintiffs on the hearing date.

12    *First*, the Stonington Defendants filed a joint stipulation to hold the hearing on
13    August 6, 2018, Dkt. 118.  The Court, however, denied that stipulation on June 29,
14    2018.  Dkt. 120.  Plaintiffs' motion unfairly casts the Stonington Defendants as
15    unsympathetic to Mr. Wolosky's schedule, but even a cursory review of the email
16    exchange between the parties demonstrates that is false.  *See* Dkt. 140-2, 140-3.  The
17    truth is that the Stonington Defendants have already offered a different hearing date,
18    and consistent with their understanding of this Court's July 3 Order, Dkt. 122, filed and
19    noticed their motion to dismiss promptly.

20    *Second*, although Mr. Wolosky may not be available for the hearing on August
21    13, 2018, Plaintiffs have an army of attorneys working on this case, including multiple
22    partners—some based out of Los Angeles—from a top-ranked, national law firm.  In
23    fact, attorneys other than Mr. Wolosky have participated in meet and confers on behalf
24    of Plaintiffs when Mr. Wolosky has been unavailable.  As undersigned counsel
25    suggested in his July 6 email to Plaintiffs' counsel, *see* Dkt. 140-2, Plaintiffs certainly
26    could have sought permission to have another attorney argue the motion—a fair
27    compromise to which the Stonington Defendants would have consented to avoid the
28    issues described herein.  Indeed, the Court's Standing Order expressly contemplates

1

that the Court may permit more than one individual to be designated "lead counsel." Dkt. 17 at 2. ("Only ONE attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court.").   Instead, Plaintiffs decided to burden the Court with this application for relief.

*Third*, Plaintiffs could accommodate the interests of Stonington Defendants and agree to stay discovery (including third-party discovery) until after the hearing on the motion to dismiss.  As explained in the Stonington Defendants' stay motion, Dkt. No. 81, Plaintiffs do not have any legitimate interest in pushing forward with discovery while the defendants' motions to dismiss are decided, and they will not be prejudiced in any legitimate way if they agree to a stay of discovery until then.

In contrast, the Stonington Defendants will suffer prejudice if the hearing is delayed and Plaintiffs continue their discovery blitz.  From the outset, Plaintiffs have aggressively pursued unilateral, burdensome, and costly discovery against the Stonington Defendants and myriad third parties before the Stonington Defendants even had the opportunity to respond to the Complaint, let alone the First Amended Complaint.  Plaintiffs then weaponized this discovery, for example, leaking Dr. Muzin's telephone records to the press in an effort to smear his reputation.   *See* Dkt. 96 at 11.[1] And just this past week, Plaintiffs publicly filed "Attorneys Eyes Only" documents from third-party Joey Allaham that could have been acquired by the media and may still turn up in the public record. *See* Dkt. 131.  The Stonington Defendants should not, therefore, be subjected to the irreparable costs and threat of public attacks associated with two more weeks of discovery before their motion to dismiss is heard because of a scheduling conflict with Plaintiffs' counsel.

*Finally*, the Stonington Defendants twice asked Plaintiffs to refrain from seeking Court intervention until after the July 30, 2018 hearing on Defendant Qatar's motion to

---

[1] After the Stonington Defendants filed their Reply to their Motion to Stay, Plaintiffs responded to the Stonington Defendants' request for confirmation that neither Plaintiffs nor their counsel leaked Dr. Muzin's phone records—either directly or indirectly—to the media, but failed to actually provide the requested confirmation. *See* Exs. A, B.

dismiss and the defendants' motions to stay discovery, as the results of that hearing might have mooted this dispute or allowed the parties to cooperate so as to avoid the need to disturb the Court with this additional briefing. *See* Dkt. 140-2, 140-3. Indeed, Plaintiffs concede as much. Dkt. 140 at 3. Plaintiffs nevertheless refused, instead immediately filing this "application" without any "temporal urgency" or threat of "immediate and irreparable harm." *Adknowledge, Inc. v. Warshal*, No. EDCV13-01301JFW, 2013 WL 12144089, at *1 (C.D. Cal. Sept. 10, 2013) (quoting *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)).[2] Again, Plaintiffs have inaccurately cast the Stonington Defendants as being unwilling to compromise on the hearing date despite undersigned counsel's express willingness to do so.

As a result, notwithstanding the Stonington Defendants' sincere sympathy with Mr. Wolosky's conflict and good faith attempts to cooperate on the schedule (and offers to do so in the future), the Stonington Defendants have no choice but to oppose Plaintiffs' application. The Stonington Defendants request that the Court deny Plaintiffs' application and either allow another one of Plaintiffs' attorneys to argue the motion on August 13, or grant the Stonington Defendants' pending motion to stay discovery and move the hearing to August 27, when Mr. Wolosky will be available. Unlike Plaintiffs' proposed solution, either of these options would both accommodate Mr. Wolosky's schedule ***and*** the Stonington Defendants' legitimate interests.

---

[2] Plaintiffs have not labeled their "application" as "ex parte," and they make no effort whatsoever to satisfy this Court's high bar for emergency relief. Dkt. 17 at 11 ("Ex parte applications are solely for extraordinary relief." (citing *Mission Power Eng'g Co.*, 883 F. Supp. at 490)); *see Ahmed v. HSBC Bank USA*, No. EDCV15-2057, 2018 WL 504672, at *3 (C.D. Cal. Jan. 12, 2018). However, they have not set a hearing date or otherwise complied with the Local Rules regarding motions practice, and thus the Stonington Defendants are, out of an abundance of caution, filing this opposition within twenty-four hours pursuant to this Court's Standing Order. Dkt. 17 at 11-12. To the extent this application does qualify as a request for ex parte relief, it should be denied for its complete failure to satisfy the standard for such relief.

1    Dated:  July 11, 2018

Respectfully submitted,

WILEY REIN LLP

LECLAIRRYAN LLP


By: */s/ **Stephen J. Obermeier***

Stephen J. Obermeier


*Attorney for Defendants Stonington*
*Strategies LLC and Nicolas D. Muzin*