# EXHIBIT 1

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Case No. 2:18-CV-02421-JFW-(Ex)<br><br>The Honorable ~~John F. Walter~~ Charles F. Eick<br><br>**Request to the Appropriate Judicial Authority of the State of Qatar for Judicial Assistance** |

The United States District Court Central District of California presents its compliments to the appropriate judicial authority of the State of Qatar, and requests international assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter.

## I. REQUEST

This Court respectfully requests the assistance described herein as necessary in the interests of justice. This Court requests that the appropriate judicial authority of the State of Qatar compel Ooredoo Q.S.C. ("Ooredoo"), a company having its principal place of business in Doha, Qatar, to produce the documents requested in Attachment A ("Evidence Request"). Ooredoo's address in Doha, Qatar is:

> Ooredoo Q.S.C.
> Ooredoo Tower
> West Bay Area, Doha, Qatar

The appropriate judicial authority of the State of Qatar is requested to serve the Evidence Request in a manner of service consistent with the laws of the State of Qatar. This Court further requests that Ooredoo be ordered to produce the documents requested in the Evidence Request directly to David K. Willingham, counsel for Plaintiffs at the following address:

> David K. Willingham, Esq.
> 725 S Figueroa Street, 31st Floor
> Los Angeles, California 90017
> Phone: +213-629-9040

## II. FACTS OF THE CASE

Plaintiffs Broidy Capital Management LLC ("BCM") and Elliott Broidy ("Broidy") have filed a civil complaint against Defendants the State of Qatar, Stonington Strategies LLC, Nicolas D. Muzin, Global Risk Advisors LLC, Kevin Chalker, David Mark Powell, Mohammed Bin Hamad Bin Khalifa al Thani, Ahmed Al-Rumaihi, and other as yet unidentified individuals and entities. The complaint alleges that the State of Qatar, by itself and/or through its agents, unlawfully hacked into Plaintiffs' email accounts and computer servers, stole private emails and documents, and broadly disseminated the stolen items to domestic and foreign media. Plaintiffs allege that Ooredoo is in possession of evidence that is directly relevant to material issues in dispute before this Court. BCM's computer server logs allegedly show that someone using one or more computing devices on Ooredoo's Internet service provider network ("Ooredoo ISP Network") connected to BCM's servers on February 14, 2018 and February 19, 2018. BCM's server logs also allegedly show that the user or users of the computing devices assertedly transmitted BCM's and Broidy's confidential and proprietary data from BCM's servers to supposedly unauthorized computers. According to Plaintiffs, Neither BCM nor Broidy were aware of, or

-2-

LETTER ROGATORY

1  authorized, the data transfers described above. The Internet Protocol Address ~~used~~ [assertedly]
2  by the identified computing device or devices ("Subject IP Address") is [allegedly] registered as
3  being part of the Ooredoo ISP Network. The [assertedly] ~~unauthorized~~ data transfer [allegedly] carried out
4  by the person or persons using the Subject IP Address is [assertedly] was part a coordinated
5  effort to infiltrate BCM's servers for the [supposed] ~~purpose~~ of stealing, and then publicly
6  disseminating, BCM's and Broidy's [allegedly] ~~private~~ email and [allegedly] ~~confidential~~ documents.
7       As the operator of the Ooredoo ISP Network, Ooredoo [may] maintain~~s~~, among
8  other things, logs that record the Internet activity of computing devices using IP
9  addresses registered to the Ooredoo ISP Network. Ooredoo also [may] maintain~~s~~
10 information that can be used to identify subscribers who [may have been] ~~were~~ using specific IP
11 addresses on specified dates. This Court is, therefore, requesting assistance in
12 obtaining from Ooredoo Internet activity logs and subscriber information relating
13 the Internet activity associated with the Subject IP Address on two specific dates.
14 The requested evidence [appears] ~~is~~ material to the issues being litigated in this Court and [may] ~~will~~
15 help identify the individuals and computing devices that [allegedly] infiltrated BCM's servers
16 on February 14, 2018, and February 19, 2018. Plaintiffs [assertedly] ~~believe~~ Ooredoo may be
17 the only reasonably available source that has possession, custody, or control of such
18 evidence.

19   **III.   PARTIES AND THEIR COUNSEL**
20       The parties to the above-captioned case and their counsel are as follows

| **Attorneys for Plaintiffs Elliott Broidy and BCM** | **Attorneys for Defendants Stonington Strategies LLC and Nicolas D. Muzin** |
|---|---|
| **BOIES SCHILLER FLEXNER LLP** <br> David K. Willingham, Esq. <br> 725 S Figueroa Street, 31st Floor <br> Los Angeles, California 90017 <br><br> Lee S. Wolosky, Esq. <br> Robert J. Dwyer, Esq. <br> 575 Lexington Ave., 7th Floor <br> New York, New York 10022 <br><br> Amy L. Neuhardt, Esq. <br> 1401 New York Avenue, NW <br> Washington, DC 20005 | **WILEY REIN LLP** <br> Stephen J. Obermeier, Esq. <br> Matthew J. Gardner, Esq. <br> Rebecca J. Fiebig, Esq. <br> 1776 K Street NW <br> Washington, DC 20006 <br><br> **LECLAIRRYAN LLP** <br> Brian C. Vanderhoof, Esq. <br> 725 S. Figueroa Street, Suite 350 <br> Los Angeles, California 90017 <br><br> **Attorneys for Defendant State of Qatar** <br> **COVINGTON & BURLING LLP** <br> Mitchell A. Kamin, Esq. <br> Neema T. Sahni, Esq. <br> Mark Y. Chen, Esq. <br> Rebecca G. Van Tassell <br> 1999 Avenue of the Stars, Suite 3500 <br> Los Angeles, California 90067-4643 <br><br> **Attorneys for Defendants Global Risk Advisors LLC and Kevin Chalker** <br> **WILMER CUTLER PICKERING HALL AND DORR LLP** <br> Rebecca A. Girolamo <br> 350 South Grand Avenue, Suite 2100 <br> Los Angeles, CA 90071 |

### IV.  RECIPROCITY

The United States District Court for the Central District of California expresses its willingness to provide similar assistance to the Appropriate Judicial Authority of the State of Qatar.

### V.  REIMBURSEMENT FOR COSTS

Counsel for Plaintiffs is willing to reimburse the judicial authorities of the State of Qatar for costs incurred in executing this Letter Rogatory. If the cost of executing this Court's Letter Rogatory exceeds $1,500.00, the judicial authorities of The State of Qatar are requested to contact the counsel for Plaintiffs:

> David K. Willingham, Esq.
> 725 S Figueroa Street, 31st Floor
> Los Angeles, California 90017

### VI. SPECIAL PROCEDURES

This Court requests that the evidence produced by Ooredoo in response to this letter rogatory be accompanied by a certification attesting that the documents are authentic and that the documents are records Ooredoo creates and maintains in the regular course of its business ("Certification"). This special procedure is being requested in order to comply with the Federal Rules of Evidence, which apply to evidence that will be presented to this Court. Pursuant to the Federal Rules of Evidence, the Certification must be signed by a person in the company who is responsible for maintaining the documents being produced. In addition, the Certification must be signed in a manner that would, if falsely made, subject the maker to a criminal penalty in the State of Qatar. This Court considers it necessary in the interests of justice that such a Certification be obtained from a representative of Ooredoo when it produces the documents. To provide Ooredoo with guidance when preparing the Certification, a proposed form is attached to this letter rogatory as Attachment B.

1  DATED: ~~June~~ July ___, 2018

   Hon. ~~John F. Walter~~ CHARLES F. Eick
2  United States ~~District Judge~~ Magistrate Judge
3  255 E. Temple St. ~~350 W. 1st Street~~, Courtroom ~~7B~~ 750
   Los Angeles, CA 90012
4  United States of America

5  **Kiry K. Gray, Clerk of Court**
6  by ~~(deputy clerk's signature)~~
      _____
7  Deputy Clerk (STACEY Pierson ~~deputy clerk's printed name~~)

8
9  Seal (~~district court's inked stamp seal is affixed here~~)

-6-

LETTER ROGATORY

# APPENDIX A
## TO LETTER ROGATORY ISSUED TO OOREDOO Q.S.C.

### DEFINITIONS

1. The term "Subject IP Address" means the following Internet Protocol Address:78.100.98.117.

    a. The term "Infiltration Date" means each of the following dates with respect to the Subject IP Address: both (i) February 14, 2018, from 06:37 to 06:38 UTC and (ii) February 19, 2018 at 07:21 UTC.

2. The term "Subscriber" means all persons or entities to whom the Subject IP Address was assigned on each Infiltration Date.

### DOCUMENTS TO BE PRODUCED

Document Request No. 1:

Documents sufficient to identify the Subscriber or Subscribers who used the Subject IP Address on each of the Infiltration Dates, including the Subscriber's name, telephone numbers, email addresses, and the physical location to which the Subject IP Address was assigned.

Document Request No. 2:

The computer usage logs, Internet Protocol logs, web server logs, or other documents used to record Internet activity relating to the Subject IP Address for the time period beginning twenty-four hours before each Infiltration Date until twenty-four hours after each Infiltration Date.

Document Request No. 3:

All billing records associated with the Subject IP Address on each Infiltration Date.

Document Request No. 4:

Documents sufficient to show the type device or types of devices that used the Subject IP Address on each Infiltration Date, including but not limited to device identifying information such as the International Mobile Subscriber Identity ("IMSI") number, the Media Access Control Address ("MAC Address"), or other device identifying information associated with the device or devices.

<u>Document Request No. 5:</u>

All documents related to reports to any entities including but not limited to law enforcement or government agencies related to the Subject IP Addresses or the Subscriber or Subscribers to whom the Subject IP Address was assigned on each Infiltration Date.

# APPENDIX B
## TO LETTER ROGATORY ISSUED TO OOREDOO Q.S.C.

CERTIFICATION OF FOREIGN BUSINESS RECORDS

I, the undersigned, _____, with the understanding that I am subject to criminal penalty under the laws of the State of Qatar governing the making of an intentionally false declaration, declare that I am employed by Ooredoo, Q.S.A ("Ooredoo"). I hold the position of _____ with the company. As part of my official duties in that capacity, I am responsible for maintaining the documents attached to this Certification. By virtue of my position and responsibilities, I am authorized and qualified to certify the following with respect to the documents attached hereto ("Documents"):

1. The Documents are either original records or are true and accurate copies of original records maintained by Ooredoo as part of its regularly conducted business activities.

2. The Documents record acts, events, or information relating to Ooredoo's business activities.

3. The Documents were made, or contain information that was collected and recorded, at or near the time of the acts, events, or information recorded in them. Alternatively, the information contained in the Documents was collected and recorded from information transmitted by someone with knowledge of, or by an automated process designed to record, such acts, events, or information.

4. Ooredoo makes the Documents, or records the information contained in the Documents, as part of its regularly conducted business activities.

Under penalty of perjury pursuant to the laws of the State of Qatar, I certify that the foregoing statements are true and correct.

Dated: _____

Signature: _____
Name: _____
Title: _____