**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
  dwillingham@bsfllp.com
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Lee S. Wolosky (*pro hac vice*)
  lwolosky@bsfllp.com
Robert J. Dwyer (*pro hac vice*)
  rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone: (212) 446-2300
Fax: (212) 446-2350

Amy L. Neuhardt (*pro hac vice*)
  aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 2005-2102
Phone: (202) 237-2727
Fax: (202) 237-6131

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Case No. 18-cv-02421-JFW<br><br>**DECLARATION OF DOUGLASS A. MITCHELL RE FILING DOCKET ENTRY 126** |

# DECLARATION OF DOUGLASS A. MITCHELL

I, Douglass A. Mitchell, hereby declare as follows:

1. I am a Partner in the law firm of Boies Schiller Flexner LLP ("BSF"). I am involved in the firm's representation of Plaintiffs in this action.

**The Inadvertent Misfiling of Exhibits Containing Confidential Information**

2. On July 6, 2018, I worked with Adelina Landeros, a legal assistant in the Los Angeles Office of BSF to file two documents: (1) Plaintiffs' Application for Leave to File under Seal Certain Exhibits and References Thereto in Opposition to State of Qatar Motion to Dismiss ("Application"); and (2) Declaration of Lee S. Wolosky in Support of Plaintiffs' Application for Leave to File under Seal Certain Exhibits and References Thereto in Opposition to State of Qatar's Motion to Dismiss ("Declaration").

3. The Application and Declaration sought the Court's permission to file under seal three exhibits ("Confidential Exhibits") Plaintiffs intended to submit in support of their Opposition to Defendant State of Qatar's Motion to Dismiss pursuant to Rule 12(b)(1) ("Opposition"). Plaintiffs' Opposition was, at the time, due to be filed on July 9, 2018.

4. The Confidential Exhibits contained documents produced from, and testimony given by, non-party Joseph Allaham in response to subpoenas served on him in New York. On June 11, 2018, Judge Katherine B. Forrest of the Southern District of New York provisionally designated all information provided by non-party Joseph Allaham as confidential and Attorney Eyes Only in Broidy Capital Management et ano. v. Allaham, No. 18-mc-00240-KBF (S.D.N.Y.) ("SDNY Proceedings") "until such time as Judge John F. Walter has an opportunity to rule on a more permanent protective order in the underlying action."

- 1 -

Case No. 18-cv-02421-JFW
DECLARATION OF DOUGLASS MITCHELL

5. Before starting the process of filing the Application, Declaration, and Confidential Exhibits, Ms. Landeros and I discussed why Plaintiffs were filing the documents and that the Confidential Exhibits contained information Plaintiffs were required to file under seal.

6. Ms. Landeros and I also reviewed (a) Local Rule 79-5, relating to filing documents under seal; (b) Paragraph 9 of the Court's March 27, 2018 Standing Order (ECF No. 17), relating to filing documents under seal; and (c) the district court's Guide to Electronically Filing Under Seal Documents in Civil Cases ("Sealed Filing Guide").

7. After reviewing the applicable rules, Ms. Landeros and I walked through the steps outlined on pages 5-14 of the Sealed Filing Guide. We discussed among other things:

   a. using the "Under Sealed Filing Events" menu item on the district's ECF filing system to initiate the two-step process for filing applications for leave to file documents under seal;

   b. the requirement to file the Application and the Declaration as two separate docketing events;

   c. using the "Leave to File Document Under Seal" event to file the Application, and the exhibits attached to it;

   d. the fact that the Application, and any exhibits attached to it, would be publicly available on PACER;

   e. using the "Sealed Document in Support" event to file the Declaration, and the Confidential Exhibits that would be attached to it;

   f. the fact that the Declaration, and the Confidential Exhibits would be sealed and not publicly available on PACER.

- 2 -
Case No. 18-cv-02421-JFW
DECLARATION OF DOUGLASS MITCHELL

8. I identified the four specific exhibits that were to be filed as attachments to the Application and we discussed that those four exhibits could be publicly filed because they did not contain confidential information.

9. I identified the three specific exhibits that were the Confidential Exhibits and explained that they needed to be filed as attachments to the Declaration because they contained confidential information that Plaintiffs were required to file under seal.

10. As a result of our discussions, I believe Ms. Landeros understood the process for filing applications for leave to seal documents in the Central District of California. I also knew Ms. Landeros had a copy of the Sealed Filing Guide and would be able to follow the steps outlined in it as she filed the Application and the Declaration.

11. Ms. Landeros then proceeded to file the Application and the Declaration.

12. At approximately 3:52 pm Pacific Time, I received an email forwarding the ECF Notice notifying the parties that the Application had been filed as Docket Entry 125. After reviewing the ECF Notice for the Application, I confirmed that (a) the notice indicated that the filing event was "Application"; (b) the correct exhibits had been filed as attachments to the Application; and (c) the Application and its attachments were publicly available.

13. At approximately 3:57 pm Pacific Time, I received an email forwarding the ECF Notice notifying the parties that the Declaration had been filed as Docket Entry 126. Upon reviewing the ECF Notice, I saw that (a) the notice indicated the filing event was "Application" even though the description of the document indicated it was the Declaration; (b) the Confidential Exhibits had been filed as attachments to the Declaration; and (c) the Declaration and Confidential Exhibits were publicly available.

14. Within approximately one minute of receiving the ECF Notice relating to the Declaration, I called Ms. Landeros and explained the Declaration appeared to have been misfiled and that the Confidential Exhibits were public. Ms. Landeros recognized the mistake. I then asked her to contact Judge Walter's courtroom deputy immediately, explain that the documents filed with Docket Entry 126 contained confidential information that Plaintiffs intended to file under seal, and ask her to either remove or seal Docket Entry 126.

15. Ms. Landeros hung up and began contacting the Court.

16. Approximately fifty minutes later, I received an email forwarding an ECF Notice notifying the parties that the Court had sealed Docket Entry 126 at 4:45 pm PDT (ECF No. 128).

17. After receiving the ECF Notice, I verified that Docket Entry 126 was no longer publicly available on PACER.

**Efforts to Verify the Confidential Exhibits Were Not in the Possession of Anyone Other Than Individuals Affiliated with Law Firms of Record in This Case or the SDNY Proceedings**

18. On July 6, 2018, at approximately 7:31 p.m. Pacific Time, counsel for Qatar notified Plaintiffs' counsel that, before the Court entered its sealing order, the Confidential Exhibits had been disseminated via at least one third-party PACER tracking service.

19. On July 7, 2018, I undertook to identify third-party PACER tracking services ("PACER Tracking Services") so that I could contact them to verify whether any of their users (other than individuals who are members of law firms of record in this matter or the SDNY Proceeding) had been notified of, downloaded, or viewed the Confidential Exhibits that was briefly available as Docket Entry 126.

- 4 -

Case No. 18-cv-02421-JFW
DECLARATION OF DOUGLASS MITCHELL

20. In the event any users of the PACER Tracking Services had viewed or downloaded the Confidential Information, I was prepared to work with them to notify those users that the Confidential Exhibits had been sealed by the Court and to obtain assurances that such users destroyed all copies of the Confidential Exhibits in their possession.

21. Since July 7, 2018, I have communicated with the following PACER Tracking Services and received the following reports from them:

    a. <u>PacerPro</u>: On Saturday, July 7, 2018, PacerPro informed me that, upon receipt of my email, it deleted Docket Entry 126, including the Confidential Exhibits, from its system. Therefore, as of July 7, 2018, Docket Entry 126 was not on, or accessible from, PacerPro's system. PacerPro also searched its records and determined that, other than lawyers who have made formal appearances in the case, notices containing copies of the exhibits were sent to only one law firm. Although PacerPro would not disclose the name of the law firm, it did email a notice to all recipients from that firm informing them that Docket Entry 126 had been sealed by court order and that all copies needed to be destroyed. PacerPro then followed up with the firm and confirmed that Docket Entry 126, including the Confidential Exhibits, had been destroyed.

    b. <u>LexisNexis</u>: LexisNexis provides two PACER Tracking Services, LexisNexis Advance and CourtLink. On Saturday, July 7, 2018, I spoke with LexisNexis about both services.

        i. <u>LexisNexis Advance</u>: On Saturday, July 7, 2018, LexisNexis confirmed that users of its LexisNexis Advance PACER Tracking Service could see the text of Docket Entry 126. However, it also confirmed that users could not access Docket Entry 126 and that they could neither view nor download the Confidential Exhibits. The

representative also told me that LexisNexis Advance updated its docket sheets from PACER once a day. After LexisNexis Advance updated the case docket sheet from PACER, the text of Docket Entry 126 was no longer visible to LexisNexis Advance users. On July 13, 2018, LexisNexis Advance confirmed that (a) Docket Entry 126 had never been downloaded to its system, (b) no LexisNexis Advance users received tracking notices informing them that Docket Entry 126 had been filed, and (c) no users had accessed Docket Entry 126, including the Confidential Exhibits, using the LexisNexis Advance system.

    ii.    CourtLink: On July 7, 2018, LexisNexis searched its CourtLink database and confirmed that Docket Entry 126 does not appear on CourtLink and that neither it nor the Confidential Exhibits could be be accessed from CourtLink. On July 13, 2018, after searching its records, LexisNexis further reported that for a period of time on July 6, 2018, the text of Docket Entry 126 was visible to CourtLink subscribers. It also reported that one subscriber received a tracking notice informing the subscriber that Docket Entry 126 had been filed. However, LexisNexis confirmed that Docket Entry 126 and the Confidential Exhibits had never been downloaded to its CourtLink system. It also confirmed that no one, including the one user who had received a tracking notice, had used CourtLink to access either Docket Entry 126 or the Confidential Exhibits.

    c.    Westlaw: On Saturday, July 7, 2018, I spoke with Westlaw by telephone and received additional information by email on Tuesday, July 10, 2018. Westlaw confirmed that the text of Docket Entry 126 was visible on its system on Friday, July 6, 2018. Westlaw confirmed that Docket Entry 126

- 6 -   Case No. 18-cv-02421-JFW
DECLARATION OF DOUGLASS MITCHELL

ceased to appear on its system after the company refreshed the PACER docket for the case on Saturday, July 7, 2018. Westlaw also confirmed that no one used its system to access Docket 126 during the time it was visible on its system.

d. <u>Bloomberg Law</u>: On Saturday, July 7, 2018, I spoke with Bloomberg Law by telephone. Bloomberg Law confirmed that Docket Entry 126 does is not on its system and that the Confidential Exhibits cannot be viewed or accessed from it. Bloomberg Law also confirmed that it does not attach documents downloaded from PACER to notices sent to users who are following cases. Therefore, Bloomberg Law confirmed that it did not send the Confidential Exhibits to any of its users. On July 13, 2018, after searching its records, Bloomberg Law further confirmed that the text of Docket Entry 126 never appeared on its tracking service and that, as a consequence, no Bloomberg Law users received notifications that it had been filed. Bloomberg Law also confirmed that neither Docket Entry 126 nor the Confidential Exhibits had ever been downloaded to its system or accessed by any user of its system.

e. <u>Justia</u>: On Saturday, July 7, 2018, I checked the Justia PACER Tracking Service website. Justia seems to display only the text of the docket entries for this case and reports that the "docket was last retrieved on March 27, 2018." Docket entries from July 6, 2018 are not visible on Justia.

f. <u>PacerMonitor</u>: PacerMonitor does not appear to have weekend telephone support. Therefore, on Saturday, July 7, 2018, I sent an email informing it that the court had sealed Docket Entry 126, provided it with a copy of the Court's sealing order, Docket Entry 128, and asked it to provide me with information concerning users who may have received notices about the filing of Docket Entry 126 or copies of the Confidential Exhibits. On Monday, July 9,

-7-

Case No. 18-cv-02421-JFW
DECLARATION OF DOUGLASS MITCHELL

2018, PacerMonitor confirmed that Docket Entry 126 and the Confidential Exhibits were not downloaded to its system and that none of its users viewed or downloaded Docket Entry 126 from its system.

    g.    <u>Docketbird</u>: Docketbird does not appear to have weekend telephone support. Therefore, on Sunday, July 8, 2018, I sent an email informing it that the court had sealed Docket Entry 126, provided it with a copy of the Court's sealing order, Docket Entry 128, and asked it to provide me with information concerning users who may have received notices about the filing of Docket Entry 126 or copies of the Confidential Exhibits. On Sunday, July 8, 2018, Docketbird confirmed that it never downloaded Docket Entry 126 and that no DocketBird users are following the Broidy v Qatar case. I understood this to mean that no notices were sent to DocketBird users informing them that Docket Entry 126 was filed with the court.

    h.    <u>DocketAlarm</u>: DocketAlarm does not appear to have weekend telephone support. Therefore, on Saturday, July 7, I sent an email informing it that the court had sealed Docket Entry 126, provided it with a copy of the Court's sealing order, Docket Entry 128, and asked it to provide me with information concerning users who may have received notices about the filing of Docket Entry 126 or copies of the Confidential Exhibits. On Monday, July 9, 2018, DocketAlarm confirmed that it never downloaded Docket Entry 126 and further confirmed that Docket Entry 126 does not appear on the docket sheet on its system. DocketAlarm indicated that it probably did not download the docket sheet from PACER until after Docket Entry 126 had been removed by the court. DocketAlarm further confirmed that none of its users received a notice relating the case.

i. CourtDrive: CourtDrive does not appear to have weekend telephone support. Therefore, I left it a voicemail and also sent them a message through their web-based messaging system informing them that the court had sealed Docket Entry 126 and asked it to provide me with information concerning users who may have received notices about the filing of Docket Entry 126 or copies of the Confidential Exhibits. On Monday, July 9, 2018 CourtDrive confirmed that it never downloaded Docket Entry 126 to its system and that the Confidential Exhibits are not on its systems. CourtDrive further confirmed that none of its users received a notice relating to Docket Entry 126.

j. PacerDash: PacerDash does not appear to have weekend telephone support. Therefore, on Monday, July 9, 2018, I sent an email informing it that the court had sealed Docket Entry 126, provided it with a copy of the Court's sealing order, Docket Entry 128, and asked it to provide me with information concerning users who may have received notices about the filing of Docket Entry 126 or copies of the Confidential Exhibits. On Wednesday, July 11, PacerDash confirmed that neither it nor any of its users downloaded Docket Entry 126 or any other document relating to Broidy v. Qatar. It also confirmed that none of its users are tracking the case, which I understand to mean that none of PacerDash's users received any notifications concerning Docket Entry 126.

k. CourtAlert: CourtAlert does not appear to have weekend telephone support. Therefore, on Sunday, July 8, 2018, I sent an email informing it that the court had sealed Docket Entry 126, provided it with a copy of the Court's sealing order, Docket Entry 128, and asked it to provide me with information concerning users who may have received notices about the filing of Docket Entry 126 or copies of the Confidential Exhibits. On Monday, July 9, 2018,

CourtAlert confirmed that neither the text of Docket Entry 126 nor the Confidential Exhibits were downloaded to its systems. On Wednesday, July 11, 2018, CourtAlert confirmed that none of its users viewed or downloaded Docket Entry 126 or the Confidential Exhibits.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 13, 2018

By: _____

Douglass A. Mitchell
*Counsel for Plaintiffs*