**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
  dwillingham@bsfllp.com
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Lee S. Wolosky (*pro hac vice*)
  lwolosky@bsfllp.com
Robert J. Dwyer (*pro hac vice*)
  rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone: (212) 446-2300
Fax: (212) 446-2350

Amy L. Neuhardt (*pro hac vice*)
  aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 2005-2102
Phone: (202) 237-2727
Fax: (202) 237-6131

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-02421-JFW (Ex)<br><br>**DECLARATION OF ADELINA LANDEROS RE FILING DOCKET ENTRY 126** |

# DECLARATION OF ADELINA LANDEROS

I, Adelina Landeros, hereby declare as follows:

1. I am a Legal Assistant in the Los Angeles office of Boies Schiller Flexner LLP ("Boies Schiller").

2. I have been a legal assistant for Boies Schiller's Los Angeles office for five months and, more generally, I have been a legal assistant for law firms in the downtown Los Angeles, California area for nineteen years. Over the years, my duties have regularly included filing documents in the Case Management/Electronic Case Filing system for the United States District Court for Central District of California ("ECF System"). I am familiar with how to file documents into the ECF System

## The Inadvertent Misfiling of Confidential Exhibits

3. On July 6, 2018, I worked with Douglass Mitchell, a partner in Boies Schiller's Las Vegas office to file two documents: (1) Plaintiffs' Application for Leave to File under Seal Certain Exhibits and References Thereto in Opposition to State of Qatar Motion to Dismiss ("Application") and (2) Declaration of Lee S. Wolosky in Support of Plaintiffs' Application for Leave to File under Seal Certain Exhibits and References Thereto in Opposition to State of Qatar's Motion to Dismiss ("Declaration").

4. Before starting the process of filing the Application and Declaration, Mr. Mitchell and I discussed the fact that three of the exhibits to the Declaration contained information Plaintiffs were required to file under seal ("Confidential Exhibits").

5. Mr. Mitchell told me the Application and Declaration were being filed to obtain the Court's permission to file the Confidential Exhibits under seal so they could be used in connection with a brief that was due on Monday, July 9, 2018.

6. Mr. Mitchell and I also reviewed (a) Local Rule 79-5, relating to filing documents under seal; (b) Paragraph 9 of the Court's March 27, 2018 Standing Order

- 1 -

Case No. 18-cv-02421-JFW
DECLARATION OF ADELINA LANDEROS

(ECF No. 17), relating to filing documents under seal; and (c) the district court's Guide to Electronically Filing Under Seal Documents in Civil Cases ("Sealed Filing Guide").

7. After reviewing the applicable rules, Mr. Mitchell and I walked through the steps outlined on pages 5-14 of the Sealed Filing Guide for filing an application for leave to file documents under seal. We discussed among other things:

    a. using the "Under Sealed Filing Events" menu item on the district's ECF filing system to initiate the two-step process for filing applications for leave to file documents under seal;

    b. the requirement to file the Application and the Declaration as two separate docketing events;

    c. using the "Leave to File Document Under Seal" event to file the Application, and the exhibits attached to it;

    d. the fact that the Application, and the exhibits attached to it, would be publicly available on PACER;

    e. using the "Sealed Document in Support" event to file the Declaration and the Confidential Exhibits that would be attached to it;

    f. the fact that the Declaration, and the Confidential Exhibits attached to it, would be sealed and not publicly available on PACER.

8. Mr. Mitchell identified the four specific exhibits that were to be filed as attachments to the Application and we discussed the fact that the Application and the four exhibits would be publicly filed because they did not contain confidential information ("Public Exhibits").

9. Mr. Mitchell identified the three specific exhibits that were the Confidential Exhibits and explained that they needed to be filed as attachments to the

1 Declaration because they contained confidential information that Plaintiffs were
2 required to file under seal.

3   10.   At the conclusion of my discussions with Mr. Mitchell, I understood the
4 process for filing applications for leave to seal documents in the Central District of
5 California. I knew the Declaration and the Confidential Exhibits were to be filed
6 under seal. I also had a copy of the Sealed Filing Guide.

7   11.   I then proceeded to file the Application and the Declaration.

8   12.   In the process of filing the Application, I discovered that one of the
9 Public Exhibits would not upload to the ECF System. It therefore became necessary
10 for me to call the district court's help desk to remedy the problem, which took a
11 substantial period of time and involved a number of steps.

12   13.   After resolving the problem, I completed filing the Application, including
13 the Public Exhibits as identified by Mr. Mitchell. I understand the Application was
14 filed as ECF No. 125.

15   14.   I then filed the Declaration and the Confidential Exhibits as identified
16 by Mr. Mitchell, as a separate event in the ECF System. I understand the Declaration
17 and Confidenital Exhibits was filed as ECF No. 126.

18   15.   Only minutes after filing the Declaration and the Confidential Exhibits,
19 Mr. Mitchell called me and explained that, instead of being sealed, the Declaration
20 and Confidential Exhibits were visible and accessible on the public docket. As we
21 discussed the filing, I realized that I had inadvertently selected the "Leave to File
22 Document Under Seal" event instead of the "Sealed Document in Support" event
23 when I filed the Declaration and the Confidential Exhibits. I believe that I made that
24 mistake because I was distracted by the problem described above concerning the filing
25 of one of the Public Exhibits.

- 3 -

Case No. 18-cv-02421-JFW
DECLARATION OF ADELINA LANDEROS

16. Mr. Mitchell then instructed me to immediately contact the Court, tell the appropriate personnel that ECF No. 126 was inadvertently filed as a public document, explain that the three Exhibits contained confidential information that needed to be filed under seal, and ask the Court to either remove or seal the Declaration and the Confidential Exhibits.

17. I immediately emailed the clerk of the court three times explaining that Declaration and the Confidential Exhibits filed as ECF No. 126 should have been filed under seal, but that they had inadvertently been filed publicly. I asked the Clerk of the Court to either remove docket entry or seal the documents. When I did not get a response, I called the district court's help desk again. The help desk asked me to call Kelly Davis, the Assistant Manager for the Clerk's office, which I did immediately.

18. After placing me on hold for a period of time while she conferred with Judge Walter's clerk, Ms. Davis asked me to confirm the inadvertent filing issue related to ECF No. 126. A short time later, she came back on the phone again to tell me the Confidential Exhibits were being reviewed by Judge Walter. Shortly after that, Judge Walter entered an order sealing the Declaration and the Confidential Exhibits (ECF No. 128).

///
///
///
///
///
///
///
///
///

- 4 -  
Case No. 18-cv-02421-JFW  
DECLARATION OF ADELINA LANDEROS

19. I intended to file Declaration and Confidential Exhibits under seal pursuant to the procedures outlines in the Sealed Filing Guide and thought I had done so. The public filing was inadvertent and occurred only because I did not realize that I had clicked the "Leave to File Document Under Seal" event instead of the "Sealed Document in Support" event.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 12, 2018   By: _____

Adelina Landeros

- 5 -   Case No. 18-cv-02421-JFW
DECLARATION OF ADELINA LANDEROS