COVINGTON & BURLING LLP
Mitchell A. Kamin (Bar No. 202788)
  mkamin@cov.com
Neema T. Sahni (Bar No. 274240)
  nsahni@cov.com
Mark Y. Chen (Bar No. 310450)
  mychen@cov.com
Rebecca G. Van Tassell (Bar No. 310909)
  rvantassell@cov.com
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

*Attorneys for Defendant State of Qatar*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Civil Case No.:<br><br>2:18-CV-02421-JFW-(Ex)<br><br>**DEFENDANT STATE OF QATAR'S OBJECTIONS TO THE DECLARATION OF LEE S. WOLOSKY**<br><br>[*Filed Concurrently with Reply in Support of Defendant State of Qatar's Motion to Dismiss; Objections to the Declaration of Joshua N. Friedman*]<br><br>**Hearing Date:** July 30, 2018<br>**Time:** 1:30 p.m.<br>**Courtroom:** 7A<br>**Judge:** Hon. John F. Walter<br><br>**Complaint Filed:** March 26, 2018<br>**Amended Complaint:** May 24, 2018 |

Defendant State of Qatar ("Qatar") objects to the Declaration of Lee S. Wolosky in Support of Plaintiffs' Opposition to Qatar's Motion to Dismiss (**Dkt. 134**, the "Wolosky Declaration") for the reasons set forth below, and respectfully requests that the declaration and attached exhibits be stricken entirely from the record.

*First*, the third-party discovery material contained in the Wolosky Declaration and its accompanying exhibits[1] is included in neither Plaintiffs' First Amended Complaint ("FAC"), nor in their Original Complaint.  *See* **Dkt. 1, 47**.  Accordingly, this Court may not consider that evidence in deciding Qatar's motion to dismiss, which mounts only a *facial* jurisdictional challenge to the FAC.  *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (where a defendant claims that the allegations in a complaint are "insufficient on their face to invoke federal jurisdiction," the challenge is treated as a "motion to dismiss *on the pleadings* for lack of jurisdiction." (emphasis added) (internal quotation marks omitted)).

In its Motion to Dismiss, Qatar contends that, even if the facts alleged by Plaintiffs were true, they fail to establish this Court's jurisdiction over Qatar under the Foreign Sovereign Immunities Act.  **Dkt. 112** at 3 n.2, 8:19–25.  In adjudicating that facial challenge, this Court must "restrict[] itself to the face of the pleadings" and thus may not consider the extrinsic evidence that Plaintiffs proffer in the Wolosky Declaration and the attached exhibits.[2]  *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990); *see also Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

---

[1] The exhibits to the Wolosky Declaration have been filed under seal.

[2] The only documents outside of the pleadings that the Court may consider in deciding a facial attack are those that would be proper subjects of judicial notice. *Lauwrier v. Garcia*, No. CV 12-12-007381 MMM (SHx), 2013 WL 11238497, at *2 (C.D. Cal. Mar. 8, 2013).  Plaintiffs have not sought judicial notice of the exhibits attached to the Wolosky Declaration.

*Second*, the third-party discovery material attached to the Wolosky Declaration is entirely irrelevant to the Court's adjudication of Qatar's motion to dismiss. Plaintiffs' opposition brief barely mentions the Wolosky Declaration, showing that the declaration is intended to distract the Court with unfounded conspiracy theories that have no legal relevance to Qatar's facial jurisdictional challenge. In their brief, Plaintiffs reference the Wolosky Declaration only three times: (1) in a "see also" citation for one sentence in their statement of facts, **Dkt. 133** at 3:10; (2) in a footnote as support for the conclusory assertion that Plaintiffs should be allowed to undertake jurisdictional discovery and amend the FAC, *id.* at 5 n.3; and (3) in a citation for support that Qatar was properly served (which Qatar does not dispute), *id.* at 20:4. Rather than demonstrating "the need for jurisdictional discovery or an opportunity to amend" as Plaintiffs contend, *id.* at 5 n.3, the cherry-picked portions of third-party discovery submitted by Plaintiffs do nothing to advance their claim to jurisdiction.

In sum, the Wolosky Declaration—like the Friedman Declaration—is nothing more than Plaintiffs' last-ditch plea for yet another opportunity to amend the FAC, having now failed twice to establish a basis for this Court to exercise jurisdiction over Qatar. Its contents are of no relevance to—and cannot be considered in connection with—Qatar's facial jurisdictional challenge to the FAC. Indeed, Plaintiffs' own brief confirms that there is no basis for the Court to consider these materials in connection with deciding Qatar's motion to dismiss. For these reasons, Qatar respectfully requests that the Court strike the entirety of the Wolosky Declaration and the attached exhibits.

Dated: July 16, 2018                           Respectfully submitted,

                                               COVINGTON & BURLING LLP

                                               By:  */s/ Mitchell A. Kamin*
                                                    MITCHELL A. KAMIN
                                                    *Attorneys for Defendant State of Qatar*