**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
  dwillingham@bsfllp.com
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Lee S. Wolosky (*pro hac vice*)
  lwolosky@bsfllp.com
Robert J. Dwyer (*pro hac vice*)
  rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone:  (212) 446-2300
Fax:  (212) 446-2350

Amy L. Neuhardt (*pro hac vice*)
  aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 20005-2102
Phone:  (202) 237-2727
Fax:  (202) 237-6131

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Case No.  18-cv-02421-JFW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT STATE OF QATAR'S OBJECTIONS TO THE DECLARATION OF LEE S. WOLOSKY**<br><br>**[Response to Objections to the Declaration of Joshua N. Friedman filed concurrently herewith]**<br><br>**The Honorable John F. Walter**<br><br>Hearing Date: July 30, 2018<br>Time:  1:30 p.m.<br>Ctrm.:  7A |

4844-3609-4317.1

Case No. 18-cv-02421-JFW
PLAINTIFFS' RESPONSE TO DEFENDANT STATE OF QATAR'S OBJECTIONS TO THE DECLARATION OF LEE S. WOLOSKY

1  Plaintiffs Broidy Capital Management LLC and Elliott Broidy ("Plaintiffs"),
2  hereby submit this response to Defendant State of Qatar's ("Qatar") Objections to the
3  Declaration of Lee S. Wolosky in Support of Plaintiffs' Opposition to Qatar's Motion
4  to Dismiss (ECF No. 154) ("Objections"), and, for the reasons set forth below,
5  respectfully request that the relief requested in Qatar's Objections be denied.

*First*, Qatar's Objections are an improper motion to strike. (*See, e.g.,* ECF No. 154 at 1 ("[Qatar] respectfully requests that the declaration and attached exhibits be stricken entirely from the record."), 2 ("For these reasons, Qatar respectfully requests that the Court strike the entirety of the Wolosky Declaration and the attached exhibits.").) However, despite clearly moving to strike a filing, Qatar failed to follow the procedural rules governing such a motion, including, but not limited to, the meet-and-confer process outlined by Local Rule 7-3 and Paragraph 5(b) of this Court's Standing Order, ECF No. 17. For this reason alone, the Court should reject, and strike, Qatar's "Objections." *See* Local Rule 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."); *see also* Standing Order, ECF No. 17 ¶ 5(a) ("Motions shall be filed in accordance with the Local Rules. … Documents not filed in compliance with the Court's requirements will be stricken and will not be considered by the Court."), ¶ 5(b) ("Many motions to dismiss or to strike could be avoided if the parties confer in good faith. … Failure to strictly comply with the Court's requirements or Local Rule 7-3 will result in the striking and/or the denial of the motion."); *cf. Shapiro v. Hasbro, Inc.*, No. CV 15-02964-BRO (AJWx), 2015 WL 13357442, at *5 (C.D. Cal. Sept. 24, 2015) (defendant filed an ex parte application to strike or disregard declarations and evidence submitted in connection with plaintiff's reply in support of motion for preliminary injunction).

*Second*, Qatar's "Objections" largely rely on an entirely mistaken premise—that the Declaration of Lee S. Wolosky ("Wolosky Declaration") and the attached exhibits were submitted to aid the Court in deciding the merits of Qatar's motion to dismiss

and that, because Qatar mounted a facial challenge, consideration of the Wolosky Declaration and attached exhibits is inappropriate. (ECF No. 154 at 1.) However, as Plaintiffs made clear in their Opposition to Qatar's Motion to Dismiss, Plaintiffs "contend that the allegations of the FAC are sufficient to defeat [Qatar's] motion," but "include[d] examples herein of where discovery to date has supported the allegations of the FAC, to demonstrate that at a minimum, jurisdictional discovery, and/or leave to amend the FAC, is appropriate." (ECF No. 133 at 3 n.2.)

When Plaintiffs seek to demonstrate that jurisdictional discovery is warranted, declarations are appropriate. *See Greenpeace, Inc. (U.S.A.) v. State of France*, 946 F. Supp. 773, 779-80 (C.D. Cal. 1996) (where defendants moved to dismiss, the Court was inclined to dismiss because plaintiffs "had not presented 'sufficient evidence to meet any of the exceptions to … the Foreign Sovereign Immunities Act," but "counsel for [p]laintiffs [later] indicated that they possessed and were willing to produce evidence of jurisdictional facts," such that the Court permitted plaintiffs "to submit additional briefing and affidavits to establish sufficient facts to support either the Court's exercise of jurisdiction over this case *or an order permitting Plaintiffs to conduct discovery toward that end*" (emphasis added)).

The Wolosky Declaration and attached exhibits are also appropriate to support a request to amend. *See Andrews v. Slawinski*, No. CV 10-05850-MWF (VBK), 2012 WL 12878653, at *1, *3 (C.D. Cal. May 17, 2012) (plaintiffs filed declaration in support of motion to amend that was inadequate).

In any event, the cases that Qatar cites to demonstrate that declarations cannot be considered when a defendant mounts a facial attack do not support Qatar's conclusions. Rather, the cited case law merely outlines the standards governing facial and factual attacks brought in motions to dismiss under Federal Rule of Civil Procedure 12(b)(1). *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (explaining that in a facial attack "we treat the challenge as 'any other motion to

dismiss on the pleadings for lack of jurisdiction'" (citations omitted)); *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (explaining the standard where defendant mounts a facial attack); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (outlining standard for facial and factual attacks); *Osborn v. United States*, 918 F.2d 724, 729 & n.6 (8th Cir. 1990) (distinguishing the process for reviewing motions to dismiss under Rule 12(b)(1) and motions for summary judgment under Rule 56).[1]

    The cases do not prescribe limits on plaintiffs. In fact, the standards applied when a defendant mounts a facial versus a factual attack are crafted so as to be fair to *plaintiffs*, not to protect defendants or prevent plaintiffs from showing that subject matter jurisdiction exists. *See Osborn*, 918 F.2d at 729 n.6. In the context of a facial attack, "the non-moving party *receives the same protections* as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (emphasis added). This means complaints "should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations and internal quotation marks omitted); *cf. Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (plaintiff "was *not required* to provide evidence outside the pleadings, because the defendants ha[d] made a facial rather than a factual attack on subject matter jurisdiction" (emphasis added)). For all of these reasons, the Court must deny Qatar's request to strike the Wolosky Declaration and attached exhibits.

    *Finally*, Qatar argues that the exhibits attached to the Wolosky Declaration are "entirely irrelevant" because Plaintiffs' Opposition "barely mentions the Wolosky Declaration." (ECF No. 154 at 2.) However, as Qatar recognizes (*see id.* at 1 n.1), the

---

[1] Qatar also cites *Lauwrier v. Garcia*, No. CV 12-007381 MMM (SHx), 2013 WL 11238497, at *2 (C.D. Cal. Mar. 8, 2013) for the proposition that "[t]he only documents outside of the pleadings that the Court may consider in deciding a facial attack are those that would be proper subjects of judicial notice." (ECF No. 154 at 1 n.2.) However, *Lauwrier* states only that "[e]ven when deciding a facial attack … a court *can* look beyond the complaint to consider documents that are proper subjects of judicial notice." *Lauwrier*, 2013 WL 11238497, at *2 (emphasis added).

1  exhibits attached to the Wolosky Declaration were filed under seal.  Consequently,
2  Plaintiffs could not discuss those exhibits in their publicly filed Opposition.
3  Moreover, other than attesting to proper service, the Wolosky Declaration only
4  introduced the sealed exhibits.  Therefore, Qatar's argument lacks merit.
5      For these reasons, Plaintiffs respectfully request that this Court deny Qatar's
6  request that the Court strike the entirety of the Wolosky Declaration and attached
7  exhibits.

Respectfully submitted,

Dated:  July 17, 2018

**BOIES SCHILLER FLEXNER LLP**

By:  */s/ Lee S. Wolosky*

LEE S. WOLOSKY
*Counsel for Plaintiffs*