**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
  dwillingham@bsfllp.com
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Lee S. Wolosky (*pro hac vice*)
  lwolosky@bsfllp.com
Robert J. Dwyer (*pro hac vice*)
  rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone:  (212) 446-2300
Fax:  (212) 446-2350

Amy L. Neuhardt (*pro hac vice*)
  aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 20005-2102
Phone:  (202) 237-2727
Fax:  (202) 237-6131

*Counsel for Plaintiffs*
*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Case No.  18-cv-02421-JFW<br><br>**JOINT RULE 26(f) REPORT**<br>**The Honorable John F. Walter**<br><br>Conference Date: August 6, 2018<br>Time: 1:30pm<br>Courtroom: 7A<br><br>Motion Cut-Off: Not Set<br>Discovery Cut-Off: Not Set<br>Pretrial Conf. Date: Not Set<br>Trial Date: Not Set<br><br>Complaint Filed: March 26, 2018<br>FAC Filed: May 24, 2018 |

# JOINT RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and this Court's April 4, 2018 Minute Order and May 7, 2018 Order setting a Scheduling Conference for August 6, 2018, Plaintiffs Broidy Capital Management LLC ("BCM") and Elliott Broidy ("Broidy") (together, "Plaintiffs") and Defendants State of Qatar ("Qatar"), Stonington Strategies LLC ("Stonington"), Nicolas D. Muzin ("Muzin") (Stonington and Muzin together, "Stonington Defendants"), Global Risk Advisors LLC ("GRA"), and Kevin Chalker ("Chalker") (GRA and Chalker together, "GRA Defendants"), (collectively "Defendants")[1] met and conferred on July 12, 2018 and continued to communicate via email, and hereby submit this Joint Report.

## I. NATURE OF THE CLAIMS AND DEFENSE

The Parties discussed the nature and basis of their claims and defenses and have determined that, at this time, early settlement of this action is unlikely.

## II. DISCOVERY PLAN

The Parties' positions on a detailed discovery plan, including their position on each element described in Fed. R. Civ. P. 26(f)(3), is set forth below.

### A. Rule 26(f)(3)(A) – Initial Disclosures

**Plaintiffs' Position:** In light of this Court's Standing Order directing that discovery begin prior to the Rule 26(f) conference (ECF No. 17 at 6), the Stipulation and Order dated May 7, 2018 permitting certain discovery to continue (ECF No. 46), and to ensure the general expeditious resolution of the merits of this litigation, Plaintiffs propose that Plaintiffs and the Stonington Defendants exchange initial

---

[1] David Mark Powell ("Powell"), Mohammed bin Hamad bin Khalifa al Thani ("Al Thani"), and Ahmed al-Rumaihi ("Al-Rumaihi") are overseas and have not yet been served.

- 1 -

Case No. 18-cv-02421-JFW
JOINT RULE 26(f) REPORT

disclosures on or before August 6, 2018. At the request of the GRA Defendants as a result of their later entry into the case, Plaintiffs have agreed that the GRA Defendants may make their initial disclosures fourteen (14) days after the Stonington Defendants, and therefore propose that the GRA Defendants serve their initial disclosures on August 20, 2018. Because Plaintiffs have agreed not to pursue discovery against Qatar pending resolution of its motion to dismiss on grounds of sovereign immunity (ECF No. 112),[2] Plaintiffs propose that Qatar serve its initial disclosures fourteen (14) days after resolution of Qatar's motion to dismiss.

**Defendants' Position:** The Stonington Defendants and the GRA Defendants agree to Plaintiffs' proposal on the timing of initial disclosures. Qatar also agrees that service of its initial disclosures should be deferred until after resolution of its motion to dismiss, but proposes to serve its disclosures twenty-eight (28) days after resolution of its motion.

### B. Rule 26(f)(3)(B) – Subjects of Discovery

**Plaintiffs' Position:** Plaintiffs propose that discovery on the claims and defenses asserted in the action should be conducted as permitted under the Federal Rules, including documentary discovery, interrogatories, requests for admission and depositions, with the exception of the proposals relating to the numbers of depositions and interrogatories proposed below in section II.E.

For the reasons set forth in Plaintiffs' oppositions to the motions to stay discovery filed by Qatar and the Stonington Defendants (ECF Nos. 87-90), Plaintiffs propose that – with the exception of discovery against Qatar – discovery should continue through the resolution of Defendants' motions to dismiss and that this

---

[2] The Stonington Defendants filed their Motion to Dismiss on July 9, 2018, and this Court is scheduled to hear that motion on August 13, 2018. (ECF No. 129.) Pursuant to the stipulation entered on June 7, 2018, the GRA Defendants will file their Motion to Dismiss on July 23, 2018. (ECF No. 83.)

1 Court should set a discovery schedule consistent with trial in this matter scheduled
2 one year from the Scheduling Conference scheduled for August 6, 2018 in this
3 matter. Accordingly, Plaintiffs propose the following discovery schedule:[3]

- August 6, 2018: Scheduling Conference
- November 30, 2018: Deadline for the Production of Documents
- March 15, 2019: Deadline for the Close of Fact Discovery

In the event that this Court stays discovery pending resolution of Defendants' motions to dismiss, Plaintiffs propose discovery deadlines that are similarly consistent with a one-year schedule between the resolution of those motions to dismiss and trial, *i.e.*, four months for the production of documents, and another three-and-one-half months for the completion of fact discovery.

**Defendants' Position:**

Qatar and the Stonington Defendants have each filed motions to stay discovery pending resolution of their motions to dismiss. Their respective positions on discovery at this point in the litigation are articulated therein. The GRA Defendants agree that discovery should be stayed pending resolution of all Defendants' motions to dismiss.

Further, Defendants believe that setting calendar dates is premature in light of their pending motions to dismiss—including on jurisdictional grounds—that if granted, would terminate the action.[4] Accordingly, Defendants below and

---

[3] Plaintiffs provide further scheduling proposals for dispositive motions, expert witness disclosure, and trial below. (*See* Sections IV, VI, and VII.)

[4] All Defendants invoke sovereign immunity from Plaintiffs' claims. The denial of any Defendant's motion to dismiss will be immediately appealable—as of right—to the Ninth Circuit, and discovery will likely be stayed pending resolution of such appeal. *See, e.g., Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.*, 711 F.3d 1136, 1139-40 (9th Cir. 2013) (setting forth right of immediate appeal); *Farhang v. Indian Inst. Of Tech.*, No. 12-15178 (9th Cir. Sept. 10, 2012) (staying all trial court

throughout the remainder of the document have proposed case-related deadlines based on the number days following the resolution of the last-moving Defendant's motion to dismiss, including any appeals therefrom.

Defendants propose the following discovery schedule:

- Deadline for the Substantial Completion of the Production of Documents: 120 days after resolution of the last-moving Defendant's motion to dismiss
- Deadline for the Close of Fact Discovery: 195 days after resolution of the last-moving Defendant's motion to dismiss

To the extent the Court is inclined to adopt Defendants' proposal regarding scheduling, Defendants respectfully suggest that the Court postpone the scheduling conference, currently set for August 6, until after resolution of the Defendants' motions to dismiss.

### C. Rule 26(f)(3)(C) – Discovery of Electronically Stored Information

**Plaintiffs' Position:** Plaintiffs continue to be concerned about the spoliation of evidence, including electronically stored information ("ESI"), in the possession of third-party internet service providers, telephone companies, and other custodians of forensic evidence relevant to this matter, and propose that in all events, such discovery be permitted to continue.

Plaintiffs disclosed that a BCM employee who was targeted with spearphishing attacks on her personal mobile telephone resigned her position at BCM and did not leave her personal devices with BCM when she left. That person recently has rejoined BCM, and Plaintiffs' counsel is currently taking steps to ensure the preservation of relevant information on her personal devices.

proceedings pending resolution of denial of immunity under FSIA).

**Defendants' Position:** Given the nature of the claims asserted by Plaintiffs, it is critical that Plaintiffs take any and all steps necessary to ensure that electronic and physical information relevant to Plaintiffs' claims or Defendants' defenses be adequately preserved.

Defendants have thus asked Plaintiffs to confirm that they have taken adequate measures to preserve any and all electronic data, hardware, or other physical evidence, including with respect to the BCM servers and Plaintiffs' and their employees' personal devices, for imaging and forensic analysis. Plaintiffs have represented that all such materials have been adequately preserved, subject to the caveat noted by Plaintiffs as to the individual BCM employee. In addition, the GRA Defendants have asked Plaintiffs to confirm that any and all data, communications, and tangible items from other entities on whose servers Mr. Broidy may have accounts or otherwise stored information, also be preserved. Plaintiffs have stated they are looking into this issue.

### D. Rule 26(f)(3)(D) – Issues Relating to Claims of Privilege or Trial Preparation Material

**Plaintiffs' Position:** Discovery in this action may include confidential or proprietary information, and the entry of a protective order governing the production of any such confidential material is appropriate in this case.

The Plaintiffs dispute, however, what types of information should be considered highly confidential or proprietary information, and further specifically dispute the application of the Vienna Convention on Diplomatic Relations to documents produced in this case by parties other than the State of Qatar. The Parties have met and conferred regarding these matters, and understand that Qatar intends to file a motion for a protective order.

**Defendants' Position:** Defendants agree that the entry of a protective order is

necessary for this case in light of the highly confidential, diplomatic and proprietary information likely to be at issue in this proceeding.

Following meet-and-confers in which the parties were unable to agree upon an appropriate protective order, Defendant Qatar intends to move for a protective order which contains adequate safeguards for its, and other parties', highly confidential information. To the extent the parties disagree over what types of information should be designated thereunder, the proposed protective order contains a process for challenging party designations.

Qatar has, pursuant to Local Rule 37, initiated a process for presenting the same to the Magistrate Judge. The Stonington and GRA Defendants consent to the entry of the protective order proposed by Qatar.

As briefed more fully in the Defendants' currently-pending motions to stay, this case also involves inviolable documents and correspondence absolutely protected from disclosure under the Vienna Conventions. In the event discovery is permitted to continue, Defendants expect to withhold documents on the basis of the Vienna Conventions and to produce to Plaintiffs an appropriate log of documents withheld on such basis.

### E. Rule 26(f)(3)(E) – Limitations on Discovery

**Plaintiffs' Position:** Plaintiffs propose that discovery on the claims and defenses asserted in the action should be conducted as permitted under the Federal Rules, with the following proposed exceptions:

- Plaintiffs may collectively conduct up to twenty (20) depositions.
- Defendants may collectively conduct up to twenty (20) depositions.
- Expert depositions shall not count toward either Plaintiffs' or Defendants' twenty (20) depositions.

- Plaintiffs may collectively serve up to twenty-five (25) interrogatories on Defendants.
- Defendants may collectively serve up to twenty-five (25) interrogatories on Plaintiffs.

Plaintiffs do not propose phased discovery at this time.

**Defendants' Position:** Defendants contend any discovery is premature at this juncture in light of their pending stay motions and motions to dismiss. In the event discovery proceeds, Defendants agree with Plaintiffs' proposal on the number of depositions, but do not believe they should collectively be limited to only one seven-hour deposition for certain key individuals, including Mr. Broidy, and are likely to seek relief from the 7-hour deposition limit for such depositions.

As to interrogatories, Defendants propose the following:

- Each Defendant group may collectively serve up to twenty-five (25) interrogatories on Plaintiffs, collectively. In other words, Qatar may serve up to 25 interrogatories on Broidy/BCM, collectively; the Stonington Defendants may collectively serve up to 25 interrogatories on Broidy/BCM, collectively; and the GRA Defendants may collectively serve up to 25 interrogatories on Broidy/BCM, collectively.
- Plaintiffs may collectively serve up to twenty-five (25) interrogatories on each Defendant group. In other words, Broidy/BCM may collectively serve up to 25 interrogatories on Qatar; Broidy/BCM may collectively serve up to 25 interrogatories on the Stonington Defendants, collectively; and Broidy/BCM may collectively serve up to 25 interrogatories on the GRA Defendants, collectively.

Finally, Defendants state that phased discovery may be necessary in the event that discovery is permitted to proceed. For instance, if the Court permits Plaintiffs to

- 7 -

take jurisdictional discovery, there may be a basis for such discovery to proceed first. The need for phased discovery should thus be considered following this Court's resolution of Defendants' motions to dismiss.

### F. Rule 26(f)(3)(F) – Other Orders

The Parties are not aware of any other orders at this time that would be appropriate for the Court to enter.

### III. LOCAL RULE 26-1(A) – COMPLEX CASE

The Parties agree that this case is not a complex case within the meaning of Local Rule 26(a), and that the Manual for Complex Litigation should not be used in this case.

### IV. LOCAL RULE 26-1(B) - MOTION SCHEDULE

**Plaintiffs' Position:** Plaintiffs propose the following schedule for all dispositive motions[5]:

- June 21, 2019: Deadline for Dispositive Motions
- July 12, 2019: Deadline for Responses to Dispositive Motions
- July 25, 2019: Deadline for Replies to Responses to Dispositive Motions

**Defendants' Position:**

As noted, Defendants believe calendar dates are premature. Defendants propose the following schedule for dispositive motions:

---

[5] These dates are consistent with the one-year schedule Plaintiffs propose in Section I.B above. Should this Court stay discovery, Plaintiffs propose dispositive motion deadlines that are similarly consistent with a one-year schedule between the resolution of Defendants' motions to dismiss and trial, *i.e.*, ten-and-one-half months for dispositive motions, another three weeks for responses to dispositive motions, and another two weeks for replies to the responses to dispositive motions.

- Deadline for Dispositive Motions: 295 days after resolution of the last-moving Defendant's motion to dismiss;
- Deadline for Responses to Dispositive Motions: 325 days after resolution of the last-moving Defendant's motion to dismiss;
- Deadline for Replies to Responses to Dispositive Motions[6]: 346 days after resolution of the last-moving Defendant's motion to dismiss.

## V. LOCAL RULE 26-1(C) – ADR

**Plaintiffs' Position:** Plaintiffs propose that, pursuant to Local Rule 16-15.4, the Parties should utilize ADR Procedure No. 1 ("The parties shall appear before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct."), for this matter. Plaintiffs propose that such mediation should be completed by November 1, 2018.

**Defendants' Position:** Defendants propose that, pursuant to Local Rule 16-15.4, the Parties should utilize ADR Procedure No. 2 ("The parties shall appear before a neutral selected from the Court's Mediation Panel."), for this matter. Defendants propose that such mediation should be completed by such date that is 120 days after resolution of the last-moving Defendant's motion to dismiss.

## VI. LOCAL RULE 26-1(D) – TRIAL ESTIMATE

**Plaintiffs' Position:** At this time, Plaintiffs estimate that trial will take three (3) weeks and will be by jury. Plaintiffs propose a trial date of August 11, 2019.[7]

---

[6] If the Plaintiffs intend to file dispositive motions, the parties shall meet and confer to agree upon a four-brief dispositive motion schedule, instead of the six-brief schedule set forth herein.

[7] This trial date fits within the one-year schedule Plaintiffs propose in Sections I.B and IV above. Should this Court stay discovery, Plaintiffs propose a trial date that is similarly consistent with a one-year schedule between the resolution of Defendants' motions to dismiss and trial.

- 9 -  Case No. 18-cv-02421-JFW
JOINT RULE 26(f) REPORT

**Defendants' Position:**

Defendants believe it is premature to provide a trial estimate, as the number of parties and claims and counterclaims that will be included in this action at the time of trial cannot be known, and will depend on a number of factors, including the Court's resolution of Defendants' motions to dismiss. However, at this time, Defendants have no reason to disagree with Plaintiffs' estimate of the trial time. Defendants propose a trial date of 435 days after resolution of the last-moving Defendant's motion to dismiss.

## VII. LOCAL RULE 26-1(E)-ADDITIONAL PARTIES

**Plaintiffs' Position:** Plaintiffs believe that, as discovery reveals more individuals involved in the conspiracy to hack their computer systems and disseminate the materials stolen from those system, more defendants will be added.

**Defendants' Position:** In the event the Court denies the Defendants' respective motions to dismiss, there may be a need to add counterclaim defendants depending on information revealed in discovery.

## VIII. LOCAL RULE 26-1(F) – EXPERT WITNESSES

**Plaintiffs' Position:** Plaintiffs propose the following dates for expert discovery[8]:

- April 12, 2019: Expert Witness Disclosures and Reports for the Party That Bears the Initial Burden of Proof
- May 10, 2019: Rebuttal Expert Disclosures and Reports

---

[8] These dates are consistent with the one-year schedule Plaintiffs propose in Sections I.B, IV, and VI above. Should this Court stay discovery, Plaintiffs propose expert witness disclosure deadlines that are similarly consistent with a one-year schedule between the resolution of those motions to dismiss and trial, *i.e.*, eight-and-a-quarter months for expert witness disclosure and reports for the party that bears the initial burden of production, another one month for rebuttal expert disclosures and reports, and another one month for the completion of expert depositions.

1   &bull; June 14, 2019: Deadline for Expert Depositions

2  **Defendants' Position:**

3  Defendants contend that phased expert disclosures by side are more efficient than basing disclosures on the party bearing the burden of proof, which inevitably is a source of dispute between the parties. As noted, Defendants also believe calendar dates are premature. Therefore, they instead propose the following dates for expert discovery:

- Expert Witness Disclosures and Reports for Plaintiff: 190 days after resolution of the last-moving defendant's motion to dismiss;
- Defendants' Expert Disclosures and Reports: 220 days after resolution of the last-moving defendant's motion to dismiss;
- Deadline for Expert Depositions: 271 days after resolution of the last-moving defendant's motion to dismiss;

Respectfully submitted,

Dated: July 23, 2018

BOIES SCHILLER FLEXNER LLP

By:  */s/* Lee S. Wolosky

Lee S. Wolosky
Email: lwolosky@bsfllp.com
Robert J. Dwyer
Email: rdwyer@bsfllip.com
575 Lexington Ave., 7th Floor
New York, NY 10022
Telephone: +1 212-446-2300
Facsimile: + 1 212-446-2350

*Attorneys for Plaintiffs*

| | |
|---|---|
| Dated: July 23, 2018 | COVINGTON & BURLING LLP |
| | By: */s/* Mitchell A. Kamin |
| | Mitchell A. Kamin |
| | Email: mkamin@cov.com |
| | 1999 Avenue of the Stars, Suite 3500 |
| | Los Angeles, CA 90067-4643 |
| | Telephone: + 1 424-332-4800 |
| | Facsimile: + 1 424-332-4749 |
| | |
| | *Attorneys for Defendant State of Qatar* |
| | |
| Dated: July 23, 2018 | WILEY REIN LLP |
| | |
| | By: */s/* Stephen J. Obermeier |
| | Stephen J. Obermeier |
| | Email: sobermeier@wileyrein.com |
| | 1776 K Street NW |
| | Washington, DC 20006 |
| | Telephone: +1 202-719-7465 |
| | Facsimile: + 1 202-719-7049 |
| | |
| | *Attorney for Defendants Nicolas D. Muzin and Stonington Strategies LLC* |
| | |
| Dated: July 23, 2018 | WILMERHALE LLP |
| | |
| | By: */s/* Brendan R. McGuire |
| | Brendan R. McGuire |
| | Email: brendan.mcguire@wilmerhale.com |
| | 7 World Trade Center |
| | 250 Greenwich Street |
| | New York, NY 10007 |
| | Telephone: +1 212-295-6278 |
| | Facsimile: + 1 212-230-8888 |
| | |
| | *Attorney for Defendants Global Risk* |

*Advisors LLC and Kevin Chalker*

- 13 -  Case No. 18-cv-02421-JFW
JOINT RULE 26(f) REPORT