**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
  dwillingham@bsfllp.com
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Lee S. Wolosky (*pro hac vice*)
  lwolosky@bsfllp.com
Robert J. Dwyer (*pro hac vice*)
  rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone: (212) 446-2300
Fax: (212) 446-2350

Amy L. Neuhardt (*pro hac vice*)
  aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 20005-2102
Phone: (202) 237-2727
Fax: (202) 237-6131

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Case No. 18-cv-02421-JFW<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ENTRY OF THEIR PROPOSED PROTECTIVE ORDER**<br><br>**The Honorable Charles F. Eick**<br><br>Hearing Date: August 24, 2018<br>Time: 9:30 a.m.<br>Amended Complaint: May 24, 2018<br>Discovery Cut-Off: March 1, 2019<br>Pretrial Conference Date: June 7, 2019<br>Trial Date: June 25, 2019 |

**ARGUMENT**

Plaintiffs respectfully submit this brief supplemental memorandum in support of entry of their proposed protective order, submitted as Exhibit 2 to the Joint Stipulation Pursuant to Local Rule 37-2 Regarding Defendant State of Qatar's Motion for Protective Order, Dkt. 185-2 ("Joint Stipulation").

As an initial matter, the Court's dismissal of the State of Qatar from this action does not alter the need for the Court to resolve this motion. Although entitled "Qatar's Motion," the Joint Stipulation presents two competing protective orders for the Court's consideration. One is proposed by Plaintiffs (Exhibit 2), and one is proposed by the Stonington and GRA Defendants in addition to Qatar (Exhibit 1). The remaining parties to this action, therefore, remain at odds over the appropriate form of a protective order for this case.

Qatar's dismissal from this action, however, is not irrelevant—it strengthens Plaintiffs' position on each of the three issues that the parties dispute. *First*, the need for a highly confidential designation in the protective order is eliminated by the fact that Qatar will no longer be subject to party discovery in this case. Plaintiffs reserve the right to seek discovery from Qatar through whatever mechanisms are available, but the practical reality is that absent party discovery Plaintiffs' ability to get information from Qatar is likely significantly curtailed (or at least burdened by international procedure). Moreover, if Plaintiffs do seek documents from Qatar, there will be a separate procedure through which Plaintiffs do so and Qatar will have the opportunity to seek whatever protections it needs during that process. In addition, as explained in Plaintiffs' section of the Joint Stipulation, and more fully in Plaintiffs' opposition to Qatar's motion to stay, Dkt. 88, Qatar's efforts to extend the Vienna Conventions to apply to documents belonging to private

United States persons and entities has no legal support and is undermined by Qatar's contractual relations with those third parties and by U.S. statutes and regulations.

*Second*, the rationale for a blanket designation of documents as highly confidential—Qatar's desire to have 20 days to assert confidentiality over other persons' documents—is fatally undermined. With Qatar's exit from the case, discovery propounded in this action will not be shared with Qatar. If Qatar wishes to have a role in this case, it will need to make a separate motion for whatever relief it believes is appropriate (and accept the consequences of subjecting itself to this Court's jurisdiction). Those issues, however, are not ripe for review—Qatar may never seek a role in the litigation—and there is no reason to include a provision in the protective order that was solely for the benefit of a party that has now been dismissed from the action at its own request.

*Third*, Defendants seek special treatment at trial through a reversal of the burden that the party seeking protections bears even when the documents were protected for the purposes of discovery. *See Center for Auto Safety v. Chrysler Group LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Whatever special procedures may have been arguably appropriate when a sovereign nation was a defendant are no longer applicable. This case now involves private plaintiffs suing private defendants and there is no reason that the default rules applicable to all federal litigations should not apply here.

In sum, there is no justification for the extraordinary protections sought by Defendants. Although this was always true, the dismissal of the only arguably extraordinary party—the State of Qatar—makes the conclusion inescapable.

Respectfully submitted,

Dated: August 10, 2018

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Lee S. Wolosky*

Lee S. Wolosky
*Counsel for Plaintiffs*