**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
  dwillingham@bsfllp.com
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Amy L. Neuhardt (*pro hac vice*)
  aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 20005-2102
Phone:  (202) 237-2727
Fax:  (202) 237-6131

Lee S. Wolosky (*pro hac vice*)
  lwolosky@bsfllp.com
Robert J. Dwyer (*pro hac vice*)
  rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone:  (212) 446-2300
Fax:  (212) 446-2350

*Counsel for Plaintiffs*
*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>Defendants. | Case No.  18-cv-02421-JFW<br><br>**JOINT STATEMENT REGARDING LOCAL RULE 7-3 PRE-FILING CONFERENCE ON PLAINTIFFS' INTENTION TO FILE A MOTION FOR ALTERNATIVE SERVICE PURSUANT TO FRCP 4(F)(3)**<br><br>**The Honorable John F. Walter**<br><br>Amended Complaint: May 24, 2018<br>Discovery Cut-Off: March 1, 2019<br>Pretrial Conference Date: June 7, 2019<br>Trial Date: June 25, 2019 |

In accordance with Section 5(b) of this Court's Standing order, this is the joint statement of Plaintiffs Broidy Capital Management LLC and Elliott Broidy ("Plaintiffs"), Defendants Nicolas Muzin and Stonington Strategies (collectively, "Stonington Defendants") and Global Risk Advisors and Kevin Chalker, (collectively, "GRA Defendants") regarding the parties' pre-filing conference of counsel pursuant to Local Rule 7-3.

The parties' initial Local Rule 7-3 conference took place via teleconference at 2:30 P.M. Eastern Standard Time on August 9, 2018. Robert Dwyer and Samuel Kleiner participated on behalf of the Plaintiffs. David Gringer and Hallie Levin participated on behalf of the GRA Defendants.  Stephen Obermeier participated for the Stonington Defendants. The teleconference lasted approximately ten minutes.  Six days before the conference, after Plaintiffs' requested a meet and confer, Counsel for the GRA Defendants wrote to the Plaintiffs asking "on what basis do Plaintiffs believe alternate service is appropriate?"  Plaintiffs did not respond.  As a result, during the meet and confer,  Defendants requested additional time to consider Plaintiffs' position and a second teleconference was held on August 15, 2018 at 3:00 P.M. Eastern Standard Time with the same participants. That teleconference lasted approximately twenty minutes.

### I.    Parties' Positions on Plaintiffs' Motion for Alternative Service Pursuant to Rule 4(f)(3)

Plaintiffs informed Defendants that they intend to file a Motion for Alternative Service pursuant to Federal Rule of Civil Procedure ("FRCP") 4(f)(3), which allows for service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Plaintiffs

stated that they would seek alternative service for defendants David Mark Powell, Ahmed Al-Rumaihi and Mohammed bin Hamad bin Khalifa Al Thani. Plaintiffs stated that they would seek to serve Mr. Powell through Wilmer Hale LLP, which represents GRA in this action. Plaintiffs stated that they would seek to serve Mr. Al Thani through Covington Burling LLP, which represents the State of Qatar. Plaintiffs stated that they would seek to serve Mr. Al-Rumaihi through Jones Day LLP, which represents Mr. Al-Rumaihi in a separate civil suit in the Central District of California.

The GRA Defendants explained that they had written to the Plaintiffs six days before the meet and confer asking "on what basis do Plaintiffs believe alternate service is appropriate," and Plaintiffs had not responded. As a result, during the meet and confer, Defendants requested additional time to consider Plaintiffs' position and consider the facts and law that Plaintiffs felt justified alternate service.

Plaintiffs stated that service under Rule 4(f)(3) is not subordinate to other forms of service and that the Ninth Circuit and District Courts within the Circuit have repeatedly allowed for service of foreign defendants through alternative means. Plaintiffs noted that under "[t]o establish that service of process under Rule 4(f)(3) is appropriate in a given case, a plaintiff must show that (1) international agreement does not prohibit the service; and (2) that the service is 'reasonably calculated to provide actual notice' to the defendant." *Carrico v. Samsung Elecs. Co.,* No. 15-CV-02087-DMR, 2016 WL 2654392, at *3 (N.D. Cal. May 10, 2016) (quoting *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014-1016 (9th Cir. 2002)).

Plaintiffs stated that the proposed method of service was "not prohibited by international agreement," as required under Rule 4(f)(3).

1 Plaintiffs stated that nothing in the Hague Convention on the Service Abroad
2 of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov.
3 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 would bar serving defendants
4 through U.S. counsel. *Carrico v. Samsung Elecs. Co.*, No. 15-CV-02087-
5 DMR, 2016 WL 2654392, at *4 (N.D. Cal. May 10, 2016). ("[N]othing in the
6 Hague Convention bars Plaintiffs' requested service on [Defendant] through
7 h[is] attorney.") .

8 Plaintiffs stated that these specific counsel had been selected because
9 they believed that it would ensure that the process served actually reached the
10 Defendants. Plaintiffs explained that service on Wilmer Hale LLP would be
11 likely to reach Mr. Powell because the law firm represents his employer,
12 GRA, in this matter. Plaintiffs explained that service on Jones Day LLP
13 would be likely to reach Mr. Al Rumaihi because the law firm represents him
14 in another civil action in the Central District of California. Plaintiffs
15 explained that service on Covington Burling LLP would be likely to reach Mr.
16 Al Thani because the law firm represents the State of Qatar in this matter and
17 Mr. Thani is a member of the Qatari Royal Family (the brother of the Emir).

18 Plaintiffs stated that service under Rule 4(f)(3) is not subordinate to
19 service under Rule 4(f)(1) or Rule 4(f)(2). Under, *Rio Properties, Inc. v. Rio*
20 *Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002), "Rule 4(f)(3) is one of three
21 separately numbered subsections in Rule 4(f), and each subsection is
22 separated from the one previous merely by the simple conjunction 'or.' Rule
23 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other
24 subsections; it stands independently, on equal footing. Moreover, no language
25 in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3)
26 includes no qualifiers or limitations which indicate its availability only after

27
28

- 3 -  Case No. 18-cv-02421-JFW
JOINT STIPULATION RE MOTION TO PERMIT SERVICE BY ALTERNATE MEANS

1 attempting service of process by other means." *Id.* at 1015.

2 Plaintiffs stated that specifically in this case Judge Eick has recognized
3 that service under Rule 4 does not require personal service, in ruling that
4 "[u]nlike other rules, Rule 45(b) does not expressly permit service by mail or
5 service electronically. The authors of the Federal Rules of Civil Procedures,
6 and the United States Supreme Court which approves amendments to the
7 Federal Rules, obviously know how to create a rule which unambiguously
8 authorizes such service (or unambiguously authorizes a court to permit such
9 service)." (ECF No. 196 at 3).

10 In the first teleconference, the GRA Defendants inquired as to attempts
11 that had been made to locate and serve these Defendants. The GRA
12 Defendants explained that to invoke service under Rule 4(f)(3), a plaintiff has
13 the burden to "demonstrate that the facts and circumstances of [his or her]
14 case **necessitate**[] the district court's intervention." *Rio Properties, Inc. v. Rio*
15 *Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (emphasis added).

16 The Plaintiffs explained that they had attempted to serve Mr. Al-
17 Rumaihi at a former residence in Los Angeles but that they'd been unable to
18 find him there. Plaintiffs explained that they had been unable to locate any of
19 these Defendants and stated that it's difficult to attempt service on a person if
20 you don't know where that person is. The GRA Defendants inquired whether
21 additional attempts had been made to locate any of the three Defendants or
22 whether there had been any attempts to serve any of the three Defendants and
23 were told that there had not been.

24 In the second teleconference, the GRA Defendants took the position
25 that the Plaintiffs have not yet made sufficient efforts to locate or serve these
26 Defendants and that simply stating that the Defendants could not be found was

27
28

- 4 -  Case No. 18-cv-02421-JFW
JOINT STIPULATION RE MOTION TO PERMIT SERVICE BY ALTERNATE MEANS

BOIES SCHILLER FLEXNER LLP

1 insufficient. The GRA Defendants again asked whether Plaintiffs had made
2 more than the one attempt at serving Mr. Al-Rumaihi at a former address, and
3 were told that Plaintiffs had been unable to locate these individuals. The GRA
4 Defendants explained that, without more, this did not discharge Plaintiffs'
5 burden because they had provided no evidence of diligence in attempting to
6 locate the Defendants.

7 The GRA Defendants also asked whether Plaintiffs had looked for the
8 Defendants in Qatar since the First Amended Complaint alleges that (a) Mr.
9 Powell is the "Principal Agent of GRA in Qatar," FAC ¶ 24, (b) Mr. Al-
10 Rumaihi is a "citizen of the State of Qatar," FAC ¶ 28, and (c) Mr. Al-Thani is
11 "a brother of the Emir of Qatar." FAC ¶ 26. Plaintiffs did not respond.
12 Plaintiffs stated that, moreover, service under Rule 4(f)(3) does not require
13 exhaustion of service attempts under Rule 4(f)(1) and Rule 4(f)(2).

14 At the Plaintiffs' request, the GRA Defendants pointed to multiple court
15 decisions requiring Plaintiffs to explain why service by alternate means was
16 necessary and rejecting attempts to serve by alternate means when plaintiffs
17 did not make a reasonable effort to locate or serve the defendants. *See, e.g.*,
18 *Kowalski v. Anova Food, LLC*, 2012 WL 3308886 (D. Haw. Aug. 10, 2012)
19 (rejecting service by alternate means where, *inter alia*, "it does not appear that
20 Plaintiffs have attempted" to serve the Defendant); *Recouvreur v. Carreon*,
21 2012 WL 12920768, at *2 (N.D. Cal. Oct. 15, 2012) (rejecting service by
22 alternate means and distinguishing *Rio Properties* because there plaintiffs had
23 made "multiple attempts at conventional service"); *see also Bortolus v.*
24 *Magical Cruise Co., Ltd.*, No. 07-cv-1864, 2008 WL 2595105, at *1
25 (M.D.Fla. June 20, 2008) (denying motion for service through counsel
26 because plaintiffs had not yet made a "good faith effort" to effect service); 4B

27
28
- 5 - Case No. 18-cv-02421-JFW
JOINT STIPULATION RE MOTION TO PERMIT SERVICE BY ALTERNATE MEANS

1  Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1134 ("[Rule 4(f)(3)] permits
2  service in a particular case to be tailored to the *necessities* of the situation
3  when none of the other methods of service expressly provided for in the rule is
4  satisfactory or likely to be successful." (emphasis added)). The GRA
5  Defendants also explained that plaintiffs are incorrect in contending that a
6  court should not consider whether a plaintiff "attempt[ed] other means of
7  service" before granting relief under Rule 4(f)(3). *See* Pls. Mot. at 8. Indeed,
8  in *Rio Properties*, the Ninth Circuit specifically considered plaintiff's efforts
9  to effect service through "conventional means," including, *inter alia*, "hiring a
10 private investigator" to discover the defendant's undisclosed "whereabouts in
11 Costa Rica," before affirming the district court's discretionary decision to
12 allow service under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1015.
13     The Stonington Defendants did not take a position on this.
14     In the second teleconference, Plaintiffs asked Defendants whether they
15 had 1) knowledge about the whereabouts of the Defendants or someone who
16 would be willing to accept service on their behalf (beyond what had been in
17 the Complaint) and 2) whether they would be willing to share that
18 information. Plaintiffs conceded that the Defendants were not required to
19 answer these questions and the GRA Defendants stated that they were, in fact,
20 not going to answer those questions.
21     In the second teleconference, Plaintiffs invited the views of the
22 Defendants as to Plaintiffs' position that alternative service through U.S.
23 counsel was "not prohibited by international agreement," as required under
24 Rule 4(f)(3). The GRA Defendants stated that this was the first time that
25 question had been asked, and that they would examine the question.
26     In the second teleconference, the GRA Defendants again explained that
27
28

- 6 -  Case No. 18-cv-02421-JFW
JOINT STIPULATION RE MOTION TO PERMIT SERVICE BY ALTERNATE MEANS

1 Plaintiffs had not set forth any facts that would suggest that they had even
2 looked for the Plaintiffs before simply concluding that the Plaintiffs could not
3 be found.

4 Though the call ended before this point could be discussed, the
5 GRA Defendants also object to service by alternate means because Plaintiffs
6 have not provided any evidence that any of the Defendants have sought to
7 evade service, and Plaintiffs should be capable of locating the three
8 Defendants at issue on their own with reasonable effort, in light of their own
9 allegations regarding the Plaintiffs' whereabouts. Finally, service by
10 alternate means must comport with "constitutional notices of due process."
11 *Rio Properties*, 284 F.3d at 1016. To meet this requirement, the "method of
12 service crafted by the district court must be reasonably calculated, under all
13 the circumstances, to apprise interested parties of the pendency of the action
14 and an opportunity to present their objections." *Id.* Plaintiffs' proposal to
15 serve U.S. law firms who do not represent the Defendants in this action fails
16 this standard as Plaintiffs have not shown that service on the firms would
17 result in notice to the Defendants or that those firms have been authorized to
18 accept service on any of the Defendants' behalf. *See, e.g.*, *Glob. Discoveries,*
19 *Ltd. v. Realtec, Ltd.*, No. 12-CV-05186 NC, 2013 WL 4377766, at *4 (N.D.
20 Cal. Aug. 13, 2013) (request for service through counsel under Rule 4(f)(3)
21 "must be based on facts showing that such service is reasonably calculated to
22 give actual notice of the case to [the defendant]"); *Madu, Edozie & Madu,*
23 *P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 119–20 (S.D.N.Y. 2010)
24 (service on law firm "may not satisfy constitutional due process" absent the
25 existence of an attorney-client relationship).

- 7 -  Case No. 18-cv-02421-JFW
JOINT STIPULATION RE MOTION TO PERMIT SERVICE BY ALTERNATE MEANS

| | | |
|---|---|---|
| 1 | Dated:  August 21, 2018 | BOIES SCHILLER FLEXNER LLP |
| 2 | | |
| 3 | | By:  */s/ Lee S. Wolosky* |
| 4 | | Lee S. Wolosky (*pro hac vice*)<br>Email:  lwolosky@bsfllp.com |
| 5 | | Robert J. Dwyer (*pro hac vice*)<br>Email:  rdwyer@bsfllp.com |
| 6 | | 575 Lexington Ave., 7th Floor<br>New York, NY 10022 |
| 7 | | Telephone: +1 212-446-2300 |
| 8 | | Facsimile: + 1 212-446-2350 |
| 9 | | |
| 10 | | *Attorneys for Plaintiffs* |
| 11 | | |
| 12 | Dated:  August 20, 2018 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 13 | | |
| 14 | | By:  */s/ Brendan R. McGuire* |
| 15 | | Brendan R. McGuire (*pro hac vice*) |
| 16 | | 7 World Trade Center<br>250 Greenwich Street |
| 17 | | New York, NY 10007 |
| 18 | | Email:  brendan.mcguire@wilmerhale.com<br>Telephone: + 1 212-295-6278 |
| 19 | | Facsimile: + 1 212-230-8888 |
| 20 | | |
| 21 | | |
| 22 | | *Attorneys for Defendants Global Risk Advisors* |
| 23 | | *LLC and Kevin Chalker* |

- 8 -   Case No. 18-cv-02421-JFW
JOINT STIPULATION RE MOTION TO PERMIT SERVICE BY ALTERNATE MEANS

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  August 21, 2018            **BOIES SCHILLER FLEXNER LLP**

By:   */s/ Lee S. Wolosky*

Lee S. Wolosky

*Counsel for Plaintiffs*