**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
  dwillingham@bsfllp.com
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

Amy L. Neuhardt (*pro hac vice*)
  aneuhardt@bsfllp.com
1401 New York Avenue, NW
Washington, DC 20005-2102
Phone:  (202) 237-2727
Fax:  (202) 237-6131

Lee S. Wolosky (*pro hac vice*)
  lwolosky@bsfllp.com
Robert J. Dwyer (*pro hac vice*)
  rdwyer@bsfllp.com
575 Lexington Ave., Floor 7
New York, NY 10022-6138
Phone:  (212) 446-2300
Fax:  (212) 446-2350

*Counsel for Plaintiffs*
*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>        Plaintiffs,<br><br>    v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>        Defendants. | Case No.  18-cv-02421-JFW<br><br>**JOINT STATEMENT REGARDING LOCAL RULE 7-3 PRE-FILING CONFERENCE ON PLAINTIFFS' INTENTION TO FILE A MOTION FOR LEAVE TO PURSUE AN INTERLOCUTORY APPEAL**<br><br>**The Honorable John F. Walter**<br><br>Amended Complaint: May 24, 2018 |

Case No. 18-cv-02421-JFW

B O I E S   S C H I L L E R   F L E X N E R   L L P

BOIES  SCHILLER  FLEXNER  LLP

1    In accordance with Section 5(b) of this Court's Standing Order and

2 Local Rule 7-3, this is the joint statement of Plaintiffs Broidy Capital

3 Management LLC and Elliott Broidy ("Plaintiffs") and dismissed Defendant

4 State of Qatar ("Qatar") regarding the parties' pre-filing conference of

5 counsel.

6    The parties' initial Local Rule 7-3 conference took place via

7 teleconference at 12:30 P.M. Eastern Standard Time on August 31, 2018.

8 Amy Neuhardt, Lee Wolosky, and Andrew Chesley participated on behalf of

9 Plaintiffs.  Mitchell Kamin and Rebecca Van Tassell participated on behalf of

10 Qatar.  The teleconference lasted approximately thirty minutes.

11 **<u>Parties' Positions on Plaintiffs' Motion for Leave to File a Motion for</u>**

12 **<u>Final Judgment as to Qatar and for Interlocutory Appeal of the Order</u>**

13 **<u>Dismissing Qatar</u>**

14    Plaintiffs informed Qatar that they intend move the Court pursuant to

15 Fed. R. Civ. Pro. 54(b) for a final judgment as to Qatar and to move for an

16 interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of the Court's order

17 granting Qatar's motion to dismiss on grounds of sovereign immunity (the

18 "Order").  Plaintiffs explained that the Order is appropriate for final judgment

19 under Fed. R. Civ. Pro. 54(b) because it resolves all claims as to Qatar and

20 there is no just reason for delay of appeal of the issues regarding sovereign

21 immunity addressed in it.

22    Plaintiffs further explained that the issues raised in the Order involve

23 controlling issues of law regarding sovereign immunity and there is

24 substantial ground for difference of opinion regarding the applicability of the

25 non-commercial torts and commercial activity exceptions to the Foreign

26

27                    - 1 -                    Case No. 18-cv-02421-JFW

28

B O I E S    S C H I L L E R    F L E X N E R    L L P

1    Sovereign Immunities Act.  Further resolution of those issues may materially

2    advance the ultimate termination of the litigation because issues of sovereign

3    immunity permeate the litigation, and resolution of the issues surrounding

4    sovereign immunity prior to resolution of claims against all parties will further

5    advance the resolution of claims against those parties.  Plaintiffs also noted

6    that the Ninth Circuit, in the context of considering an appeal of an order

7    dismissing a defendant pursuant to the *Noerr Penington* Doctrine expressed

8    the view that courts granting Rule 54(b) motions for final judgements should

9    also certify the underlying order for interlocutory appeal:

> Whether the district court's decision to grant ICTSI's Rule 54(b)
> motion was correct is a close call.  In circumstances such as
> these, we strongly prefer that the district court "certify its order
> for interlocutory appeal," which allows "the Court of Appeals to
> protect its docket by determining for itself whether to accept the
> issue for review."

*Int'l Longshore & Warehouse Union v. ICTSI Oregon*, 863 F. 3d 1178, 1186

(9th Cir. 2017), *quoting Morrison-Knudsen Co.,* 655 F.2d 962, 966 (9th Cir.

1981).

Plaintiffs also informed Qatar that, although they are in negotiations

with counsel for Mohammed bin Hamad bin Khalifa al Thani ("al Thani"),

and further intend to move for leave to pursue alternate service as to al Thani

and other non-served defendants, Plaintiffs intend to file a Notice of Appeal of

the Order on September 7, 2018 (thirty days after the Order) because there is

ambiguity as to whether the Order is a final judgment.  The ambiguity arises

from the fact that all served defendants now have been dismissed, and

Plaintiffs will not have resolution of their motion for alternative service of the

remaining defendants and may not have successfully negotiated service of al

Thani prior to September 7.  Plaintiffs advised that once the ambiguity is

- 2 -

1  resolved, they will either withdraw the notice of appeal they intend to file on

2  September 7, or withdraw any efforts at interlocutory appeal then pending,

3  depending on which is the appropriate course.

4      Qatar advised that it would oppose a motion for final judgment against

5  Qatar under Fed. R. 54(b) because the issues of sovereign immunity addressed

6  in the Order may continue to be at issue with respect to other defendants in

7  this action.  Qatar further advised that it would oppose certification of the

8  Order pursuant to 28 U.S.C. § 1292(b) because the Order does not meet the

9  jurisdictional requirements of the statute; specifically, there is not a

10  "substantial ground for difference of opinion" with respect to the Court's legal

11  conclusion that Qatar is immune from suit under the Foreign Sovereign

12  Immunities Act.

13      Qatar also expressed the view that, because Plaintiffs are in negotiations

14  with counsel for al Thani and also intend to move for permission to alternate

15  service, a notice of appeal of the Order as a final judgment is not appropriate,

16  as unserved defendants remain in the case and it is clear from the course of

17  proceedings that further adjudication is contemplated by the Plaintiffs.

18  *Crowley v. Bannister*, 734 F.3d 967, 974 (9th Cir. 2012).  Qatar suggested that

19  Plaintiffs instead voluntarily dismiss all remaining defendants, then pursue a

20  final appeal thereafter.

21

22  Dated:  September 4, 2018                    BOIES SCHILLER FLEXNER LLP

23                                              By:   */s/ Lee S. Wolosky*

24                                              Lee S. Wolosky (*pro hac vice*)
                                                Email:  lwolosky@bsfllp.com

25                                              575 Lexington Ave., 7th Floor
                                                New York, NY 10022

26

27                                      - 3 -                    Case No. 18-cv-02421-JFW

28

BOIES SCHILLER FLEXNER LLP

BOIES SCHILLER FLEXNER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: +1 212-446-2300
Facsimile: + 1 212-446-2350

Amy Neuhardt (*pro hac vice*)
Email:  aneuhardt@bsfllp.com
1401 New York Ave., NW
Washington, D.C. 20005
Telephone: +1 202-237-2727
Facsimile: +1 202-237-6131

*Attorneys for Plaintiffs*

Dated:  September 4, 2018          COVINGTON AND BURLING LLP

By:   */s/ Mitchell A. Kamin*

Mitchell A. Kamin
Email: mkamin@cov.com
Rebecca Van Tassell
Email: rvantassel@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 424-332-4800

*Attorneys for Defendant State of Qatar*

- 4 -                    Case No. 18-cv-02421-JFW

JOINT STATEMENT REGARDING LOCAL RULE 7-3 PRE-FILING CONFERENCE ON
PLAINTIFFS' INTENTION TO FILE MOTION FOR INTERLOCUTORY APPEAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE CERTIFICATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  September 4, 2018

**BOIES SCHILLER FLEXNER LLP**

By:    */s/ Lee S. Wolosky*

Lee S. Wolosky

*Counsel for Plaintiffs*

- 5 -                    Case No. 18-cv-02421-JFW