COVINGTON & BURLING LLP
Mitchell A. Kamin (Bar No. 202788)
  mkamin@cov.com
Neema T. Sahni (Bar No. 274240)
  nsahni@cov.com
Mark Y. Chen (Bar No. 310450)
  mychen@cov.com
Rebecca G. Van Tassell (Bar No. 310909)
  rvantassell@cov.com
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 424-332-4800
Facsimile: + 1 424-332-4749

C. William Phillips (*pro hac vice*)
  cphillips@cov.com
620 Eighth Avenue
New York, NY 10018-1405
Telephone: + 1 212-841-1000
Facsimile: + 1 646-441-9081

*Attorneys for Defendant State of Qatar*

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>     Plaintiffs,<br><br>     v.<br><br>STATE OF QATAR, STONINGTON STRATEGIES LLC, NICOLAS D. MUZIN, GLOBAL RISK ADVISORS LLC, KEVIN CHALKER, DAVID MARK POWELL, MOHAMMED BIN HAMAD BIN KHALIFA AL THANI, AHMED AL-RUMAIHI, and DOES 1-10,<br><br>     Defendants. | Civil Case No.:<br><br>2:18-CV-02421-JFW-(Ex)<br><br>[**Assigned to Hon. John F. Walter**]<br><br>**JOINT STATEMENT REGARDING FURTHER MEET AND CONFER ON PLAINTIFFS' MOTION FOR LEAVE TO PURSUE APPEAL PURSUANT TO SEPTEMBER 6 ORDER OF THE COURT**<br><br>Amended Complaint Filed:  March 26, 2018 |

In accordance with the Court's September 6, 2018 Text Entry Order (**Dkt. 215**) ("September 6 Order"), this is the Joint Report of Plaintiffs Broidy Capital Management LLC and Elliott Broidy ("Plaintiffs") and State of Qatar ("Qatar"), regarding the parties' additional meet and confer regarding Plaintiffs' stated intention to file a motion for interlocutory appeal.

## I.      Factual Background

On May 24, 2018, Plaintiffs Broidy Capital Management LLC ("BCM") and Elliott Broidy ("Broidy") (together, "Plaintiffs") filed the First Amended Complaint ("FAC") in this matter.  Defendants Qatar, Stonington Strategies LLC ("Stonington"), Nicolas D. Muzin ("Muzin") (Stonington and Muzin together, "Stonington Defendants"), and Global Risk Advisors LLC ("GRA"), and Kevin Chalker ("Chalker") (GRA and Chalker together, "GRA Defendants", and collectively with the Stonington Defendants, the "Served Defendants") filed serial motions to dismiss the FAC.  **Dkts. 112, 129 and 172**.  On August 8, 2018, this Court granted Qatar's motion with respect to Qatar's claims of sovereign immunity, but did not address the remainder of Qatar's arguments.  **Dkt. 198.**  On August 16 and August 22, 2018, the Court granted the Stonington Defendants' and the GRA Defendants' motions with respect to their claims that this Court lacked personal jurisdiction over them, but did not address the remainder of those defendants' arguments.  **Dkts. 209 and 212.**

At the time of the third order, Defendants David Mark Powell ("Powell"), Mohammed bin Hamad bin Khalifa al Thani ("Al Thani"), and Ahmed al-Rumaihi ("Al-Rumaihi") (collectively, the "Unserved Defendants") remained in the case, but had not been served.  They remain unserved as of this date.

On August 17, 2018, Magistrate Judge Eick entered a protective order in this matter (the "Protective Order"), adopting in full a version of the order proposed by Qatar.  **Dkt. 210** (adopting **Dkt. 185-1**.)  Pursuant to the Protective Order, the parties had twenty

days from entry of the order – or until September 6, 2018 – to designate as protected any material already produced in this action.  **Dkt. 185-1, ¶ 2.**

On August 31, 2018, the parties held a Local Rule 7-3 conference regarding Plaintiffs' anticipated appeal of this Court's order dismissing Qatar from the case.  In the meet and confer, Plaintiffs expressed an intention to move the Court pursuant to Fed. R. Civ. P. 54(b) for a final judgment as to Qatar and to move for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) of the Court's order granting Qatar's motion to dismiss. Qatar opposed that proposed motion.

On September 4, 2018, Plaintiffs and Qatar submitted a Joint Statement Regarding Local Rule 7-3 Pre-Filing Conference on Plaintiffs' Intention to File a Motion for Leave to Pursue and Interlocutory Appeal.  **Dkt. 214**.  After reviewing that Joint Statement, the Court issued its September 6 Order, stating that "the Court is of the view that it would be more efficient and cost effective to dismiss the unserved Defendants, request entry of a Final Judgment and pursue an appeal from the Final Judgment."  **Dkt. 215**.  The Court ordered the parties "to conduct an additional meet and confer to discuss the contemplated Motion," and file a Joint Report regarding the results of that meet and confer.  *Id.*

On the same day that the Court issued its minute order, the Served Defendants made designations pursuant to the Protective Order (the "Designations").  Plaintiffs expressed their view to the Served Defendants that the scope and nature of the Designations was improper under the Protective Order and established law.

On September 11, 2018, Qatar revised its Designations.  Although the revisions narrowed Plaintiffs' dispute with Qatar regarding the Designations, Plaintiffs continue to dispute the propriety of the remaining Designations by Qatar.[1]

---

[1] The Stonington Defendants and the GRA Defendants also made Designations that Plaintiffs believe to be improper.  Plaintiffs and counsel for the Stonington Defendants

On September 12, 2018, the parties held the meet-and-confer directed by this Court regarding Plaintiffs' intention to appeal the order dismissing Qatar.  At the same time, the parties also conferred regarding the Designations.  The parties conferred via teleconference at 1:30 P.M. Pacific Time on September 12, 2018.  C. William Phillips, Jonathan Gimblett, Neema Sahni, and Rebecca Van Tassell participated on behalf of Qatar.  Lee Wolosky, Amy Neuhardt, and Sam Kleiner participated on behalf of Plaintiffs.  Stephen Obermeier and Rebecca Saitta participated on behalf of the Stonington Defendants.  David Gringer and Brendan McGuire participated on behalf of the GRA Defendants.[2]  The teleconference lasted approximately one hour.  A summary of the parties' respective positions, as communicated in that teleconference, is included below.

## II.   The Parties' Positions on Plaintiffs' Intended Motion for Leave to Pursue an Interlocutory Appeal.

### A.   Qatar's Position.

#### 1.   Current Procedural Posture

In the September 6 Order, the Court stated its view that the most "efficient and cost effective" path forward in this case would be for Plaintiffs to voluntarily dismiss the Unserved Defendants, request entry of a Final Judgment, and then pursue an appeal from that Final Judgment.

Qatar agrees with the Court.  The Unserved Defendants should be promptly dismissed by Plaintiffs, or *sua sponte* by the Court.  *See, e.g.*, *Omar v. Sea-Land Serv. Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (a trial court may dismiss a claim *sua sponte*).  There is no valid basis for further delaying final disposition of this case.

---

are in negotiations to resolve their dispute, and are hopeful that the dispute can be resolved without litigation.  Plaintiffs do not intend to challenge the GRA Defendants' Designations at this time.

[2] The Unserved Defendants did not participate in the conference.

3

Given the rulings in the case thus far, Qatar believes further litigation against the Unserved Defendants would be frivolous, futile, and unnecessary.  In each of the previous orders dismissing the Dismissed Defendants, the Court specifically noted that the FAC contains no "specific facts suggesting that these [unserved] defendants were engaged in any unlawful hacking activity."  **Dkts. 198, 209, 212**.  Further, the Court's rulings dismissing the Stonington Defendants and GRA Defendants for lack of personal jurisdiction suggest that the Unserved Defendants will almost certainly be dismissed as well, as Plaintiffs' basis for personal jurisdiction against those defendants is even more tenuous.  Given this state of play, the only non-frivolous way for Plaintiffs to press forward in this case is through appeal, during which time no discovery or designation disputes may proceed.  *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001).

### 2.    September 12 Meet and Confer

In the supplemental conference on September 12, Plaintiffs first informed Qatar and the other Dismissed Defendants that they generally agreed to dismiss the Unserved Defendants, request a final judgment, and then pursue an appeal, as suggested by the Court.  *However*, Plaintiffs refused to specify *when* they would dismiss the Unserved Defendants.  This is because Plaintiffs want to continue to keep the lawsuit active in order to challenge several of the Dismissed Defendants' confidentiality designations before the Magistrate Judge, despite the fact that there are no defendants in this case and all discovery will be stayed on appeal.  Plaintiffs seek to delay the dismissal of the Unserved Defendants in order to push through further discovery—all in a case that is, for all practical purposes, over.

Counsel for Qatar responded that, as there is no active litigation, any motions practice with regard to confidentiality designations—and indeed, any discovery activity at all—would be inappropriate and a waste of judicial and party resources.  To address Plaintiffs' stated concern about wanting to challenge confidentiality designations, Qatar

offered to stipulate to hold any due dates in abeyance in the (unlikely) event that the case is remanded to the district court after appeal.  Qatar emphasized that this is the *only* situation in which disputes about confidentiality designations could possibly be relevant to this action.

In response, Plaintiffs admitted that the discovery designations would not be relevant to *this* action unless it is remanded after appeal, but stated that they nevertheless intend to challenge Qatar's confidentiality designations in order to obtain nonpublic information which can be used in *other* cases they may wish to file against unspecified parties in unspecified venues.  Counsel for Stonington Defendants and GRA Defendants asked Plaintiffs to elaborate on who they intend to sue, when they intend to file, in what court they intended to file, and the extent to which the allegations would be similar to those in this case.  Counsel for Plaintiffs responded that they could not answer any of those questions, and that they had not even determined whether they planned to file separate cases at all.

Qatar explained that pursuing discovery *only* for use in other suits—particularly when those suits are completely hypothetical—is irrelevant to this action and therefore outside of the scope of Rule 26.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 & n.17 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."); *Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 41-42 (D.D.C. 2011) ("[I]t is not appropriate, and there is not good cause, to take third-party discovery in this case solely to obtain information that will be used in another lawsuit in a different venue.").

Qatar continues to urge Plaintiffs to promptly voluntarily dismiss the Unserved Defendants, end this action, and file its appeal.  If Plaintiffs refuse to do so in a timely

manner, Qatar respectfully requests that the Court make clear to Plaintiffs that they may not pursue discovery or discovery-related motions in a case with no Defendants, and that Plaintiffs' only legitimate course of action is to immediately dismiss the Unserved Defendants and pursue their appeal.

### B. Plaintiffs' Position.

Plaintiffs are prepared to dismiss the Unserved Defendants without prejudice. Two concerns remain, however.

***First***, as expressed by Plaintiffs in the Local Rule 7-3 report regarding their intention to appeal the order dismissing Qatar from this Action, Plaintiffs are concerned that ambiguity remains regarding whether this Court's order dismissing the GRA Defendants – the last of the Served Defendants – converted the order dismissing Qatar to a final order. Although the Court's minute order of September 6, 2018 suggests that the Court does not believe final judgment has been entered with respect to Qatar, and therefore minimizes that ambiguity, Plaintiffs request clarity from the Court regarding that matter.[3]

***Second***, an outstanding dispute remains with Qatar regarding the Designations. Qatar – which itself produced no documents in this case and was dismissed from this action on August 8, 2018 – purported to make overbroad and impermissible Designations under the Protective Order on September 6 and 11, 2018 of various third-party discovery materials. Qatar now claims that Plaintiffs may not challenge those Designations under the express provisions of the Protective Order governing challenges, because, Qatar claims the Court will be powerless to address the propriety of its overbroad Designations once the case is on appeal as to Qatar and dismissed as to the Unserved Defendants.

---

[3] In the interim, Plaintiffs are prepared to file a notice of appeal on September 21, 2018 of the order dismissing Qatar, which date is thirty days after entry of the order dismissing the GRA Defendants.

The Served Defendants' position that the Court will have no power to address the propriety of improper or overbroad Designations under the Protective Order pending appeal improperly rewards the Served Defendants for failing to follow the provisions of the Protective Order barring improper and blanket designations and unnecessarily prejudices Plaintiffs in litigation of pending related actions[4], and in litigation against certain of the Served Defendants themselves.

Plaintiffs will serve their portion of a Joint Stipulation challenging the Designations on counsel for Defendants by no later than this Friday, September 21, 2018. Pursuant to Local Rule 37, those Defendants will have until Friday, September 28, 2018 to provide their portion of that stipulation. The Joint Stipulation then can be filed with Magistrate Judge Eick shortly thereafter.[5] Plaintiffs expect based on prior experience in this case that Magistrate Judge Eick will rule on the motion promptly.

Plaintiffs therefore also seek clarity regarding the Court's jurisdiction over the Designations and the Protective Order pending appeal. Plaintiffs believe that the Court will retain jurisdiction over such matters until "Final Disposition" pursuant to Section N

---

[4] Despite the Served Defendants' complaints regarding Plaintiffs' expressed intention to use discovery materials from this matter in other litigations, the Protective Order expressly permits Plaintiffs to use "Protected Material" in connection with "this Action," the definition of which includes not only "this pending lawsuit," but also "related actions" **Dkt. 185-1, D.1.** Here, there currently is a case pending in the Southern District of New York against Jamal Benomar alleging participation by Mr. Benomar in the same conspiracy at issue here. In addition, Plaintiffs intend to refile their claims against certain of the Served Defendants who were dismissed on the grounds of personal jurisdiction in one or more jurisdictions with clear personal jurisdiction over those defendants. Plaintiffs need to be able to use the materials they have obtained from discovery in this matter in prosecuting the related action against Mr. Benomar and the anticipated actions against defendants in other districts.

[5] Because the stipulation necessarily will involve attachment of documents that are currently designated Confidential and Highly Confidential, the parties will have to obtain permission to file exhibits under seal prior to filing the final stipulation with Magistrate Judge Eick.

of the Protective Order.[6] At a minimum, however, Plaintiffs ask that the Court maintain jurisdiction over this matter until such time as the parties' ripe dispute regarding the Designations is resolved.   Plaintiffs propose to file a voluntary dismissal of the Unserved Defendants within two business days of receiving an order from Magistrate Judge Eick resolving the parties' disputes regarding the Designations.


Dated:  September 19, 2018            COVINGTON & BURLING LLP

                                      By:   /s/ Mitchell A. Kamin
                                      Mitchell A. Kamin
                                      Email:  mkamin@cov.com
                                      1999 Avenue of the Stars, Suite 3500
                                      Los Angeles, CA 90067-4643
                                      Telephone: + 1 424-332-4800
                                      Facsimile: + 1 424-332-4749

---

[6] Plaintiffs do not concede that Qatar is correct in its analysis.  The only case Qatar cites in support of its proposition is *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001), which, contrary to Qatar's description of the case, does not address either discovery or jurisdiction over a protective order pending appeal.

Moreover, the Protective Order itself contemplates that it will stay in effect after the dismissal of Qatar and the other defendants, up until the "final disposition" of the action, which language contemplates resolution of all appeals.  The order states that: "After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material." **Dkt. 185-1, N.**  Under its own terms, then, the protective order necessarily extends "*after* the 'final adjudication or settlement' of the [Plaintiff's] claims." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 782 (1st Cir. 1988) (emphasis in original).  A challenge to a Protective Order is timely while "while the protective order [is] still in effect." *Id.* at 782, n.7; *see also Factory Mut. Ins. Co. v. Insteel Indus., Inc.*, 212 F.R.D. 301, 303 (M.D.N.C. 2002) (A final judgment or stipulation of dismissal does not diminish the district court judge's right to lift or to modify such orders.").

Applying this law here, the Court thus would retain jurisdiction after over challenges to Designations, even where disposition of such challenges occurs after the dismissal of all defendants.

8

*Attorneys for Defendant State of Qatar*

Dated:  September 19, 2018

BOIES SCHILLER FLEXNER LLP

By:  */s/ Lee S. Wolosky*

Lee S. Wolosky
Email:  lwolosky@bsfllp.com
Robert J. Dwyer
Email:  rdwyer@bsfllip.com
575 Lexington Ave., 7th Floor
New York, NY 10022
Telephone: +1 212-446-2300
Facsimile: + 1 212-446-2350

*Attorneys for Plaintiffs*

9

# SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

DATED:  September 19, 2018             COVINGTON & BURLING  LLP

                                        */s/  Mitchell A. Kamin*
                                       Mitchell A. Kamin

JOINT STATEMENT REGARDING FURTHER MEET AND CONFER ON PLAINTIFFS' MOTION FOR LEAVE TO PURSUE APPEAL
PURSUANT TO SEPTEMBER 6 ORDER OF THE COURT