# Exhibit B

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Mitchell A. Kamin

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4759
mkamin@cov.com

**HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY
SUBJECT TO PROTECTIVE ORDER**

**Via Electronic & U.S. Mail**                                                February 7, 2019

Filiberto Agusti (fagusti@steptoe.com)
Shannen W. Coffin (scoffin@steptoe.com)
Michael J. Baratz (mbaratz@steptoe.com)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Dear Counsel:

This letter is in response to the complaint you filed on January 24, 2019 in the U.S. District Court for the District of Columbia on behalf of Broidy Capital Management and Elliott Broidy (the "Complaint"). As counsel for the State of Qatar, we are concerned that in filing the D.C. Complaint, you have violated the terms of the Protective Order that was entered in the dismissed California action. *See Broidy Capital Management LLC v. State of Qatar*, No. 2:18-cv-02421 (C.D. Cal.), Dkt. 185-1 (the "Protective Order"). The terms of the California Protective Order clearly state that materials designated as highly confidential may not be disclosed to anyone except for counsel of record, experts, personnel and staff of the Court, and other similarly-situated individuals in the California action and related actions. Protective Order, H.3, D.1.

As an initial matter, you are in violation of the Protective Order because the Complaint *publicly* discloses material that Qatar designated as highly confidential. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Likewise, filing confidential or highly confidential information *under seal* in actions outside of the Central District of California is a violation of the Protective Order.

*First*, as we have repeatedly explained, lawsuits that are not in the Central District of California are not "related actions" under the terms of the Protective Order. "Related action" is a defined term under the local California rules, and it means two or more cases "filed *in this*

**COVINGTON**

Filiberto Agusti
Shannen W. Coffin
Michael J. Baratz
February 7, 2019
Page 2

*District*" that arise from closely-related factual circumstances, which then requires the parties to file a "Notice of Related Case." C.D. Cal. Local Rule 83-1.3. It does *not* refer to any case in another jurisdiction that a party subjectively believes to have similar factual allegations as the California case. The Protective Order clearly prohibits disclosure of protected material to the District of the District of Columbia through the filing of the sealed Complaint.

Your clients have already unsuccessfully pressed the argument that confidential materials from the California action can be used in actions outside the District, provided they are filed under seal. First, on October 10, your client's prior counsel asked Judge Cathy Seibel of the Southern District of New York to allow such a sealed filing, and she explicitly ruled that it was a matter to be taken up with the California court. October 10 Transcript, 29:4-5 ("It seems to me, if you want to use this information you need to go back to [the California court]"); 31:8-9 ("Go back to the Court whose order it is."); 32:10-12 ("It seems to me, you have to go back to the judge in the closed case and say, I want to use this in a complaint in New York. Do I have your permission?"); 37:9-10 ("Well, you have a problem, but that's why, if I were you, I'd go back to the court in California.").

Then, your client made this argument again in the motion to de-designate. Dkt. 238-1. In response, Qatar explained yet again that "related action" does not refer to cases in other judicial districts. *Id.* As you must know, the California court upheld Qatar's designations in full, and *also* reaffirmed the terms of the Protective Order. Minute Order, Dkt. 242 ("To the extent the Motion also may seek a modification of the 'Protective Order' itself, the Motion is procedurally improper.").

*Second*, even if it were appropriate to divulge highly confidential information to the D.D.C. court (which it is not), the terms of the Protective Order clearly state that you were required to request permission to seal from the California court, which you did not do. Protective Order C, M.3. Counsel for your client acknowledged as much before Judge Seibel in the Southern District of New York. In the same October 10 hearing, Robert Dwyer stated that in order to file protected material under seal, the Protective Order requires permission from the California court. October 10 Transcript, 33:1-6 ("The documents that we would be citing to, relying on, quoting from, are confidential . . . . If you want to file something under seal, you have to come back to the Court [in California].").

Though there is no adequate remedy for these breaches, they must be mitigated by withdrawal of the complaint. If you opt to re-file, the complaint must not use in any way these protected materials. Given the seriousness of this issue, and the numerous "inadvertent

**COVINGTON**

Filiberto Agusti
Shannen W. Coffin
Michael J. Baratz
February 7, 2019
Page 3

breaches" committed by prior counsel, Qatar reserves all rights, including but not limited to seeking an order from the Central District of California finding you in contempt of the Protective Order.

Respectfully,

Mitchell A. Kamin

cc:  Steven Obermeier, Wiley Rein LLP
     Temitope Yusuf, Arent Fox LLP
     Jeffrey Udell, Walden, Macht & Haran LLP