# Exhibit D

Filiberto Agusti
202 429 6428 direct
202 261 7512 fax
fagusti@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

February 12, 2019

**<u>VIA ELECTRONIC TRANSMISSION</u>**

Mitchell A. Kamin, Esq.
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA   90067
mkamin@cov.com

       Re: Broidy D.C. Complaint

Dear Mitchell:

  Before our meet and confer call this afternoon, I wanted to provide you with our views on the issues set out in your February 7, 2019 letter.  My hope is that if you understand our perspective, we might be able to reach an understanding on these issues.

  First, I hope we have resolved the inadvertent disclosure of which you notified us.  As your email of February 9, 2019 noted, we have promptly corrected the disclosure of Document PRD00000025.  After receiving your letter after business hours our time on February 7, we moved the D.C. District Court the next day to strike the original redacted complaint from the record and substitute a corrected public complaint with the disclosure removed.  Less than 24 hours after we received your letter, the district court entered an order granting our motion.

  This letter focuses on the remaining issues raised in your February 7 letter, your position that "filing confidential or highly confidential information under seal in actions outside the Central District of California is a violation of [this Court's] protective order."  You contend that lawsuits outside of the Central District of California are not "related actions" within the scope of the protective order.  Instead, you argue that "related actions" is a term defined in C.D. Cal. Local Rule 83-1.3, which requires parties filing a complaint to give notice of related cases in the Central District.  Because this rule requires notice of related cases within this District, you argue that the term "related actions" here only refers to "related actions" in this District.  Thus, under

Mitchell A. Kamin, Esq.
February 12, 2019
Page 2 of 5



your reading the information within the scope of the protective order can only be used in "related actions" in this District.

  With deference, we think that your interpretation of "related action"—which actually is not defined in the local rules—is inconsistent with the term's literal meaning, the ordinary use of the term by federal courts, including Judge Walter, and other local rules.

  First, we cannot find the term "related actions" mentioned anywhere, let alone defined. There are references to "related cases" in the local rules, but the rules never suggest that a "related case" can only be one in this district.

  Of course, the common understanding of the phrase "related action" is another action that is "connected or associated" to this case, *i.e.*, one that arises from the same core of facts or raises similar issues of fact or law.[1] Our D.C. Complaint easily meets that definition—indeed, it is the same case, filed against Nicolas Muzin and Stonington Strategies LLC in a court with personal jurisdiction over those defendants.

  Courts' usage of the phrase "related actions"—including Judge Walter's own frequent usage—contradicts your suggestion that a case raising similar facts and legal claims is not "related" if it is filed in a different judicial district.  The U.S. Supreme Court, the Ninth Circuit and the Central District frequently use the terms "related action" and "related case" to discuss litigation pending in other state or federal courts.[2]  Similarly, the Judicial Panel on Multidistrict

---

  [1] *See, e.g.*, Webster's New College Dictionary 1209 (2007) (defining "related"); *see also* U.S. Legal Dictionary, Definition "Related Cases,"  (The term related cases mean "cases are related if they present common questions of law and fact, or arise from the same source or substantially similar transactions, happenings, events or relationships, or if for any other reason they would entail substantial duplication of labor if assigned to different judges." (citing *Jab Industries, Inc. v. Silex S.P.A.*, 601 F. Supp. 971, 980 (S.D.N.Y. 1985)), available at https://definitions.uslegal.com/r/related-cases/.

  [2] *See, e.g., United States v. Tohono O'Odham Nation*, 563 U.S. 307, 310-311 (2011) ("Since 1868, Congress has restricted the jurisdiction of the CFC and its predecessors when related actions are pending elsewhere."); *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 227 (1979) (referring to "other District Courts in which related actions were pending"); *Association of California Water Agencies v. Evans*, 386 F.3d 879, 881 (9th Cir. 2004) ("The case was dismissed as moot, after Defendants had settled a separate, but related case in another district."); *Sherman v. United States,* 801 F.2d 1133, 1134 (9th Cir. 1986) ("This case raises the novel question whether a judge may dismiss a case when the plaintiff fails to prosecute a related case in another court.*"); Everpure, LLC  v. Selecto, Inc*., 2010 WL 480970, *3 (C.D. Cal. Feb. 3, 2010) ("Courts may also consider whether there is a related case pending in another district in deciding whether to transfer a case."); *Chipman v. Apenbio Pharma, In*c., 2011 WL 13274220, *5 (C.D. Cal. Jan. 20, 2011) (noting "the existence in the transferee district of another related

Mitchell A. Kamin, Esq.
February 12, 2019
Page 3 of 5



Litigation regularly uses the phrase "related actions" to refer to cases pending in different courts throughout the United States.[3]  And as noted, Judge Walter himself has often used the term "related action" or "related case" to refer to cases pending in other judicial districts.  *See, e.g., TMI Prods. v. Audiovox Corp.*, 2009 WL 10675633, * 3 (C.D. Cal. Apr. 29, 2009) (Walter, J.) (in deciding transfer motion, court considers the "pendency of related actions in the transferee forum");  *EFG Bank AG, Cayman Branch v. Lincoln Nat'l Life Ins. Co.*, 2017 WL 5635022. * 3 (C.D. Cal. June 8, 2017) (Walter, J.) (same); *Puri v. Hearthside Solutions LLC*, 2011 WL 6257182, * 3 (C.D. Cal. Dec. 13, 2011) (Walter, J.) (same); *Patel v. Regency Car Rentals LLC*, 2016 WL 10999273 (C.D. Cal. Sept. 23, 2016) (Walter, J.) (pre-trial disclosure order requiring report of "any related cases or proceedings pending before another judge of this court, *or before another court or administrative body.* ") (emphasis added).

This reading is confirmed repeatedly in the Court's rules and practices.  First, the Civil Cover Sheet filed in every civil case in the Central District, which implements the local rules, asks "Is this *case related (as defined below)* to any civil or criminal case(s) previously filed in this court?"  *See* Doc. No. 2. at 3.  The standardized form explains that "Civil cases are related when they (check all that apply): A. Arise from the same or a closely related transaction, happening, or event; B. Call for determination of the same or substantially related or similar questions of law and fact; or C. For other reasons would entail substantial duplication of labor if heard by different judges."  *Id.*  Thus, the Court requires disclosure of a "related case" filed in the Central District, but defines "related case" to make clear that such cases can arise in any court.  Second, the rules immediately following Local Rule 83.1-3.1 further reinforce that "related" actions can arise in other courts.  Local Rule 83.1.4.3, for instance, requires prompt notification to the court where any action in the Central District "is related to an action which is before the Judicial Panel on Multidistrict Litigation, or which has been transferred by it pursuant to 28 U.S.C. § 1407."

Finally, we note that the foregoing interpretation of the protective order is consistent with the law of the Ninth Circuit, which "strongly favors access to discovery materials to meet the

---

case"); *Unicolors Inc. v. Myth Clothing Co, Inc*., 2016 WL 738289, *8 (C.D. Cal. Feb. 20, 2016) ("the most significant factor weighing in favor of a transfer is the fact that there is already a related case pending in the Southern District of New York"); *In re Genesisintermedia Inc. Securities Litigation*, 2003 WL 25667662 (C.D. Cal., June 12, 2003).

[3] *See, e.g.*, *Uber Technologies, Inc. Wage and Hour Practices*, 158 F.Supp.3d 1372, 1372-73 (J. Panel on Multidist. Litig. 2016) (discussing "related actions" pending in seven different courts); *In re: Linear Gadolinium-Based Contrast Agent Product Liability Litigation*, 341 F.Supp.3d 1381, 1381 & n.1 (J. Panel on Multidist. Litig. 2018) ("The Panel also has been notified of nine potentially-related actions pending in seven districts.").

Mitchell A. Kamin, Esq.
February 12, 2019
Page 4 of 5



needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1131 (9th Cir. 2003). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interest of judicial economy by avoiding the wasteful duplication of discovery." *Id.* at 1131.

Your objection relies on your misconstruction of Local R. 83-1.3.1, which you read to suggest that "related actions" only arise when two or more actions are filed *in this judicial district*. As noted, the protective order does not incorporate Local R. 83-1.3.1 by reference; the order does not define "related actions" at all or otherwise suggest that the Rule takes precedence over the Court's other expressions of what "related actions" means. But Local Rule is also consistent with our reading. Local Rule 83-1.3 does not purport to define the entire universe of circumstances in which another action is "related." Instead, it merely sets forth the sub-class of related civil cases for which notice must be provided to the court. This Court limits the scope of disclosure to cases pending in this district because the Rule's purpose—unlike the protective order's purpose—is to ensure consideration of related litigation before the same Judge where possible. But provided that the cases "arise from the same or a closely related transaction, happening, or event" or "(b) call for determination of the same or substantially related or similar questions of law and fact," they are "related" within the meaning of the Local Rule 83-1.3.1.

In short, Local Rule 83-1.3 is consistent with the other precedent we have cited as to when an action is "related." A case is "related" if it meets the substantive requirements of relatedness. As relevant here, it must "arise from the same or a closely related transaction, happening, or event" or "call for determination of the same or substantially related or similar questions of law and fact." Local R. 83-1.3.1. Because the D.C. *Muzin* litigation (as well as the *Benomar* action filed in the Southern District of New York) meet those substantive requirements, they are "related" actions under Local. R. 83-1.3.1, irrespective of where they are filed. Thus, our use of Protected Materials in that D.C. action is permitted by the protective order, which allows use of that material "in connection with this Action," including such related actions. *See* Protective Order Section H.1.

You also contend that we violated the protective order because we did not request permission to seal in the California court. But we sought permission to file the documents under seal and were granted permission to do so in the court where we sought to use those documents. The sealing rules of the Central District of California, by contrast, apply only to actions that are filed *in that Court. See* Local Rule 1-1 ("These Local Rules apply to all civil actions and proceedings in the United States District Court for the Central District of California."). The Central District lacks the authority to decide whether Protected Material will be filed under seal in another court. The Plaintiffs were thus justified in seeking to seal from the Court in which they filed the D.C. Complaint.

Mitchell A. Kamin, Esq.
February 12, 2019
Page 5 of 5



Moreover, our filing under seal is consistent with the purpose of the protective order's sealing provision, *i.e.*, to protect against the disclosure of confidential materials in a public forum. We have taken pains here to ensure that everything that Qatar designated as confidential or highly confidential was filed under seal in the District of Columbia action. Your client has not been harmed by Plaintiffs' compliance with the similar D.C. District Court local rule. Indeed, the protective order provides that the alternative to filing materials under seal is filing the same materials publicly—not forbidding their use entirely. "If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court." Doc. 185-1 at M.3. If anything here, Plaintiffs have defaulted to *overprotecting* Qatar's confidential material.

We believe we did what the protective order requires—obtained a sealing order from the court in which we were filing Protected Materials. The Protected Materials in this case thus have not been made publicly available—they are available only to the court and parties entitled to review them under the protective order. Rather than violate the protective order, then, we have sought to ensure compliance with its terms while pursuing the related action in the D.C. District Court.

We hope that this has clarified our views and look forward to discussing this issue with you further. If we cannot resolve this issue, we would seek clarity from the Court prior to proceeding further with the Complaint in the District of Columbia.

Sincerely yours,

Filiberto Agusti

cc:    Stephen J. Obermeier, Esq. (via email)