# Exhibit E

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Mitchell A. Kamin

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4759
mkamin@cov.com

**Via Electronic Mail**     February 18, 2019

Filiberto Agusti (fagusti@steptoe.com)
Shannen W. Coffin (scoffin@steptoe.com)
Michael J. Baratz (mbaratz@steptoe.com)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Dear Fil:

As described in our February 7 letter and our meet and confer call on February 14, we believe that the D.C. action is not "related" to the California case because it is not within the same district and, therefore, the California Protective Order prohibits disclosure in that court—under seal or otherwise. Both the text and context of the Protective Order demonstrate that it was meant to apply in situations in which the same judge is deciding both challenges to the designations and motions to seal.

We understand from our call you take a different view, and agree with your proposal to tee up this dispute for Magistrate Judge Eick.

We do not believe that a meet and confer statement is due to the Court on Tuesday, February 19 under the provision of Judge Walter's standing order you referenced on our call. *See* Walter Standing Order, Section 5(b). That provision refers to non-discovery motions brought under Local Rule 7-3, to be presented to Judge Walter. Instead, this is a discovery issue, which should follow the procedures in Local Rule 37-1 and be presented to Magistrate Judge Eick. *See* L.R. 37-1 (applying to "any motion related to discovery"); Walter Standing Order Section 9 ("Protective orders pertaining to discovery must be submitted to the assigned Magistrate Judge"). Both the original motion for protective order and the subsequent challenge to the designations were brought according to this procedure to the magistrate. *See* Dkts. 185, 238. Thus, the proper next step is for you as the moving party to present us with your portion of the Joint Statement, and then we will add our portion within seven days of receipt. *See* L.R. 37-2.2.

Please feel free to call if you would like to further discuss, or simply send us the initial draft of the Joint Statement to initiate this process. In the meantime, we appreciate your commitment to respecting all designations under the Protective Order and protecting all confidential and highly confidential material from public disclosure in the future.

COVINGTON

Filiberto Agusti
Shannen W. Coffin
Michael J. Baratz
February 18, 2019
Page 2

                                                                        Sincerely,

                                                                       Mitchell A. Kamin

cc:      Steven Obermeier, Wiley Rein LLP
          Temitope Yusuf, Arent Fox LLP
          Jeffrey Udell, Walden, Macht & Haran LLP