# Exhibit T

**BOIES SCHILLER FLEXNER LLP**
David K. Willingham (State Bar No. 198874)
 *dwillingham@bsfllp.com*
725 South Figueroa Street, Floor 31
Los Angeles, California 90017-5524
Phone: (213) 629-9040
Fax: (213) 629-9022

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT LLC and ELLIOTT BROIDY,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH ALLAHAM,<br><br>Defendant. | Case No. 2:18-mc-00095-ODW-PLA<br><br>(to be related to Case No. 2:18-cv-02421-JFW-E)<br><br>**NOTICE OF RELATED CIVIL CASES**<br><br>[Local Rule 83-1.3] |

In accordance with Local Rule 83-1.3, Plaintiffs Elliott Broidy and Broidy Capital Management ("BCM") (collectively, "Plaintiffs"), file the instant Notice of Related Civil Cases. The following cases "arise from the same or a closely related transaction happening, or event" (L.R. 83-1.3.1(a)), "call for determination of the same or substantially related or similar questions of law and fact," (L.R. 83-1.3.2(b)), and "would entail substantial duplication of labor if heard by different judges." (L.R. 83-1.3.2(c)):

1. *Broidy Capital Management, LLC et al v. State of Qatar et al*, United States District Court Case No. 2:18-cv-02421-JFW-E (the "*Qatar* litigation"). This case concerns claims by Elliott Broidy against the State of Qatar and its agents for hacking his emails and disseminating to the press. (*See Qatar* litigation, ECF No. 47.) In connection with the *Qatar* litigation, Plaintiffs served third-party subpoenas for documents and a deposition on Joseph Allaham, a New York resident. When Mr. Allaham failed to timely object or respond to the document subpoena, Plaintiffs moved in the Southern District of New York to compel his compliance with the Subpoena. Judge Katherine Forrest of that Court granted Plaintiffs' motion to compel. (*See Broidy Capital Management LLC et al v. Joseph Allaham*, United States District Court Case No. 1:18-mc-00240-KBF ("the *Allaham* litigation"), ECF No. 1.) Judge Forrest then issued a provisional Attorneys Eyes Only "until such time as Judge John F. Walter has an opportunity to rule on a more permanent protective order in the underlying action." (*Allaham* litigation, ECF No. 4.) Judge Forrest presided over continuing disputes regarding the subpoenas. (*Allaham* litigation, ECF Nos. 10, 15.) On July 5, 2018, Judge Forrest transferred further proceedings in that miscellaneous action to this Court, finding that the "issuing court (in the Central District of California) has already granted a stay that carved out respondent here, and that court will be adjudicating a number of issues arising from the facts that underlie the parties' disputes here." (*Allaham* litigation,

-1-

ECF No. 19.)

2. <u>*Broidy Capital Management LLC et al v. Joseph Allaham*, United States District Court Case No. 2:18-mc-00095-ODW-PLA</u>. The *Allaham* litigation is the result of the transfer by Judge Forrest of the Southern District of New York of the miscellaneous action initiated in that court to enforce third-party subpoenas issued by Plaintiffs in the *Qatar* litigation to Joseph Allaham. The only issue in the *Allaham* litigation is whether Mr. Allaham properly complied with his discovery obligations in the *Qatar* litigation.

The *Qatar* and *Allaham* litigations are related because they arise from the same facts, involve the same issues of law, and would entail duplication of labor if heard by different judges. Plaintiffs issued the subpoenas at issue in the *Allaham* litigation to obtain discovery central to the *Qatar* litigation. Allaham was an associate and business partner of Nicolas D. Muzin, a Defendant in the *Qatar* litigation, in their work together for the State of Qatar. *See* Ben Schreckinger, "Key Figures in Gulf Crisis sever ties with Qatar," *Politico*, June 6, 2017. In addition to the common nucleus of facts, the legal issues raised to date in the *Allaham* litigation concerning the proper scope of discovery overlap with those raised by the State of Qatar in the *Qatar* litigation. (*Allaham* litigation, ECF. No. 2.) In both litigations, the State of Qatar has asserted that all communications and documents held by any contractors for the State of Qatar – including by Mr. Allaham – are subject to the protections of the Vienna Convention on Diplomatic Relations and the Vienna Convention on Consular Relations. *See* Vienna Convention on Diplomatic Relations, art. 24, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95; Vienna Convention on Consular Relations, art. 33, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Those issues already have been fully briefed in the *Qatar* litigation and are set for hearing on July 30. (*Qatar* litigation, ECF No. 80.) Finally, any questions of the relevance of Mr. Allaham's discovery raised in connection with the *Allaham* litigation necessarily will be dependent on the

scope of relevance in the *Qatar* litigation.

Because of the above circumstances, any effort at litigating these matters separately will create a substantial duplication of labor if heard by different judges.

## **CONCLUSION**

For the reasons set forth above, the *Qatar* litigation and *Allaham* litigation should be deemed Related Civil Cases and consolidated before the same Judge.

Respectfully submitted,

Dated: July 17, 2018

**BOIES SCHILLER FLEXNER LLP**

By: */s/ David K. Willingham*

DAVID K. WILLINGHAM
*Counsel for Plaintiffs*

-3-